☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206A-Summary)

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/05/2024__
         MM/ DD/ YYYY

**X** __/s/ Josh Johns__
Signature of individual signing on behalf of debtor

__Josh Johns__
Printed name

__Board Member__
Position or relationship to debtor

Debtor Name **Bacone College**

United States Bankruptcy Court for the: **Eastern** District of **Oklahoma**
(State)

Case number (If known): **24-80487**

☐ Check if this is an amended filing

# Schedule A/B: Assets — Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand** — unknown

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| 3.1. **SB Operating \| Sovereign Bank** | **Checking account** | o s e d | unknown |
| 3.2. **Temporarily Restricted Fund \| BancFirst** | **Checking account** | 4 3 8 7 | $0.00 |
| 3.3. **Endowment Fund \| BancFirst** | **Checking account** | 4 4 0 9 | $0.00 |
| 3.4. **Agency Fund \| BancFirst** | **Checking account** | 0 7 7 1 | $0.00 |
| 3.5. **BancFirst \| Cormal Ayers Memorial Fund** | **Checking account** | 5 0 1 6 | $0.00 |
| 3.6. **BancFirst \| Golf** | **Checking account** | 2 3 8 2 | $0.00 |
| 3.7. **BancFirst \| Unrestricted Funds value as of 5/31/2024** | **Checking account** | 6 8 1 1 | $43,964.68 |
| 3.8. **BancFirst \| Federal Funds** | **Checking account** | 7 2 3 | unknown |
| 3.9. **BancFirst \| Payroll Account** | **Checking account** | 6 9 2 1 | $0.00 |
| 3.10. **BancFirst \| Federal Other Fund** | **Checking account** | 4 3 9 8 | $0.00 |
| 3.11. **BancFirst \| On-Line Funds** | **Checking account** | 6 7 4 9 | $0.00 |
| 3.12. **BancFirst \| DBA Friends of Bacone Art Fund** | **Checking account** | o s e d | unknown |

| | | | | Current value |
|---|---|---|---|---|
| 3.13. **Basketball-Women's \| BancFirst** | Checking account | o s e d | unknown |
| 3.14. **Basketball-Men's \| BancFirst** | Checking account | 2 4 4 8 | $0.00 |
| 3.15. **Baseball \| BancFirst** | Checking account | 4 7 0 | $0.00 |
| 3.16. **Purchasing \| BancFirst** | Checking account | o s e d | unknown |
| 3.17. **Recruiting-Christian Ministries \| BancFirst** | Checking account | 3 4 9 3 | $0.00 |
| 3.18. **First State Bank- balance as of 5/20/24** | Checking account | 3 5 7 8 | $2,482.80 |
| 3.19. **First State Bank** | Checking account | 3 5 3 4 | unknown |
| 3.20. **Softball \| Bancfirst** | Checking account | 3 6 8 0 | $0.00 |
| 3.21. **BancFirst \| Federal Other Fund** | Checking account | 4 3 9 8 | $0.00 |
| 3.22. **Development Corp Fund \| Bancfirst** | Checking account | 4 4 2 0 | $0.00 |

4.    **Other cash equivalents** *(Identify all)*

     4.1    **Card-Development**            $0.00

     4.2    **PayPal**            unknown

     4.3    **Employer Sponsored Retirement Program- Debtor is investigating**        unknown

5.    **Total of Part 1**            **$46,447.48**

     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**Part 2:**    Deposits and prepayments

6.    **Does the debtor have any deposits or prepayments?**

     ☐ No. Go to Part 3.

     ☑ Yes. Fill in the information below.

                                            **Current value of debtor's interest**

7.    **Deposits, including security deposits and utility deposits**

     Description, including name of holder of deposit

     7.1    **Brown Law Firm Retainer**            $4,959.00

     7.2    **Muskogee County Court Clerk CV-2023 (restricted)**        $67,584.52

8.    **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

     Description, including name of holder of prepayment

     8.1

     8.2

9.    **Total of Part 2**            **$72,543.52**

     Add lines 7 through 8. Copy the total to line 81.

**Part 3:**    Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|

11. **Accounts receivable**

11a. 90 days old or less: _____ - _____ =..... ➡
face amount     doubtful or uncollectible accounts

_____

11b. Over 90 days old: **$7,333,473.60** - **$4,682,929.00** =..... ➡
face amount     doubtful or uncollectible accounts

**$2,650,543.60**

12. **Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**$2,650,543.60**

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____ _____ _____

14.2 _____ _____ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                    % of ownership:

15.1. _____ _____ _____ _____

15.2. _____ _____ _____ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____ _____ _____

16.2 _____ _____ _____

17. **Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

_____

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
Document      Page 4 of 105

| | General description | Date of the last physical inventory | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** | | | | |
| | _____ | MM / DD / YYYY | _____ | _____ | _____ |
| 20. | **Work in progress** | | | | |
| | _____ | MM / DD / YYYY | _____ | _____ | _____ |
| 21. | **Finished goods, including goods held for resale** | | | | |
| | _____ | MM / DD / YYYY | _____ | _____ | _____ |
| 22. | **Other inventory or supplies** | | | | |
| | _____ | MM / DD / YYYY | _____ | _____ | _____ |

23. **Total of Part 5**

   Add lines 19 through 22. Copy the total to line 84.

   [_____]

24. **Is any of the property listed in Part 5 perishable?**

   ☑ No

   ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

   ☑ No

   ☐ Yes.  Book value _____  Valuation method _____  Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

   ☑ No

   ☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ☑ No. Go to Part 7.

   ☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 28. | **Crops—either planted or harvested** | | | |
| | | _____ | _____ | _____ |
| 29. | **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| | | _____ | _____ | _____ |
| 30. | **Farm machinery and equipment** (Other than titled motor vehicles) | | | |

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | _____ | _____ | _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | _____ | _____ | _____ |

33. **Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes. Book value _____ Valuation method _____ Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
|     **Misc Furniture and Equipment located throughout campus** | unknown | Resale Value | unknown |
| 40. **Office fixtures** | | | |
|     **Misc fixtures located throughout campus** | unknown | Resale Value | unknown |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
|     **Misc Equipment located throughout campus** | unknown | Resale Value | unknown |

42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

    42.1 _____    _____    _____    _____

    42.2 _____    _____    _____    _____

    42.3 _____    _____    _____    _____

43. **Total of Part 7**

    Add lines 39 through 42. Copy the total to line 86.    _____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☑ No

    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☑ No

    ☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

    ☐ No. Go to Part 9.

    ☑ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 **Misc. Vehicles- Debtor is investigating** | unknown | | unknown |
| 47.2 **Misc. Machinery- Debtor is investigating** | unknown | | unknown |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 _____ | _____ | _____ | _____ |
| 48.2 _____ | _____ | _____ | _____ |
| **49. Aircraft and accessories** | | | |
| 49.1 _____ | _____ | _____ | _____ |
| 49.2 _____ | _____ | _____ | _____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | _____ | _____ | _____ |

**51.**   **Total of Part 8**

Add lines 47 through 50. Copy the total to line 87.

**52.**   **Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

**53.**   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 9:**    Real property

**54.**   **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55.**   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **55.1 College Campus- List of Buildings attached and Muskogee Assessor Report with Legal and Map 81 acres / 2299 Old Bacone Rd Muskogee, OK 74403-1568** | **Fee Simple** | **$3,775,974.00** | **Property Value from Insurance Policy is $11,349,160; Book Value from 2020 Tax Returns (through July 2021). Value used is book value due to deferred maintenance concerns and market value of buildings on one campus (inability to sell separately).** | **$3,775,974.00** |
| **55.2 Mineral Interests- See attached** | **Fee Simple** | **unknown** | | **unknown** |

**56.**   **Total of Part 9**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

**$3,775,974.00**

**57.**   **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☑ Yes

**58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|----------|----------------------------------------|

**59.  Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|--------------------------------------|-----------------------------------------|------------------------------------|
| **60.  Patents, copyrights, trademarks, and trade secrets** | | | |
| _____ | _____ | _____ | _____ |
| **61.  Internet domain names and websites** | | | |
| _____ | _____ | _____ | _____ |
| **62.  Licenses, franchises, and royalties** | | | |
| _____ | _____ | _____ | _____ |
| **63.  Customer lists, mailing lists, or other compilations** | | | |
| Debtor has list of former students | unknown | _____ | $0.00 |
| **64.  Other intangibles, or intellectual property** | | | |
| _____ | _____ | _____ | _____ |
| **65.  Goodwill** | | | |
| _____ | _____ | _____ | _____ |

**66.  Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.                                          | $0.00 |

**67.  Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☑ No

☐ Yes

**68.  Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69.  Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 11: | All other assets |
|----------|------------------|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____   _____ − _____ = ➡   _____
          Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   Tax year _____   _____

_____   Tax year _____   _____

_____   Tax year _____   _____

73. **Interests in insurance policies or annuities**

   **Kinsale Insurance and Lexington Insurance- Building Insurance Policy 0100300166-0 and 017197863-00**    **unknown**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

   **Debtor is investigating claims for theft of property and claims against parties holding property of Debtor.**    **unknown**

   **Nature of claim**    _____

   **Amount requested**    **unknown**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

   _____

   **Nature of claim**    _____

   **Amount requested**    _____

76. **Trusts, equitable or future interests in property**

   _____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

   **Lawson Art Collection- On Loan to Philbrook Museum**    **unknown**

   **Various Art, Artifacts and Books on loan to Cowboy and Western Heritage Museum**    **unknown**

   **Various Art, Artifacts and Books on loan to Willard Stone Museum**    **unknown**

   **USDA (and other) Grant Applications (not yet filed)**    **unknown**

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main Document    Page 10 of 105

| | |
|---|---|
| **Disclaimer by President: I have recently been appointed as President and it has been an undertaking to organize the business records for presentation on the bankruptcy schedules. These are completed upon my best efforts and may need amendment.** | unknown |
| **Art Collection- Donor Restricted while being inventoried** | unknown |

78. **Total of Part 11**

Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

| **Part 12:** | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | **$46,447.48** | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | **$72,543.52** | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | **$2,650,543.60** | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | unknown | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | unknown | |
| 88. **Real property.** *Copy line 56, Part 9.* ➡ | | **$3,775,974.00** |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. **All other assets.** *Copy line 78, Part 11.* + | unknown | |
| 91. **Total.** *Add lines 80 through 90 for each column* ............91a. | **$2,769,534.60** + 91b. | **$3,775,974.00** |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .................................................. | | **$6,545,508.60** |

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property 12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value<br>of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim |
|---|---|---|---|

**2.1** **Creditor's name**

**American Baptist Home Mission Society**

**Creditor's mailing address**

1075 First Avenue

King of Prussia, PA 19406

**Creditor's email address, if known**

_____

**Date debt was incurred** **10/12/2022**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including this creditor, and its relative priority.

> 1) College Tournaments Hawaii, LLC; 2) Phil Givens; 3) Tinker Federal Credit Union; 4) Thesis America, Inc.; 5) MHEC, LLC; **6) American Baptist Home Mission Society**; 7) State of Oklahoma Unemployment Employment Security Commission

**Describe debtor's property that is subject to a lien**

College Campus- List of Buildings attached and Muskogee Assessor Report with Legal and Map 81 acres

**Describe the lien**

Promissory Note

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent

☑ Unliquidated

☐ Disputed

|  | **$600,000.00** | **$3,775,974.00** |
|---|---|---|

**Remarks:** Also, this creditor asserts a right of reverter to property as original grantor.

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

|  | **$2,234,582.66** |
|---|---|

| Part 1: | Additional Page | Column A | Column B |
|---------|-----------------|----------|----------|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

Column A — Amount of claim — Do not deduct the value of collateral.

Column B — Value of collateral that supports this claim

**2.2**  Creditor's name

**College Tournaments Hawaii, LLC**

Creditor's mailing address

**190 Ke Ala Nohana Rd #22B**

**Honolulu, HI 96817**

Creditor's email address, if known

_____

Date debt was incurred    __01/05/2024__

Last 4 digits of account    __2  3  1  4__
number

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☐ No.  Specify each creditor, including this creditor, and its relative priority.

    _____

    _____

    ☑ Yes. The relative priority of creditors is specified on lines __2.1__

**Describe debtor's property that is subject to a lien**

College Campus- List of Buildings attached and Muskogee Assessor Report with Legal and Map 81 acres

**Describe the lien**

Judgment Lien

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Amount of claim: **$26,664.68**

Value of collateral: **$3,775,974.00**

| **Part 1:** | Additional Page | | Column A | Column B |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.3** Creditor's name

**MHEC, LLC**
_____

**Creditor's mailing address**

**c/o E Harper, Jr**
_____

**110 W 7th St**
_____

**Tulsa, OK 74119-1031**
_____

**Creditor's email address, if known**
_____

Date debt was incurred      **05/25/2023**

Last 4 digits of account      **3  4  3  0**
number

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

   _____

   _____

   ☑ Yes. The relative priority of creditors is specified on lines **2.1**

**Describe debtor's property that is subject to a lien**

College Campus- List of Buildings attached and Muskogee Assessor Report with Legal and Map 81 acres

**Describe the lien**

**Mechanic's or Materialman's Lien**
_____

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☑ Disputed

| Amount of claim | Value of collateral |
|---|---|
| **$1,395,486.71** | **$3,775,974.00** |

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
Document    Page 15 of 105

| Part 1: | Additional Page | Column A | Column B |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**2.4** **Creditor's name**

**Oklahoma Tax Commission**

**Describe debtor's property that is subject to a lien**

$12,447.14            unknown

**Creditor's mailing address**

**2501 N Lincoln Blvd**

**Oklahoma City, OK 73105-4508**

**Describe the lien**

**Tax Warrant**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred** __4/2/2024__

**Last 4 digits of account number** __6__ __7__ __0__ __4__

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

| Part 1: | Additional Page | Column A | Column B |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**2.5** **Creditor's name**

**Phil Givens**

**Creditor's mailing address**

**318 N F St**

**Muskogee, OK 74403**

**Creditor's email address, if known**

_____

Date debt was incurred    **12/06/2023**

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☐ No.  Specify each creditor, including this creditor, and its relative priority.

       _____

       _____

    ☑ Yes. The relative priority of creditors is specified on lines **2.1**

**Describe debtor's property that is subject to a lien**

College Campus- List of Buildings attached and Muskogee Assessor Report with Legal and Map 81 acres

**Describe the lien**

**Mechanic's or Materialman's Lien**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☑ Disputed

| | |
|---|---|
| **$90,000.00** | **$3,775,974.00** |

| Part 1: | Additional Page | Column A | Column B |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column A | Column B |
|---|---|
| **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

**2.6** Creditor's name

**State of Oklahoma Unemployment Employment Security Commission**

Describe debtor's property that is subject to a lien

College Campus- List of Buildings attached and Muskogee Assessor Report with Legal and Map 81 acres

**unknown**          **$3,775,974.00**

Creditor's mailing address

**PO Box Box 52003**

**Oklahoma City, OK 73152**

Describe the lien

**Tax Warrant**

Creditor's email address, if known

Is the creditor an insider or related party?

☑ No
☐ Yes

Date debt was incurred          __07/30/2021__

Last 4 digits of account number          **7  2  3  6**

Is anyone else liable on this claim?

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Do multiple creditors have an interest in the same property?

☐ No
☑ Yes. Have you already specified the relative priority?

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

   ☑ Yes. The relative priority of creditors is specified on lines __2.1__

As of the petition filing date, the claim is:
Check all that apply.

☐ Contingent
☑ Unliquidated
☐ Disputed

**Remarks:** amount unliquidated

| Part 1: | Additional Page | Column A | Column B |
|---|---|---|---|
| | | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.7** **Creditor's name**

**Thesis America, Inc.**

**Creditor's mailing address**

**120 S Central Ave**

**Saint Louis, MO 63105-1705**

**Creditor's email address, if known**

_____

Date debt was incurred    __07/21/2023__

Last 4 digits of account    __3__ __1__ __8__ __1__
number

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

       _____

       _____

   ☑ Yes. The relative priority of creditors is specified on lines __2.1__

**Describe debtor's property that is subject to a lien**

College Campus- List of Buildings attached and Muskogee Assessor Report with Legal and Map 81 acres

**Describe the lien**

Judgment Lien

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**$89,383.85**        **$3,775,974.00**

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
Document      Page 19 of 105

| Part 1: | Additional Page | | Column A | Column B |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| Column A | Column B |
|---|---|
| **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

**2.8** **Creditor's name**

**Tinker Federal Credit Union**

**Creditor's mailing address**

**Po Box 45750**

**Oklahoma City, OK 73145-0000**

**Creditor's email address, if known**

Date debt was incurred      __9/25/2023__

Last 4 digits of account     __9__ __2__ __6__ __0__
number

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☐ No.  Specify each creditor, including this creditor, and its relative priority.

    ☑ Yes. The relative priority of creditors is specified on lines __2.1__

**Describe debtor's property that is subject to a lien**

College Campus- List of Buildings attached and Muskogee Assessor Report with Legal and Map 81 acres

**Describe the lien**

**Judgment Lien**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☑ Disputed

| Column A | Column B |
|---|---|
| **$20,600.28** | **$3,775,974.00** |

| Debtor | **Bacone College** | | Case number (if known) | **24-80487** |
|--------|-------------------|---|------------------|---------------|
| | Name | | | |

<table>
<tr><td><strong>Part 2:</strong></td><td>List Others to Be Notified for a Debt Already Listed in Part 1</td></tr>
</table>

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Riggs, Abney, Neal, Turpen, Orbison & Le** <br> **Po Box 470248** <br> **Tulsa, OK 74147-0248** | Line 2. **2** | ___ ___ ___ ___ |
| **Barrow & Grimm, PC** <br> **110 W Seventh Street, Suite 900** <br> **Tulsa, OK 74119-0000** | Line 2. **3** | ___ ___ ___ ___ |
| **Mark Craig** <br> **321 S Boston 500** <br> **Crowe and Dunlevy** <br> **Tulsa, OK 74103-3313** | Line 2. **3** | ___ ___ ___ ___ |
| **Phil Givens** <br> **19918 E 766 Rd** <br> **Tahlequah, OK 74464-0526** | Line 2. **5** | ___ ___ ___ ___ |
| **Reynolds, Riding, Vogt & McCart** <br> **Suite 1010** <br> **101 Park Avenue** <br> **Oklahoma City, OK 73102-0000** | Line 2. **7** | ___ ___ ___ ___ |
| **Williams Boren & Associates PC** <br> **Suite 200** <br> **401 North Hudson** <br> **Oklahoma City, OK 73102-0000** | Line 2. **8** | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main Document    Page 21 of 105

Debtor __Bacone College_____ Case number (if known) __24-80487_____
    Name

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| _____ _____ _____ | Line 2. ___ | __ __ __ __ |

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
Document    Page 22 of 105

Fill in this information to identify the case:

Debtor name     **Bacone College**

United States Bankruptcy Court for the:

**Eastern District of Oklahoma**

Case number (if known):    **24-80487**

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507)

    ☐ No. Go to Part 2.

    ☑ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | **Total claim** | **Priority amount** |
|---|---|---|---|

**2.1**   Priority creditor's name and mailing address

**Internal Revenue Service**

**55 N Robinson Ave**

**Oklahoma City, OK 73102-9226**

Date or dates debt was incurred

**03/14/2023**

Last 4 digits of account number **2 3 1 1**

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) **(8)**

As of the petition filing date, the claim is:
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

Basis for the Claim:

_____

Is the claim subject to offset?

☑ No

☐ Yes

**Total claim:** $57,714.10    **Priority amount:** $57,714.10

---

**2.2**   Priority creditor's name and mailing address

**Oklahoma Tax Commission**

**2501 N Lincoln Blvd**

**Oklahoma City, OK 73105-4508**

Date or dates debt was incurred

_____

Last 4 digits of account number ___ ___ ___ ___

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) **(8)**

As of the petition filing date, the claim is:
*Check all that apply.*

☐ Contingent

☑ Unliquidated

☐ Disputed

Basis for the Claim:

_____

Is the claim subject to offset?

☑ No

☐ Yes

**Total claim:** unknown    **Priority amount:** unknown

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | **Amount of claim** |
|---|---|---|

**3.1** Nonpriority creditor's name and mailing address

**A-1 Auto Repair**

**c/o E Brewer, Sr**

**110 Douglas St**

**Muskogee, OK 74401-4165**

Date or dates debt was incurred    **2/23/2023**

Last 4 digits of account number    **6 9 4 9**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Vendor**

Is the claim subject to offset?
☑ No
☐ Yes

**$2,266.62**

---

**3.2** Nonpriority creditor's name and mailing address

**AAdvantage Laundry Systems**

**7626 E 46th Pl**

**Tulsa, OK 74145-6308**

Date or dates debt was incurred    **12/01/2022**

Last 4 digits of account number    **1 9 2 2**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$3,480.00**

---

**3.3** Nonpriority creditor's name and mailing address

**Aceco Rentals & Sales, Inc.**

**c/o David Russell**

**1125 W Shawnee St**

**Muskogee, OK 74401-3405**

Date or dates debt was incurred    **10/12/2022**

Last 4 digits of account number    **8 0 3 7**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$394.00**

---

**3.4** Nonpriority creditor's name and mailing address

**ACME-Reese Air Conditioning**

**304 Callahan St**

**Muskogee, OK 74403-5128**

Date or dates debt was incurred    **2/28/2023**

Last 4 digits of account number    **8 0 6 6**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$1,386.90**

| Part 2: | Additional Page |
|---|---|

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $1,400.00 |
|---|---|---|---|

**AlumniSync**

**Po Box 2309**

**Mt Pleasant, SC 29465-2309**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** None

Date or dates debt was incurred    **03/09/2022**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number    ___ ___ ___ ___

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $1,500.00 |
|---|---|---|---|

**Amanda Seney**

**6005 Nw 54th St**

**Oklahoma City, OK 73122-6003**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** None

Date or dates debt was incurred    **02/27/2023**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number    **2   7   2   3**

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $80.00 |
|---|---|---|---|

**American Document Shredding, LLC**

**c/o D Herneisen**

**7254 E 38th St**

**Tulsa, OK 74145-3230**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** None

Date or dates debt was incurred    **11/04/2022**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number    **4   0   0   9**

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $5,640.00 |
|---|---|---|---|

**Arctic Sales & Leasing**

**7890 E 11th St**

**Tulsa, OK 74112-5738**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** None

Date or dates debt was incurred    **11/01/2022**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number    **1   4   6   0**

Case 24-80487    Doc 25    Filed 07/08/24    Entered 07/08/24 16:14:17    Desc Main
Document    Page 25 of 105

| Part 2: | Additional Page |
|---|---|

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,670.29 |
|---|---|---|---|

**AT&T**

**819 W Shawnee Byp**

**Muskogee, OK 74401**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    **09/13/2022**

**Basis for the claim:  None**

Last 4 digits of account number    **6   4   2   2**

Is the claim subject to offset?
☑ No
☐ Yes

---

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $32,349.58 |
|---|---|---|---|

**AT&T**

**819 W Shawnee Byp**

**Muskogee, OK 74401**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    **04/17/2023**

**Basis for the claim:  None**

Last 4 digits of account number    **0   8   2   2**

Is the claim subject to offset?
☑ No
☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $5,094.48 |
|---|---|---|---|

**AT&T**

**819 W Shawnee Byp**

**Muskogee, OK 74401**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    **04/05/2023**

**Basis for the claim:  None**

Last 4 digits of account number    **1   2   5   6**

Is the claim subject to offset?
☑ No
☐ Yes

---

| 3.12 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $11,145.17 |
|---|---|---|---|

**Balackbaud**

**65 Fairchild St**

**Daniel Island, SC 29492-7505**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    **10/01/2019**

**Basis for the claim:  None**

Last 4 digits of account number    **1   4   5   6**

Is the claim subject to offset?
☑ No
☐ Yes

Case 24-80487    Doc 25    Filed 07/08/24    Entered 07/08/24 16:14:17    Desc Main
Document    Page 26 of 105

| Part 2: | Additional Page |
| --- | --- |

| **3.13** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $2,316.09 |
| --- | --- | --- | --- |

**3.13** Nonpriority creditor's name and mailing address

**Beam Insurance Administrators, LLC**

**10300 Greenbriar Pl**

**Oklahoma City, OK 73159-7653**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:  None**

Date or dates debt was incurred   **03/15/2023**

Last 4 digits of account number   **2  3  0  3**

Is the claim subject to offset?
☑ No
☐ Yes

$2,316.09

---

**3.14** Nonpriority creditor's name and mailing address

**Bethany College**

**31 E Campus Dr**

**Bethany, WV 26032-3002**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:  None**

Date or dates debt was incurred   **09/13/2022**

Last 4 digits of account number   **7  9  6  5**

Is the claim subject to offset?
☑ No
☐ Yes

$500.00

---

**3.15** Nonpriority creditor's name and mailing address

**BIGGSMITTY. LLC**

**c/o Stephen Smitherman**

**7820 PEARL STREET**

**Wheatland, OK 73097**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:  None**

Date or dates debt was incurred   **05/16/2022**

Last 4 digits of account number   **7  7  1  5**

Is the claim subject to offset?
☑ No
☐ Yes

$82,300.00

---

**3.16** Nonpriority creditor's name and mailing address

**BSN Sports, LLC**

**624 S Denver Ave Ste 300**

**Tulsa, OK 74119-1075**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Muskogee County CJ**
**Basis for the claim:  2023-173**

Date or dates debt was incurred   **09/21/2023**

Last 4 digits of account number   **-  1  7  3**

Is the claim subject to offset?
☑ No
☐ Yes

$27,813.02

Case 24-80487   Doc 25   Filed 07/08/24   Entered 07/08/24 16:14:17   Desc Main
Document   Page 27 of 105

| Part 2: | Additional Page |
|---|---|

---

| 3.17 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,200.00 |
|---|---|---|---|

**C&C Cooling**

4629 W Rogers Blvd Ste A

Skiatook, OK 74070-3922

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

| Date or dates debt was incurred | 01/10/2022 |
|---|---|

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number   __ __ __ __

---

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $25,496.16 |
|---|---|---|---|

**Cards Waste Management and Recycling**

2839 E. Township St

3739 N Steele Blvd Suite 300

Fayetteville, AR 72703

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Utilities

Date or dates debt was incurred   _____

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number   __ __ __ __

---

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $55,184.16 |
|---|---|---|---|

**City of Muskogee**

229 W Okmulgee St

Muskogee, OK 74401-7033

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

| Date or dates debt was incurred | 04/13/2023 |
|---|---|

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number   3 _ W _ 1 _ 9

---

| 3.20 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $15,649.22 |
|---|---|---|---|

**Community Care HMO, Inc**

c/o G. Gill

2 W 2nd St Ste 100

Tulsa, OK 74103-3121

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

| Date or dates debt was incurred | 11/01/2022 |
|---|---|

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number   __ __ __ __

## Part 2:  Additional Page

| **3.21** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $400.00 |
|---|---|---|---|

**Corectec**

**PO Box 7275**

**Athens, GA 30604**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    **01/05/2023**

**Basis for the claim:  None**

Last 4 digits of account number    ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| **3.22** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $218.88 |
|---|---|---|---|

**Discount Tires**

**c/o Mike Wiseman**

**503 N 32nd St**

**Muskogee, OK 74401-2004**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    **11/04/2022**

**Basis for the claim:  None**

Last 4 digits of account number    **4   8   1   0**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| **3.23** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $10,000.00 |
|---|---|---|---|

**DMI Restoration Inc.**

**7122 S Sheridan Rd # 451**

**Tulsa, OK 74133-2774**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    **03/16/2023**

**Basis for the claim:  None**

Last 4 digits of account number    **1   6   2   3**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| **3.24** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $84,616.76 |
|---|---|---|---|

**Ecolab Inc.**

**1833 S Morgan Rd**

**Oklahoma City, OK 73128-7004**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    **03/08/2023**

**Basis for the claim:  None**

Last 4 digits of account number    **9   4   9   0**

**Is the claim subject to offset?**
☑ No
☐ Yes

| Part 2: | Additional Page |
|---|---|

---

**3.25** Nonpriority creditor's name and mailing address

**Elsevier Inc**

201 Se 2nd Ave Ste 201

Gainesville, FL 32601-5808

Date or dates debt was incurred __05/10/2022__

Last 4 digits of account number __7 8 2 6__

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: **None**

Is the claim subject to offset?
- [x] No
- [ ] Yes

$64.00

---

**3.26** Nonpriority creditor's name and mailing address

**eMobileCampus**

325 W Capitol Ave Ste 200

Little Rock, AR 72201-3552

Date or dates debt was incurred __11/01/2022__

Last 4 digits of account number __2 6 6 4__

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: **None**

Is the claim subject to offset?
- [x] No
- [ ] Yes

$18,282.00

---

**3.27** Nonpriority creditor's name and mailing address

**Endex, Inc., of Tulsa**

c/o E. Moore

10827 E Marshall St Ste 107

Tulsa, OK 74116-5663

Date or dates debt was incurred __03/24/2023__

Last 4 digits of account number __1 4 7 5__

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: **None**

Is the claim subject to offset?
- [x] No
- [ ] Yes

$1,243.56

---

**3.28** Nonpriority creditor's name and mailing address

**ERC Recovery Group**

4801 Woodway Dr Ste 420W

Houston, TX 77056

Date or dates debt was incurred __12/11/2023__

Last 4 digits of account number __n o w n__

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: **Accounting- ERC Claim Services**

Is the claim subject to offset?
- [x] No
- [ ] Yes

$443,943.48

Case 24-80487    Doc 25    Filed 07/08/24    Entered 07/08/24 16:14:17    Desc Main
Document    Page 30 of 105

## Part 2: Additional Page

| 3.29 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $60,955.26 |
|---|---|---|---|

**3.29**

Nonpriority creditor's name and mailing address

**FA Solutions LLC**

**600 1st Ave N Ste 302**

**St Petersburg, FL 33701-3609**

Date or dates debt was incurred    **08/02/2018**

Last 4 digits of account number    **0 7 3 1**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$60,955.26

---

**3.30**

Nonpriority creditor's name and mailing address

**Federal Student Aid**

**A Division of the US Dept of Education**

**830 First Street NE**

**Washington, DC 20002-8019**

Date or dates debt was incurred    **01/24/2024**

Last 4 digits of account number    **4 7 0 0**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Higher Education**
Basis for the claim: **Survey Fine**

Is the claim subject to offset?
☑ No
☐ Yes

$24,000.00

---

**3.31**

Nonpriority creditor's name and mailing address

**Firstar Bank**

**510 N Main St**

**Muskogee, OK 74401-6345**

Date or dates debt was incurred    **10/13/2022**

Last 4 digits of account number    **2 7 1 8**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$73,000.00

---

**3.32**

Nonpriority creditor's name and mailing address

**FleetCor Technologies, Inc.**

**3280 Peachtree Rd Ne Ste 2400**

**Atlanta, GA 30305-2453**

Date or dates debt was incurred    **11/16/2022**

Last 4 digits of account number    **1 3 2 2**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$4,250.51

Case 24-80487    Doc 25    Filed 07/08/24    Entered 07/08/24 16:14:17    Desc Main
Document    Page 31 of 105

| **Part 2:** | Additional Page |
|---|---|

| 3.33 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | $3,330.76 |
|---|---|---|---|

**G4 SSL Bat Testing Solutions, LLC**

**1947 Crestview Dr**

**Moscow, ID 83843-9657**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: **None**

| Date or dates debt was incurred | **02/01/2022** |
|---|---|

Is the claim subject to offset?
- [x] No
- [ ] Yes

| Last 4 digits of account number | **7  6  2  6** |
|---|---|

| 3.34 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | $232.08 |
|---|---|---|---|

**GE Money Bank/ Amazon**

**901 Main Ave**

**Norwalk, CT 06851-1168**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: **None**

| Date or dates debt was incurred | **10/24/2022** |
|---|---|

Is the claim subject to offset?
- [x] No
- [ ] Yes

| Last 4 digits of account number | **8  0  8  5** |
|---|---|

| 3.35 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | $2,797.00 |
|---|---|---|---|

**Guard Tronic**

**127 South Lee**

**Fort Gibson, OK 74434**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: **Business Debt**

| Date or dates debt was incurred | |
|---|---|

Is the claim subject to offset?
- [x] No
- [ ] Yes

| Last 4 digits of account number | ___ ___ ___ ___ |
|---|---|

| 3.36 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | $258.61 |
|---|---|---|---|

**Herff Jones**

**P.O. Box 68501**

**Indianapolis, IN 46208-0501**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: **Business Debt**

| Date or dates debt was incurred | |
|---|---|

Is the claim subject to offset?
- [x] No
- [ ] Yes

| Last 4 digits of account number | ___ ___ ___ ___ |
|---|---|

| Part 2: | Additional Page |
| --- | --- |

**3.37** | Nonpriority creditor's name and mailing address

**Huntington LLC**

**c/o J. Morgan**

**303 Linwood Ave**

**Fairfield, CT 06824-4900**

Date or dates debt was incurred    **03/05/2023**

Last 4 digits of account number    **2   5   4   8**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

$203.02

---

**3.38** | Nonpriority creditor's name and mailing address

**J2 Global Canada**

**New York, NY 10011**

Date or dates debt was incurred    **09/30/2022**

Last 4 digits of account number    **6   3   4   2**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

$454.20

---

**3.39** | Nonpriority creditor's name and mailing address

**Jason Seney**

**4127 E 130th Pl N**

**Skiatook, OK 74070-3599**

Date or dates debt was incurred    **09/12/2022**

Last 4 digits of account number    **7   9   3   8**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

$1,175.00

---

**3.40** | Nonpriority creditor's name and mailing address

**Johnstone Supply**

**c/o A Temple**

**1640 E Kemper Rd**

**Cincinnati, OH 45246-2806**

Date or dates debt was incurred    **01/28/2022**

Last 4 digits of account number    **1   4   7   x**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

$352.50

| Part 2: | Additional Page |
|---|---|

---

**3.41** | Nonpriority creditor's name and mailing address

**Kanati Strategies, LLC**

**25981 E 161st St S**

**Coweta, OK 74429-5313**

Date or dates debt was incurred **01/03/2020**

Last 4 digits of account number **0 1 3 3**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$6,000.00

---

**3.42** | Nonpriority creditor's name and mailing address

**Kone Inc.**

**3701 Sw 29th St**

**Oklahoma City, OK 73119-1248**

Date or dates debt was incurred **10/27/2022**

Last 4 digits of account number **7 4 8 7**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$4,853.44

---

**3.43** | Nonpriority creditor's name and mailing address

**Laundauer, Inc.**

**2 Science Rd**

**Glenwood, IL 60425-1531**

Date or dates debt was incurred **06/30/2022**

Last 4 digits of account number **4 7 8 3**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$1,270.55

---

**3.44** | Nonpriority creditor's name and mailing address

**Lexipol Services**

**2611 Internet Blvd Ste 100**

**Frisco, TX 75034-9085**

Date or dates debt was incurred **09/12/2022**

Last 4 digits of account number **7 9 4 6**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$1,087.68

---

| Part 2: | Additional Page |
|---------|-----------------|

**3.45**  Nonpriority creditor's name and mailing address

**Liberty Mutual Insurance**

**PO Box 91013**

**Chicago, IL 60680**

Date or dates debt was incurred      **12/2021**

Last 4 digits of account number      **8  2  2  0**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Insurance Policy**

Is the claim subject to offset?
☑ No
☐ Yes

**$82,446.00**

---

**3.46**  Nonpriority creditor's name and mailing address

**Locke Supply Co.**

**Po Box 24980**

**Oklahoma City, OK 73124-0980**

Date or dates debt was incurred      **09/29/2021**

Last 4 digits of account number      **7  3  9  2**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$5,712.74**

---

**3.47**  Nonpriority creditor's name and mailing address

**Marvin's Mowers and Outdoor LLC**

**c/o W Seabolt**

**2000 N York St**

**Muskogee, OK 74403-1455**

Date or dates debt was incurred      **02/28/2023**

Last 4 digits of account number      **2  0  2  3**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$249.57**

---

**3.48**  Nonpriority creditor's name and mailing address

**Mayes Auto Repair**

**136 Iola St**

**Muskogee, OK 74401-4457**

Date or dates debt was incurred      **08/23/2022**

Last 4 digits of account number      **7  9  0  0**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$960.02**

| **Part 2:** | Additional Page |
|---|---|

---

**3.49** Nonpriority creditor's name and mailing address

**MBS Direct LLC**

**2711 W Ash St**

**Columbia, MO 65203-4613**

Date or dates debt was incurred     **06/06/2022**

Last 4 digits of account number     **3   6   2   5**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$57,247.27**

---

**3.50** Nonpriority creditor's name and mailing address

**McIntosh Service LLC**

**Po Box 472208**

**Tulsa, OK 74147-2208**

Date or dates debt was incurred     **04/12/2022**

Last 4 digits of account number     **4   7   7   8**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$2,567.81**

---

**3.51** Nonpriority creditor's name and mailing address

**MedPro Waste Disposal**

**1751 W Diehl Rd Ste 400**

**Naperville, IL 60563-4914**

Date or dates debt was incurred     **11/01/2022**

Last 4 digits of account number     **0   6   7   5**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$425.16**

---

**3.52** Nonpriority creditor's name and mailing address

**Muskogee Chamber of Commerce**

**310 W Broadway St,**

**Muskogee, OK 74401**

Date or dates debt was incurred     **2024**

Last 4 digits of account number     **n   o   w   n**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Business Debt**

Is the claim subject to offset?
☑ No
☐ Yes

**$472.00**

---

Case 24-80487   Doc 25   Filed 07/08/24   Entered 07/08/24 16:14:17   Desc Main
Document    Page 36 of 105

| Part 2: | Additional Page |
|---|---|

**3.53** | Nonpriority creditor's name and mailing address

**Muskogee City County Enhanced 911 Trust Authority**

**Po Box 1911**

**Muskogee, OK 74402-1911**

Date or dates debt was incurred    **11/01/2022**

Last 4 digits of account number    ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$2,175.20**

---

**3.54** | Nonpriority creditor's name and mailing address

**Muskogee Emergency Management**

**229 W Okmulgee Ave**

**Muskogee, OK 74401**

Date or dates debt was incurred    **2024**

Last 4 digits of account number    __n__ __o__ __w__ __n__

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **Utilities**

Is the claim subject to offset?
☑ No
☐ Yes

**$772.88**

---

**3.55** | Nonpriority creditor's name and mailing address

**Muskogee Golf Club**

**2400 N Country Club Road**

**Muskogee, OK 74403**

Date or dates debt was incurred    **04/04/2022**

Last 4 digits of account number    ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$4,570.09**

---

**3.56** | Nonpriority creditor's name and mailing address

**Mutual of Omaha**

**3300 Mutual of Omaha Plz**

**Omaha, NE 68175-1004**

Date or dates debt was incurred    **02/15/2023**

Last 4 digits of account number    __4__ __8__ __7__ __7__

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$3,787.34**

| Part 2: | Additional Page |
|---|---|

**3.57** | Nonpriority creditor's name and mailing address

**NAIA**

**120 W 12th St Ste 700**

**Kansas City, MO 64105-1940**

Date or dates debt was incurred    **11/02/2022**

Last 4 digits of account number    **8   0   8   7**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

$375.00

---

**3.58** | Nonpriority creditor's name and mailing address

**National Bus Sales**

**c/o A Henshaw**

**8649 S Regency Dr**

**Tulsa, OK 74131-3626**

Date or dates debt was incurred    **11/04/2022**

Last 4 digits of account number    **8   1   1   3**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

$16,548.70

---

**3.59** | Nonpriority creditor's name and mailing address

**Oak Hall Industries**

**Po Box 1078**

**Salem, VA 24153-1078**

Date or dates debt was incurred    **12/12/2022**

Last 4 digits of account number    **7   5   1   8**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

$5,292.88

---

**3.60** | Nonpriority creditor's name and mailing address

**OG&E**

**c/o H Sultemeier**

**321 N Harvey Ave Mc 1105**

**Oklahoma City, OK 73102-3405**

Date or dates debt was incurred    **03/23/2023**

Last 4 digits of account number    __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

$86,830.72

## Part 2: Additional Page

| 3.61 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $82,446.00 |
|---|---|---|---|

**3.61** Nonpriority creditor's name and mailing address
**Ohio Security Insurance Company**
175 Berkeley St
Boston, MA 02116-5066

Date or dates debt was incurred **11/02/2023**
Last 4 digits of account number **n o n e**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Muskogee County CJ 2023-210**

Is the claim subject to offset?
☑ No
☐ Yes

$82,446.00

---

**3.62** Nonpriority creditor's name and mailing address
**Oil Express**
101 E Okmulgee St
Muskogee, OK 74403-5452

Date or dates debt was incurred **11/04/2022**
Last 4 digits of account number **8 1 1 0**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$153.85

---

**3.63** Nonpriority creditor's name and mailing address
**Okie Flow Fitness**
2910 S York St
Muskogee, OK 74403-8881

Date or dates debt was incurred **09/16/2022**
Last 4 digits of account number **4 7 9 8**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$5,000.00

---

**3.64** Nonpriority creditor's name and mailing address
**Oklahoma Employment Security Commission**
Po Box 52003
Oklahoma City, OK 73152-2003

Date or dates debt was incurred **05/09/2022**
Last 4 digits of account number — — — —

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$21,586.14

| Part 2: | Additional Page |
|---|---|

| 3.65 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $99.50 |
|---|---|---|---|

**Oklahoma Labor Law**

**409 Ne 28th St Fl 3**

**Oklahoma City, OK 73105-4215**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

| Date or dates debt was incurred | 05/04/2022 |
|---|---|

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

---

| 3.66 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $99.50 |
|---|---|---|---|

**Oklahoma Labor Law Posters**

**23855 Gosling Rd**

**Spring, TX 77389-3742**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

| Date or dates debt was incurred | 12/01/2022 |
|---|---|

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number  1   9   1   7

---

| 3.67 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $90,884.01 |
|---|---|---|---|

**Oklahoma Natural Gas**

**Po Box 401**

**Oklahoma City, OK 73101-0401**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

| Date or dates debt was incurred | 04/13/2023 |
|---|---|

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number  9   6   0   0

---

| 3.68 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $8,899.92 |
|---|---|---|---|

**OneNet**

**655 Research Pkwy Ste 150**

**Oklahoma City, OK 73104-6276**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

| Date or dates debt was incurred | 11/02/2022 |
|---|---|

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number  7   6   0   0

| Part 2: | Additional Page |
|---|---|

| **3.69** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $92,131.65 |
|---|---|---|---|

**Optimum**

**2510 Elliott St**

**Muskogee, OK 74403-3958**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred   **04/13/2023**

**Basis for the claim:  None**

Last 4 digits of account number   **4   0   2   5**

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| **3.70** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,145.21 |
|---|---|---|---|

**O'Reilly Automotive**

**1833 S Morgan Rd**

**Oklahoma City, OK 73128-7004**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred   **02/28/2023**

**Basis for the claim:  None**

Last 4 digits of account number   **8   1   1   3**

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| **3.71** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $2,019.06 |
|---|---|---|---|

**Parchment LLC**

**7001 N Scottsdale Rd Suite 1050**

**Paradise Valley, AZ 85253**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred   **2014**

**Basis for the claim:  Business Debt**

Last 4 digits of account number   **n   o   w   n**

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| **3.72** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $21,350.00 |
|---|---|---|---|

**Phil Givens Co**

**19918 E 766 Rd**

**Tahlequah, OK 74464-0526**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred   **04/25/2023**

**Basis for the claim:  None**

Last 4 digits of account number   **2   8   2   3**

Is the claim subject to offset?
- ☑ No
- ☐ Yes

| Part 2: | Additional Page |
|---|---|

| 3.73 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $31,350.00 |
|---|---|---|---|
| | **Phil Givens Company** | ☐ Contingent | |
| | **19918 E 766 Rd** | ☐ Unliquidated | |
| | **Tahlequah, OK 74464-0526** | ☐ Disputed | |
| | | **Basis for the claim:** None | |
| | Date or dates debt was incurred  **02/24/2023** | Is the claim subject to offset? | |
| | Last 4 digits of account number  **1 4 8 2** | ☑ No<br>☐ Yes | |

| 3.74 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $28,586.10 |
|---|---|---|---|
| | **Phillips Family Catering LLC** | ☐ Contingent | |
| | **17488 W 925 Rd** | ☐ Unliquidated | |
| | **Park Hill, OK 74451** | ☐ Disputed | |
| | | **Basis for the claim:** None | |
| | Date or dates debt was incurred  **04/19/2023** | Is the claim subject to offset? | |
| | Last 4 digits of account number  **1 9 2 3** | ☑ No<br>☐ Yes | |

| 3.75 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $13.50 |
|---|---|---|---|
| | **PikePass Customer Service Center** | ☐ Contingent | |
| | **PO Box 268803** | ☐ Unliquidated | |
| | **Oklahoma City, OK 73126-0000** | ☐ Disputed | |
| | | **Basis for the claim:** Business Debt | |
| | Date or dates debt was incurred  **2024** | Is the claim subject to offset? | |
| | Last 4 digits of account number  **n o w n** | ☑ No<br>☐ Yes | |

| 3.76 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $445,511.17 |
|---|---|---|---|
| | **Pipestem Law P.C** | ☐ Contingent | |
| | **401 S Boston Ave Ste 2200** | ☐ Unliquidated | |
| | **Tulsa, OK 74103-4058** | ☐ Disputed | |
| | | **Basis for the claim:** None | |
| | Date or dates debt was incurred  **04/24/2023** | Is the claim subject to offset? | |
| | Last 4 digits of account number  **4 2 4 2** | ☑ No<br>☐ Yes | |

Case 24-80487    Doc 25    Filed 07/08/24    Entered 07/08/24 16:14:17    Desc Main
Document    Page 42 of 105

| Part 2: | Additional Page |
|---|---|

---

**3.77** | Nonpriority creditor's name and mailing address

**Pitney Bowes**

**3001 Summer St**

**Stamford, CT 06905-4317**

Date or dates debt was incurred     **10/06/2022**

Last 4 digits of account number     **2  9  2  3**

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **None**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$1,114.26**

---

**3.78** | Nonpriority creditor's name and mailing address

**Pitney Bowes Inc.**

**3001 Summer St**

**Stamford, CT 06926**

Date or dates debt was incurred     **11/03/2022**

Last 4 digits of account number     **6  6  1  8**

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **None**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$126.16**

---

**3.79** | Nonpriority creditor's name and mailing address

**Posey County Treasurer**

**126 E 3rd St Rm 211**

**Mount Vernon, IN 47620-1876**

Date or dates debt was incurred     **03/31/2023**

Last 4 digits of account number     **2  6  4  3**

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **None**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$16.50**

---

**3.80** | Nonpriority creditor's name and mailing address

**PrestoSports, LLC**

**726 N Greenfield Rd**

**Gilbert, AZ 85234-5061**

Date or dates debt was incurred     **09/27/2022**

Last 4 digits of account number     **8  0  2  6**

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **None**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$13,111.80**

---

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
Document    Page 43 of 105

---

| **Part 2:** | Additional Page |
| --- | --- |

---

| **3.81** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$721.02** |
| --- | --- | --- | --- |

**Restaurant Technologies, Inc.**

**2250 Pilot Knob Rd Ste 100**

**Saint Paul, MN 55120-1127**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:  None**

Date or dates debt was incurred    12/05/2021

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number    5 5 8 6

---

| **3.82** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,333.60** |
| --- | --- | --- | --- |

**Ricoh Ge Capital**

**300 Eagleview Blvd Ste 200**

**Exton, PA 19341-1155**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:  None**

Date or dates debt was incurred    10/31/2022

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number    0 5 0 1

---

| **3.83** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$535.43** |
| --- | --- | --- | --- |

**Scrip-Safe Security Products**

**136 Commerce Dr**

**Loveland, OH 45140-7726**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:  None**

Date or dates debt was incurred    10/06/2022

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number    1 4 7 9

---

| **3.84** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$415.65** |
| --- | --- | --- | --- |

**Southern Labware**

**Po Box 1671**

**Cumming, GA 30028-1671**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:  None**

Date or dates debt was incurred    05/23/2022

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number    7 4 1 8

| **Part 2:** | Additional Page |
|-------------|-----------------|

---

**3.85** Nonpriority creditor's name and mailing address

**Stewart 360**

**1918 W 36th Ave**

**Kansas City, KS 66103-2103**

Date or dates debt was incurred    11.01.2018

Last 4 digits of account number    0   1   0   5

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$33,885.00

---

**3.86** Nonpriority creditor's name and mailing address

**TaskStream by Watermark**

**BN: Quarry Oaks II**

**10900 Stonelake Blvd Ste 350**

**Austin, TX 78759-5795**

Date or dates debt was incurred    11/01/2018

Last 4 digits of account number    0   5   4   6

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$33,000.00

---

**3.87** Nonpriority creditor's name and mailing address

**Thesis America, Inc.**

**120 S Central Ave**

**Saint Louis, MO 63105-1705**

Date or dates debt was incurred    08/23/2022

Last 4 digits of account number    7   8   9   7

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **None**

Is the claim subject to offset?
☑ No
☐ Yes

$86,631.71

---

**3.88** Nonpriority creditor's name and mailing address

**Thomas Howard**

**643 North 18th St**

**Muskogee, OK 74401**

Date or dates debt was incurred    _____

Last 4 digits of account number    ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Business Debt**

Is the claim subject to offset?
☑ No
☐ Yes

$6,119.14

---

Case 24-80487    Doc 25    Filed 07/08/24    Entered 07/08/24 16:14:17    Desc Main
Document    Page 45 of 105

| Part 2: | Additional Page |
|---|---|

---

**3.89** | Nonpriority creditor's name and mailing address

**Trajecsys Corporation**

1800 Mendon Rd Ste E-219

Cumberland, RI 02864-4391

Date or dates debt was incurred    **01/05/2023**

Last 4 digits of account number    __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

**Is the claim subject to offset?**
☑ No
☐ Yes

**$750.00**

---

**3.90** | Nonpriority creditor's name and mailing address

**United Keetoowah Band Corp**

18263 W Keetoowah Cir

Tahlequah, OK 74464-3492

Date or dates debt was incurred    **10/25/2022**

Last 4 digits of account number    __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

**Is the claim subject to offset?**
☑ No
☐ Yes

**$170,332.00**

---

**3.91** | Nonpriority creditor's name and mailing address

**USDA**

109 Kerr Blvd

LeFlore County FSA

Poteau, OK 74953-0000

Date or dates debt was incurred    **2024**

Last 4 digits of account number    n o w n

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Business Debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**$5,000.00**

---

**3.92** | Nonpriority creditor's name and mailing address

**Vision Service Plan**

1106 Classen Dr Ste 205

Oklahoma City, OK 73103-2608

Date or dates debt was incurred    **03/15/2023**

Last 4 digits of account number    1 7 2 9

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** None

**Is the claim subject to offset?**
☑ No
☐ Yes

**$837.92**

---

## Part 2: Additional Page

| **3.93** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $25,043.92 |
|---|---|---|---|

**3.93** Nonpriority creditor's name and mailing address

**Wells Fargo Vendor Financial**

**211 N Robinson Ave Ste N1600**

**Oklahoma City, OK 73102-7113**

Date or dates debt was incurred    **05/01/2023**

Last 4 digits of account number    ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$25,043.92**

---

**3.94** Nonpriority creditor's name and mailing address

**West Termite and Pest Control**

**2320 W. Shawnee St.**

**Muskogee, OK 74401**

Date or dates debt was incurred    **10/28/2022**

Last 4 digits of account number    **8   1   0   1**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$200.00**

---

**3.95** Nonpriority creditor's name and mailing address

**Wright International Student Services**

**6405 Metcalf Ave Ste 504**

**Mission, KS 66202-3928**

Date or dates debt was incurred    **03/01/2023**

Last 4 digits of account number    **6   3   7   6**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **None**

Is the claim subject to offset?
☑ No
☐ Yes

**$1,490.00**

**Part 3:** List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
| --- | --- | --- |
| 4.1 **Berman & Rabin PA** | Line **3.61** | |
| **2575 Kelley Pointe Pkwy Suite 100** | ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| **Edmond, OK 73013** | | |
| 4.2 **Felkner Sanders and Associates** | Line **3.16** | |
| **3033 NW 63rd Street Suite 100E** | ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| **Oklahoma City, OK 73116** | | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|--------------------------------------------------------------|

**5.**   **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|--|--|--|

| 5a. | **Total claims from Part 1** | 5a. | **$57,714.10** |
|-----|------------------------------|-----|----------------|
| 5b. | **Total claims from Part 2** | 5b. **+** | **$2,502,228.08** |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | **$2,559,942.18** |

| | |
|---|---|
| Debtor name | **Bacone College** |
| United States Bankruptcy Court for the: | **Eastern District of Oklahoma** |
| Case number (if known): | **24-80487** Chapter **11** |

☐ Check if this is an amended filing

# Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. Does the debtor have any executory contracts or unexpired leases?

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest | Collection Services (25% commission on collected accounts receivable) | Debt Go Collection and Recovery Services |
| | Contract to be ASSUMED | PO Box Box 16657 |
| State the term remaining | 0 months | Kansas City, MO 64133 |
| List the contract number of any government contract | | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest | Insurance Coverage | Lexington Insurance Company |
| | Contract to be ASSUMED | c/o Hull and Company LLC |
| State the term remaining | 0 months | 501 SE Frank Phillips Dr |
| List the contract number of any government contract | | Bartlesville, OK 74003 |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |

Debtor name **Bacone College**

United States Bankruptcy Court for the: **Eastern** District of **Oklahoma**

(State)

Case number (If known): **24-80487**

☐ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively.
Attach the Additional Page to this page.

| | |
|---|---|
| **1.** | **Does the debtor have any codebtors?** |
| | ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☐ Yes |
| **2.** | **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2. |

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 _____ | _____ Street<br><br>_____<br><br>_____ City   State   ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 _____ | _____ Street<br><br>_____<br><br>_____ City   State   ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 _____ | _____ Street<br><br>_____<br><br>_____ City   State   ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 _____ | _____ Street<br><br>_____<br><br>_____ City   State   ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |

███████    Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.5 | _____ | Street _____ | _____ | ☐ D<br>☐ E/F<br>☐ G |
| | | Street _____ | | |
| | | City    State    ZIP Code | | |
| 2.6 | _____ | Street _____ | _____ | ☐ D<br>☐ E/F<br>☐ G |
| | | Street _____ | | |
| | | City    State    ZIP Code | | |

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
                 Document      Page 52 of 105

Fill in this information to identify the case:

Debtor name        **Bacone College**

United States Bankruptcy Court for the:

       **Eastern District of Oklahoma**

Case number (if known):     **24-80487**     Chapter    **11**

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

## Part 1:   Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real Property:**

   Copy line 88 from *Schedule A/B*.................................................................................... | **$3,775,974.00**

   1b. **Total personal property:**

   Copy line 91A from *Schedule A/B*.................................................................................. | **$2,769,534.60**

   1c. **Total of all property:**

   Copy line 92 from *Schedule A/B*.................................................................................... | **$6,545,508.60**

## Part 2:   Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*................. | **$2,234,582.66**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...................................................... | **$57,714.10**

   3b. **Total amount of claims of non-priority amount of unsecured claims:**

   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................... | **+   $2,502,228.08**

4. **Total liabilities**............................................................................................................... | **$4,794,524.84**

   Lines 2 + 3a + 3b

Case 24-80487     Doc 25     Filed 07/05/24     Entered 07/05/24 16:14:17     Desc Main
Document     Page 53 of 105

Fill in this information to identify the case:

Debtor name **Bacone College**

United States Bankruptcy Court for the:
**Eastern District of Oklahoma**

Case number (if known): **24-80487**

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

---

**Part 1:** Income

---

**1.    Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From **01/01/2024** to Filing date<br>MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | **unknown**<br>**$0.00** |
| **For prior year:** From **01/01/2023** to **12/31/2023**<br>MM/ DD/ YYYY    MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | **$3,722,497.17** |
| **For the year before that:** From **01/01/2022** to **12/31/2022**<br>MM/ DD/ YYYY    MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | **$5,514,665.22** |

**2.    Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From **01/01/2024** to Filing date<br>MM/ DD/ YYYY | _____ | _____ |
| **For prior year:** From **01/01/2023** to **12/31/2023**<br>MM/ DD/ YYYY    MM/ DD/ YYYY | _____ | _____ |
| **For the year before that:** From **01/01/2022** to **12/31/2022**<br>MM/ DD/ YYYY    MM/ DD/ YYYY | _____ | _____ |

---

Official Form 207    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**    page 1

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3.** **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. **Oklahoma Tax Commission** <br> Creditor's name <br> **2501 N Lincoln Blvd** <br> Street <br><br> **Oklahoma City, OK 73105-4508** <br> City    State    ZIP Code | **04/19/2024** <br><br> **05/01/2024** <br><br> **05/02/2024** | **$8,065.00** | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☑ Other **Tax** |
| 3.2. **Internal Revenue Service** <br> Creditor's name <br> **Po Box 7346** <br> Street <br><br> **Philadelphia, PA 19101-7346** <br> City    State    ZIP Code | **04/27/2024** <br><br> **03/20/2024** <br><br> **4/11/24** | **$18,419.13** | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☑ Other **Tax** |
| 3.3. **Oklahoma Employment Security Commission** <br> Creditor's name <br> **PO Box 52003** <br> Street <br><br> **Oklahoma City, OK 73152-2003** <br> City    State    ZIP Code | **05/02/2024** | **$10,092.64** | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☑ Other **Tax** |
| 3.4. **Oklahoma Natural Gas** <br> Creditor's name <br> **Po Box 401** <br> Street <br><br> **Oklahoma City, OK 73101-0401** <br> City    State    ZIP Code | **04/25/2024** <br><br> **05/06/2024** | **$8,000.00** | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☑ Other **Utilities** |
| 3.5. **To be Supplemented** <br> Creditor's name <br><br> Street <br><br> City    State    ZIP Code | **04/02/2024** | **$10,000.00** | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☑ Other **To Be Supplemented** |

3.6.   **Recurring/Callback Procedures** _____   _____   **various**

Creditor's name

_____   _____

Street

_____   _____

_____

City              State    ZIP Code

☐ Secured debt
☐ Unsecured loan repayments
☐ Suppliers or vendors
☐ Services
☑ Other **To Be Supplemented** _____

---

**4.    Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. | | | |
| Creditor's name | | | |
| Street | | | |
| City         State    ZIP Code | | | |
| **Relationship to debtor** | | | |

---

**5.    Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | |
| Creditor's name | | | |
| Street | | | |
| City         State    ZIP Code | | | |

---

**6.    Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| Debtor | Bacone College | | Case number *(if known)* | 24-80487 |
|---|---|---|---|---|

Name

**6.1.**

_____
Creditor's name

XXXX– __ __ __ __

_____
Street

_____
City                State    ZIP Code

---

| Part 3: | Legal Actions or Assignments |
|---|---|

**7.** **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| 7.1. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **College Tournaments Hawaii LLC v. Bacone College** | **Civil** | **Muskogee County District Court** Name | ☐ Pending |
| | | | **PO Box 1350** Street | ☐ On appeal |
| | | | | ☑ Concluded |
| | Case number | | | |
| | **FR-2023-14** | | **Muskogee, OK 74402-0000** City            State    ZIP Code | |

| 7.2. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **Tinker Federal Credit Union v. Nichols, Bacone College Garnishee** | | **Muskogee County District Court** Name | ☐ Pending |
| | | | **PO Box 1350** Street | ☐ On appeal |
| | | | | ☑ Concluded |
| | Case number | | | |
| | | | **Muskogee, OK 74402-0000** City            State    ZIP Code | |

| 7.3. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **Thesis America Inc v. Bacone College** | | **Muskogee County District Court** Name | ☐ Pending |
| | | | **PO Box 1350** Street | ☐ On appeal |
| | | | | ☑ Concluded |
| | Case number | | | |
| | **CJ 2023-181** | | **Muskogee, OK 74402-0000** City            State    ZIP Code | |

| 7.4. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **MHEC, LLC dba Midgley-Huber Energy Concepts** | | **Muskogee County District Court** Name | ☑ Pending |
| | | | **PO Box 1350** Street | ☐ On appeal |
| | | | | ☐ Concluded |
| | Case number | | | |
| | **CJ 2021-229** | | **Muskogee, OK 74402-0000** City            State    ZIP Code | |

Official Form 207     **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**     page 4

Case 24-80487     Doc 25     Filed 07/05/24     Entered 07/05/24 16:14:17     Desc Main
Document          Page 57 of 105

| Debtor | **Bacone College** | | Case number *(if known)* | **24-80487** |
|---|---|---|---|---|

Name

| 7.5. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **MHEC, LLC dba Midgley-Huber Energy Concepts vs. Bacone College et al** | | **Muskogee County District Court** <br> Name <br> **PO Box 1350** <br> Street | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | Case number | | | |
| | **CJ 2023-430** | | **Muskogee, OK 74402-0000** <br> City State ZIP Code | |

| 7.6. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **Ohio Security Insurance Co. v. Bacone College** | | **Muskogee County District Court** <br> Name <br> **PO Box 1350** <br> Street | ☐ Pending <br> ☐ On appeal <br> ☑ Concluded |
| | Case number | | | |
| | **CJ 2023-210** | | **Muskogee, OK 74402-0000** <br> City State ZIP Code | |

| 7.7. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **Five Civilized Tribe Museum v. LPL Financial LLC and Bacone College** | **Declaratory Judgment** | **Muskogee County District Court** <br> Name <br> **PO Box 1350** <br> Street | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | Case number | | | |
| | **CV 2022-203** | | **Muskogee, OK 74402-0000** <br> City State ZIP Code | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| 8.1. | Custodian's name and address | Description of the property | Value |
|---|---|---|---|
| | Custodian's name | | |
| | Street | Case title | Court name and address |
| | | | Name |
| | | Case number | Street |
| | City State ZIP Code | | |
| | | Date of order or assignment | City State ZIP Code |

**Part 4:** Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

9.1.

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

Recipient's name

Street

City         State    ZIP Code

**Recipient's relationship to debtor**

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|

10.1.

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

11.1.

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| **Brown Law Firm P.C.** | **Attorney's Fee** | **12/14/2023** | **$15,000.00** |

**Address**

**715 S Elgin Ave**
Street

**Tulsa, OK 74120-4233**
City         State    ZIP Code

**Email or website address**

**Who made the payment, if not debtor?**

**Bacone College**

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| 12.1. | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|-------|-------------------------|-----------------------------------|---------------------------|-----------------------|
|       | _____   | _____   | _____             | _____         |
|       | **Trustee**             |                                   |                           |                       |
|       | _____   |                                   |                           |                       |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| 13.1. | Who received the transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|-------|----------------------------|-----------------------------------------------------------------------------------|------------------------|-----------------------|
|       | **unknown/various**        | **Several vehicles and other assets** "disappeared" from campus in the last 2 years. **Debtor is investigating and will update with more information once obtained.** | **various**            | **(Unknown)**         |
|       | **Address**                |                                                                                   |                        |                       |
|       | _____        |                                                                                   |                        |                       |
|       | Street                     |                                                                                   |                        |                       |
|       | _____        |                                                                                   |                        |                       |
|       | City          State    ZIP Code |                                                                              |                        |                       |
|       | **Relationship to debtor** |                                                                                   |                        |                       |
|       | _____        |                                                                                   |                        |                       |

<div style="background:black;color:white">**Part 7:**</div> Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | Dates of occupancy |
|---|---------|--------------------|
| 14.1. | _____ | From _____ To _____ |
|       | Street |  |
|       | _____ |  |
|       | City       State    ZIP Code |  |

| Part 8: | Health Care Bankruptcies |
| --- | --- |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
—diagnosing or treating injury, deformity, or disease, or
—providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |
| 15.1. _____ Facility name | _____ | _____ |
| _____ Street | Location where patient records are maintained(if different from facility address). If electronic, identify any service provider. | How are records kept? |
| _____ City          State     ZIP Code | _____ | *Check all that apply:* ☐ Electronically ☐ Paper |

| Part 9: | Personally Identifiable Information |
| --- | --- |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained. **Student data**

      Does the debtor have a privacy policy about that information?

      ☐ No

      ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

      ☑ No. Go to Part 10.

      ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
| --- | --- |
| _____ | EIN: __ __ – __ __ __ __ __ __ __ |

      Has the plan been terminated?

      ☐ No

      ☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
| --- | --- |

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
| --- | --- | --- | --- | --- |

| Debtor | **Bacone College** | Case number *(if known)* | **24-80487** |
|---|---|---|---|
| | Name | | |

**18.1**

Name _____  XXXX– _ _ _ _

☐ Checking

Street _____

☐ Savings

☐ Money market

☐ Brokerage

City ___ State ___ ZIP Code  ☐ Other _____

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**19.1**

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| Name | | | ☐ Yes |
| Street | | | |
| | Address | | |
| City State ZIP Code | | | |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

**20.1**

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| **Leslie Hannah** | ~~Marcus Le Clair~~ | ~~Art Collection  Offsite storage for~~ | ☐ No |
| Name | | ~~preservation and inventory~~ | ☑ Yes |
| Street | | | |
| | Address | | |
| **Tahlequah, OK** | | | |
| City State ZIP Code | | | |

**20.2**

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| **Philbrook Museum** | | ~~Lawson Art Collection  List~~ | ☑ No |
| Name | | ~~available upon request to Debtor's~~ | ☐ Yes |
| **2727 S Rockford Road** | | ~~counsel.~~ | |
| Street | | | |
| | Address | | |
| **Tulsa, OK 74114** | | | |
| City State ZIP Code | | | |

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| Name | | | |
| Street | | | |
| City          State    ZIP Code | | | |

---

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| **Case number** | Name | | ☐ Pending |
| | Street | | ☐ On appeal |
| | City          State    ZIP Code | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State    ZIP Code | City          State    ZIP Code | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Name | Name | | |
| | | | |
| Street | Street | | |
| | | | |
| City          State     ZIP Code | City                    State     ZIP Code | | |

---

**Part 13:  Details About the Debtor's Business or Connections to Any Business**

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. **Bacone College Development Authority** | **nonprofit charity to benefit college** | EIN: **7 3** – **1 2 8 8 9 6 0** |
| Name | | **Dates business existed** |
| **2299 Old Bacone Rd** | | |
| Street | | From _____  To _____ |
| | | |
| **Muskogee, OK 74403** | | |
| City          State     ZIP Code | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None

| Name and address | | Dates of service |
|---|---|---|
| 26a.1. | | |
| Name | | From _____  To _____ |
| | | |
| Street | | |
| | | |
| City                       State              ZIP Code | | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
Document      Page 64 of 105

| Debtor | **Bacone College** | Case number *(if known)* | **24-80487** |
|---|---|---|---|
| | Name | | |

| Name and address | Dates of service |
|---|---|

26b.1.

Name

Street

| City | State | ZIP Code |
|---|---|---|

From _____ To _____

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26c.1.

**Leslie Hannah, President**
Name

**2299 Old Bacone Rd**
Street

**Muskogee, OK 74403**

| City | State | ZIP Code |
|---|---|---|

**Debtor is attempting to find and organize financial data.**

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

26d.1.

Name

Street

| City | State | ZIP Code |
|---|---|---|

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

| Name and address of the person who has possession of inventory records |
|---|

27.1.

Name

Street

| City | State | ZIP Code |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Leslie Hannah | 2299 Old Bacone Rd Muskogee, OK 74403 | President, | 0.00% |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Nicky Kay Michael, PhD | 107 S. Indiana Avenue Bryan Hall 115 Bloomington, IN 47405 | Former President, | From 2021 To 2024 |

**30.** Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. | | | |
| Name | | | |
| Street | | | |
| City     State     ZIP Code | | | |
| **Relationship to debtor** | | | |

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☐ No

☑ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| To Be Supplemented | EIN: 0 0 – 0 0 0 0 0 0 0 |

**Part 14:** Signature and Declaration

| Debtor | **Bacone College** | Case number *(if known)* | **24-80487** |
|---|---|---|---|
| | Name | | |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        **07/05/2024**
                           MM/  DD/  YYYY

**X** **/s/ Josh Johns**                        Printed name                        **Josh Johns**
       Signature of individual signing on behalf of the debtor

       Position or relationship to debtor        **Board Member**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

☑ No
☐ Yes

| BldngName | Building | Year Built | Year Rehab | Bldg GSq Feet | ExtShell | Basement | Basement Sq Feet | InternStruct | RoofDeck | Stories | Elevators |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | House 7 | 1965 | | 2,447 | Wooden Board and Batten | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| | House 10 | 1990 | | 1,896 | Brick | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| | House 12 | 1990 | | 1,896 | Brick | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| | House 9 | 1990 | | 1,896 | Brick | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| | House 8 | 1975 | | 1,204 | Wooden Board and Batten | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| | House 2 | 1990 | | 797 | Brick | None | 0 | Concrete Block | Shingles-Asphalt | 1 | 0 |
| | House 5 | 1975 | | 962 | Wooden Board and Batten | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| | House 1 | 1988 | | 1,263 | Wooden Board and Batten | Unfinished | 1,263 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| 2210 Faculty Row | House 3/4 | 1985 | | 1,477 | Brick | None | 0 | Concrete Block | Shingles-Asphalt | 1 | 0 |
| Ataloa Lodge | Ataloa | 1932 | 2000 | 4,600 | Stone-Solid | None | 0 | Steel Frame | Shingles-Asphalt | 2 | 0 |
| Barnett Hall | Barnett | 1922 | 2001 | 10,800 | Brick | Unfinished | 3,600 | Steel Frame | up/Rubber/EPDM/TP | 3 | 0 |
| C.C. Harmon | Harmon | 1975 | 2014 | 13,550 | Brick | None | 0 | Concrete Block | up/Rubber/EPDM/TP | 2 | 0 |
| Foundry Building | Foundry | 1960 | | 960 | Panels-Metal | None | 0 | Steel Frame | Metal | 1 | 0 |
| Gym Annex Building & Addition | Athletic Building | 1972 | | 10,180 | Brick | None | 0 | Steel Frame | Metal | 2 | 0 |
| Hurley House (President's Home) | Hurley House | 1963 | 2000 | 3,098 | Brick-Veneer | Finished | 3,098 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| Journeycake Hall | Journeycake | 1936 | 2001 | 7,000 | Stone-Solid | Unfinished | 3,500 | Steel Frame | Shingles-Asphalt | 2 | 0 |
| Kiva Lodge | House 13 | 1990 | | 1,897 | Brick | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| Locker room annex to Warrior Gym | Warrior Annex | 1980 | | 1,100 | Steel Frame | None | 0 | Steel Frame | Metal | 1 | 0 |
| Log Cabin | Log House | 1937 | | 1,096 | Wooden Board and Batten | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| Lucy Peters-Poloke | Lucy Peters/Poloke | 1922 | 2000 | 15,620 | Brick | Unfinished | 5,207 | Steel Frame | Shingles-Asphalt | 3 | 0 |
| Maintenance Building | Maintenance Shop | 1960 | 2001 | 3,900 | Brick | None | 0 | Wood Frame | up/Rubber/EPDM/TP | 1 | 0 |
| McCombs | McCombs | 1937 | 2000 | 4,690 | Stone-Solid | Finished | 2,345 | Steel Frame | Shingles-Asphalt | 2 | 0 |
| McCoy Hall | McCoy | 1937 | 2000 | 18,000 | Stone-Solid | None | 0 | Steel Frame | Shingles-Asphalt | 3 | 0 |
| Memorial Chapel | Chapel | 1939 | 1992 | 13,850 | Stone-Solid | Finished | 6,925 | Wood Frame | Shingles-Asphalt | 2 | 1 |
| Palmer Center | Palmer | 1997 | | 31,704 | Brick-Veneer | None | 0 | Wood Frame | Metal | 2 | 1 |
| Pod A | Dorm A | 2001 | | 17,008 | Siding-Not Wood | None | 0 | Wood Frame | Shingles-Asphalt | 2 | 0 |
| Pod B | Dorm B | 2001 | | 17,008 | Siding-Not Wood | None | 0 | Wood Frame | up/Rubber/EPDM/TP | 2 | 0 |
| Pod C | Dorm C | 2001 | | 17,008 | Siding-Not Wood | None | 0 | Wood Frame | Shingles-Asphalt | 2 | 0 |
| Posey Hall | Posey | 1968 | 2000 | 27,000 | Steel Frame | None | 0 | Steel Frame | Metal | 3 | 0 |
| Rennard Strickland School of Justice and Tribal Law | | 1990 | 2014 | 1,896 | Brick | None | 0 | Wood Frame | Shingles-Asphalt | 1 | 0 |
| Samuel Richards Hall | Samuel Richards | 1921 | 2000 | 39,320 | Brick | Finished | 13,107 | Steel Frame | up/Rubber/EPDM/TP | 3 | 0 |
| Wacoche Hall | Wacoche | 1924 | 2004 | 10,350 | Brick | Finished | 10,350 | Steel Frame | up/Rubber/EPDM/TP | 1 | 0 |
| Walter Starr | Walter Starr | 1923 | 2001 | 9,820 | Brick | None | 0 | Steel Frame | up/Rubber/EPDM/TP | 3 | 0 |
| | | | | | | | | | | | |



1 inch = 468 feet

Created By actDataScout on 6/12/2024 12:24:52 AM

*via DataScout OneMap*

This map should be used for reference purposes only and should not be considered a legal document. While every effort has been made to ensure the accuracy of this product, the publisher accepts no responsibility for any loss or damage caused or alleged to be caused as a result of the use of this product by any person or entity. Maps and data are believed to be accurate, but accuracy is not guaranteed. Any errors or misuse of the information provided herein.

# 1) BACONE COLLEGE

Address: 2299 OLD BACONE

Legal: T15N R19E S18 FARMLAND IN MUSKOGEE BEG 3148.82 N &; 41.25 E OF SW/C SEC 18 THENCE S82°3302E 970.36 S1°3714E 1605.41 SOUTHEASTERLY 200FT THENCE SOUTH TO NORTHERLY R.O.W. THENCE EASTERLY ALONG THE R.O.W. APPROX 500 FT TO SW/C OF MUSKOGEE PUBLIC SCHOOL PROPERTY, THENCE N3°01'4"E 1598.50 THENCE N88°53'57"E 607.67 TO THE EAST LINE OF SW, THENCE N1590 THENCE S88°17'30"W 854.58, N67°12'25"W 2.31 N6°28'11"E 90.23 N83°12'23"W 39.39 S6°38'55"W 89.91 N82°08'38"W 172.99 S32°04'58"W 149.18 S54° 54'54"W 165.20 S31°10'51"W 176.56 N82°48'12"W 1156.80 S1°37'14"E 111.58 TO P.O.B.

| | | |
|---|---|---|
| Parcel: 0000-18-15N-19E-4-021-10 | RPID: 510013519 | Acres: 81.11 |

Date Created: 6/12/2024
Created By: actDataScout


Powered By
actDataScout


via DataScout OneMap

This map should be used for reference purposes only and should not be considered a legal document. While every effort has been made to ensure the accuracy of this product, the publisher accepts no responsibility for any errors and omissions and no warranty or any loss or damage caused in the result of reliance placed on this product and no liability can be held for it, or access to it, or for misuse of the information provided herein.

# Muskogee County Report

## Property Owner

**Name:** BACONE COLLEGE

**Mailing Address:** 2299 OLD BACONE RD
MUSKOGEE, OK 74403-0000

**Type:** (EX) Exempt

**Tax Dist:** (32) 20A-MUSKOGEE

**Size (Acres):** 81.110

**Extended Legal:** T15N R19E S18 FARMLAND IN MUSKOGEE BEG 3148.82 N &; 41.25 E OF SW/C SEC 18 THENCE S82°3302E 970.36 S1°3714E 1605.41 SOUTHEASTERLY 200FT THENCE SOUTH TO NORTHERLY R.O.W. THENCE EASTERLY ALONG THE R.O.W. APPROX 500 FT TO SW/C OF MUSKOGEE PUBLIC SCHOOL PROPERTY, THENCE N3°01'4"E 1598.50 THENCE N88°53'57"E 607.67 TO THE EAST LINE OF SW, THENCE N1590 THENCE S88°17'30"W 854.58, N67°12'25"W 2.31 N6°28'11"E 90.23 N83°12'23"W 39.39 S6°38'55"W 89.91 N82°08'38"W 172.99 S32°04'58"W 149.18 S54°54'54"W 165.20 S31°10'51"W 176.56 N82°48'12"W 1156.80 S1°37'14"E 111.58 TO P.O.B.

## Property Information

**Physical Address:** 2299 OLD BACONE

**Subdivision:**

**Block / Lot:** N/A / N/A

**S-T-R:** 18-15N-19E

### Market and Assessed Values:

|  | Fair Cash | Taxable Fair Cash | Full Assessed (11.00% Market Value) |
|---|---|---|---|
| **Land:** | $811,100 | $0 | $0 |
| **Building:** | 11,389,492 | 0 | 0 |
| **Total:** | $12,200,592 | $0 | $0 |

### Land:

| Land Use | Size | Units |
|---|---|---|
| LOT AREA | 81.11 | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |
| LOT AREA | | |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

**Deed Transfers:**

| Date | Book | Page | Deed Type | Stamps | Est. Sale | Grantor | Code | Type |
|------|------|------|-----------|--------|-----------|---------|------|------|
| 7/11/1995 | 2334 | 313 | | 0.00 | $0 | | Unval. | |

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1923 | Average | 4 | 2 | 100 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 384 | | **Total Floor Area:** 7008 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Dormitory (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Paving - Asphalt | | 0 | | G | 33 |
| Exterior Lighting | | 0 | | A | 53 |
| Slab Porch - Covered | | 24 | | | |
| Awing/Shelter/Carport | | 32 | | | |

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1968 | Good | 3 | 1 | 49 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 1566 | | **Total Floor Area:** 25296 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Dormitory (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

# Muskogee County Report

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Awing/Shelter/Carport | | 144 | | | |
| Balcony - Steel/Concrete | | 144 | | | |
| Balcony - Steel/Concrete | | 144 | | | |

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1956 | Average | 3 | 1 | 67 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 230 | | **Total Floor Area:** 2820 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Single-Family Reside (100%) | Electric Wall (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

Not a Legal Document.
Subject to terms and conditions.
www.actdatascout.com

# Muskogee County Report

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1960 | Average | 3 | 1 | 63 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 88 | | **Total Floor Area:** 484 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Classroom (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 2**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1922 | Average | 4 | 1 | 101 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 246 | | **Total Floor Area:** 2069 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Classroom (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 2017 | Average | 3 | 1 | 6 |

| | | | | |
|--|--|--|--|--|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | | |
| **Avg. Perimeter:** 406 | | **Total Floor Area:** 9260 | | |
| **No. Floors:** 0 | | **Total Height:** 0 | | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | | |

| | Occupancy | Heating/Cooling | Sprinkler |
|--|-----------|-----------------|-----------|
| **Primary** | Convention Center (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 2**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 2017 | Average | 3 | 1 | 6 |

| | | | | |
|--|--|--|--|--|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | | |
| **Avg. Perimeter:** 400 | | **Total Floor Area:** 4800 | | |
| **No. Floors:** 0 | | **Total Height:** 0 | | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | | |

| | Occupancy | Heating/Cooling | Sprinkler |
|--|-----------|-----------------|-----------|
| **Primary** | Convention Center (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 0 | Average | 4 | 2 | 2023 |

| | | | | |
|--|--|--|--|--|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | | |
| **Avg. Perimeter:** 382 | | **Total Floor Area:** 7162 | | |
| **No. Floors:** 0 | | **Total Height:** 0 | | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | | |

| | Occupancy | Heating/Cooling | Sprinkler |
|--|-----------|-----------------|-----------|
| **Primary** | Classroom (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Slab Porch - Covered | | 24 | | | |
| Breezeway - Solid Wall | | 209 | | | |
| Awing/Shelter/Carport | | 32 | | | |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

# Muskogee County Report

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 2000 | Average | 3 | 1 | 23 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 632 | | **Total Floor Area:** 9040 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Dormitory (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 2**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 2000 | Average | 3 | 1 | 23 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 632 | | **Total Floor Area:** 9040 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Dormitory (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 3**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 2000 | Average | 3 | 1 | 23 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 632 | | **Total Floor Area:** 9040 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Dormitory (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

# Muskogee County Report

## Building: 1

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1950 | Average | 3 | 1 | 73 |

**Avg. Floor Area:** 0  **Common Wall:** 0

**Avg. Perimeter:** 180  **Total Floor Area:** 1584

**No. Floors:** 0  **Total Height:** 0

**Avg. Floor Hgt:** 0  **Unit Multiplier:** 0

| Occupancy | Heating/Cooling | Sprinkler |
|-----------|-----------------|-----------|
| **Primary** Single-Family Reside (100%) | Electric Wall (0%) | N/A |
| **Secondary** N/A | N/A | N/A |

## Building: 2

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1950 | Average | 3 | 1 | 73 |

**Avg. Floor Area:** 0  **Common Wall:** 0

**Avg. Perimeter:** 120  **Total Floor Area:** 900

**No. Floors:** 0  **Total Height:** 0

**Avg. Floor Hgt:** 0  **Unit Multiplier:** 0

| Occupancy | Heating/Cooling | Sprinkler |
|-----------|-----------------|-----------|
| **Primary** Single-Family Reside (100%) | Electric Wall (0%) | N/A |
| **Secondary** N/A | N/A | N/A |

## Outbuildings and Yard Improvements:

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Shop Building | | 3200 | | A | 124 |
| Lean To - Attached | | 1600 | | A | 124 |
| Shop Building | | 960 | | A | 112 |
| Carport - Attached | | 480 | | | |
| Carport - Attached | | 350 | | | |
| Patio - Covered | | 108 | | | |
| Patio - Covered | | 108 | | | |

## Building: 1

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1922 | Fair | 3 | 1 | 111 |

**Avg. Floor Area:** 0  **Common Wall:** 0

**Avg. Perimeter:** 1800  **Total Floor Area:** 39800

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

# Muskogee County Report

| | | | | |
|---|---|---|---|---|
| **No. Floors:** 0 | | **Total Height:** 0 | | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | | |

| Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|
| **Primary** College (Entire) (100%) | Package Unit (0%) | N/A |
| **Secondary** N/A | N/A | N/A |

## Building: 2

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1994 | Average | 3 | 1 | 29 |

| | | |
|---|---|---|
| **Avg. Floor Area:** 0 | **Common Wall:** 0 | |
| **Avg. Perimeter:** 84 | **Total Floor Area:** 432 | |
| **No. Floors:** 0 | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | **Unit Multiplier:** 0 | |

| Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|
| **Primary** Commons (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** N/A | N/A | N/A |

## Building: 3

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1994 | Average | 3 | 1 | 29 |

| | | |
|---|---|---|
| **Avg. Floor Area:** 0 | **Common Wall:** 0 | |
| **Avg. Perimeter:** 240 | **Total Floor Area:** 1020 | |
| **No. Floors:** 0 | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | **Unit Multiplier:** 0 | |

| Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|
| **Primary** Commons (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** N/A | N/A | N/A |

## Building: 4

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1994 | Average | 3 | 1 | 29 |

| | | |
|---|---|---|
| **Avg. Floor Area:** 0 | **Common Wall:** 0 | |
| **Avg. Perimeter:** 88 | **Total Floor Area:** 240 | |
| **No. Floors:** 0 | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | **Unit Multiplier:** 0 | |

| Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

# Muskogee County Report

| | | | | |
|---|---|---|---|---|
| **Primary** | Commons (College) (100%) | Package Unit (0%) | N/A | |
| **Secondary** | N/A | N/A | N/A | |

**Building: 5**

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1994 | Average | 3 | 2 | 29 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 510 | | **Total Floor Area:** 29700 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|---|
| **Primary** | Gymnasium (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 6**

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1994 | Average | 3 | 1 | 29 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 760 | | **Total Floor Area:** 16200 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|---|
| **Primary** | Gymnasium (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|---|---|---|---|---|---|
| Slab Porch - Covered | | 32 | | | |

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1932 | Average | 3 | 1 | 91 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 452 | | **Total Floor Area:** 5816 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

| | Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|---|
| **Primary** | Museums of display/exhibit (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 2**

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1963 | Average | 3 | 1 | 60 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 250 | | **Total Floor Area:** 2850 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|---|
| **Primary** | Single-Family Reside (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 3**

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1922 | Average | 3 | 1 | 101 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 130 | | **Total Floor Area:** 1050 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|---|
| **Primary** | Guest Cottage (100%) | No HVAC (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Building: 4**

| Age/YC | Condition | Grade | Stories | Effective Age |
|---|---|---|---|---|
| 1936 | Good | 3 | 1 | 77 |

| | | | |
|---|---|---|---|
| **Avg. Floor Area:** 0 | | **Common Wall:** 0 | |
| **Avg. Perimeter:** 472 | | **Total Floor Area:** 5250 | |
| **No. Floors:** 0 | | **Total Height:** 0 | |
| **Avg. Floor Hgt:** 0 | | **Unit Multiplier:** 0 | |

| | Occupancy | Heating/Cooling | Sprinkler |
|---|---|---|---|
| **Primary** | Lecture Hall (Colleg (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

# Muskogee County Report

## Building: 5

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1936 | Good | 3 | 1 | 77 |

**Avg. Floor Area:** 0      **Common Wall:** 0

**Avg. Perimeter:** 100      **Total Floor Area:** 625

**No. Floors:** 0      **Total Height:** 0

**Avg. Floor Hgt:** 0      **Unit Multiplier:** 0

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Lecture Hall (Colleg (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Garage - Attached | | 600 | | | |
| Wood Deck - Covered | | 240 | | | |
| Yard Shed - Wood | | 216 | | | |
| Balcony - Wood | | 54 | | | |
| Slab Porch - Covered | | 600 | | | |

## Building: 1

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1937 | Average | 4 | 2 | 86 |

**Avg. Floor Area:** 0      **Common Wall:** 0

**Avg. Perimeter:** 380      **Total Floor Area:** 12000

**No. Floors:** 0      **Total Height:** 0

**Avg. Floor Hgt:** 0      **Unit Multiplier:** 0

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Dormitory (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Slab Porch - Covered | | 320 | | | |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

# Muskogee County Report

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1975 | Average | 3 | 1 | 48 |

**Avg. Floor Area:** 0     **Common Wall:** 0

**Avg. Perimeter:** 538     **Total Floor Area:** 15524

**No. Floors:** 0     **Total Height:** 0

**Avg. Floor Hgt:** 0     **Unit Multiplier:** 0

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Classroom (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Slab Porch - Covered | | 36 | | | |
| Slab Porch - Covered | | 36 | | | |

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1937 | Average | 4 | 2 | 86 |

**Avg. Floor Area:** 0     **Common Wall:** 0

**Avg. Perimeter:** 246     **Total Floor Area:** 5660

**No. Floors:** 0     **Total Height:** 0

**Avg. Floor Hgt:** 0     **Unit Multiplier:** 0

| | Occupancy | Heating/Cooling | Sprinkler |
|---|-----------|-----------------|-----------|
| **Primary** | Classroom (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Slab Porch - Open | | 60 | | | |
| Slab Porch - Open | | 36 | | | |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

# Muskogee County Report

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1924 | Average | 4 | 1 | 99 |

**Avg. Floor Area:** 0      **Common Wall:** 0

**Avg. Perimeter:** 359      **Total Floor Area:** 5082

**No. Floors:** 0      **Total Height:** 0

**Avg. Floor Hgt:** 0      **Unit Multiplier:** 0

| | Occupancy | Heating/Cooling | Sprinkler |
|--|-----------|-----------------|-----------|
| **Primary** | Fraternal Building (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Slab Porch - Open | | 120 | | | |

**Building: 1**

| Age/YC | Condition | Grade | Stories | Effective Age |
|--------|-----------|-------|---------|---------------|
| 1923 | Average | 4 | 2 | 100 |

**Avg. Floor Area:** 0      **Common Wall:** 0

**Avg. Perimeter:** 315      **Total Floor Area:** 7604

**No. Floors:** 0      **Total Height:** 0

**Avg. Floor Hgt:** 0      **Unit Multiplier:** 0

| | Occupancy | Heating/Cooling | Sprinkler |
|--|-----------|-----------------|-----------|
| **Primary** | Classroom (College) (100%) | Package Unit (0%) | N/A |
| **Secondary** | N/A | N/A | N/A |

**Outbuildings and Yard Improvements:**

| Item | Type | Size/Dim | Unit Multi. | Quality | Age |
|------|------|----------|-------------|---------|-----|
| Slab Porch - Covered | | 20 | | | |

Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

Case 24-80487     Doc 25     Filed 07/05/24     Entered 07/05/24 16:14:17     Desc Main
Document     Page 84 of 105

Page 14

POSEY HALL

Second Story · First Story

Addition

KIVA LODGE

75

351
2,820

40

34

30

45 · 6

Second Floor · First Floor

DINING HALL

125

432 · 432

WALK IN FREEZER

**Not a Legal Document.**
Subject to terms and conditions
www.actdatascout.com



Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com





**Photos**





Not a Legal Document.
Subject to terms and conditions.
www.actdatascout.com





**Not a Legal Document.**
Subject to terms and conditions
www.actdatascout.com

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
Document    Page 88 of 105    Page 18



Not a Legal Document.
Subject to terms and conditions
www.actdatascout.com

Case 24-80487    Doc 25    Filed 07/05/24    Entered 07/05/24 16:14:17    Desc Main
Document    Page 89 of 105

Page 19

# MINERAL AND ROYALTY DEED

| | |
|---|---|
| **THE STATE OF OKLAHOMA** | § |
| | § |
| **COUNTY OF GARVIN** | § |

1. That **BACONE COLLEGE**
hereinafter referred to as Grantor (whether one or more), for Ten Dollars ($10.00) and other valuable consideration paid by **TEXAS RESOURCES ACQUISITIONS LLC**, P.O. BOX 670705, Dallas, Texas 75367, hereinafter referred to as Grantee (whether one or more), the receipt of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED, and by these presents does hereby GRANT, SELL, and CONVEY unto Grantee, its heirs, successors and assigns, forever, subject to the matters stated below, all of Grantor's undivided interest in and to all of the oil, gas, and other minerals, including without limitation all of the oil royalty, gas royalty, overriding royalty, royalty in casinghead gas and gasoline in, on and under, and that may be produced from, the following lands (the "Lands") in the County of Garvin, State of Oklahoma, to wit:

**ALL OIL, GAS AND OTHER MINERAL INTERESTS OWNED BY GRANTOR IN GARVIN COUNTY, OKLAHOMA, INCLUDING WITHOUT LIMITATION ALL OF THOSE CERTAIN TRACTS OR PARCELS OF LAND, WELLS, LEASES AND/OR UNITS REFERENCED, DESCRIBED, ATTACHED AND/OR PLATTED AS FOLLOWS:**

**Section/Township/Range:**

4 & 5-3N-4W

23 & 26-4N-4W

7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20-3N-3W

32 & 33-04N-04W

**NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE LANDS INDIVIDUALLY DESCRIBED ABOVE ARE SET OUT FOR THE CONVENIENCE OF THE PARTIES AND SHALL NOT BE INTERPRETED AS LIMITING THIS GRANT, IT BEING THE INTENT OF THE PARTIES THAT THIS DEED COVER 100% OF OIL, GAS AND OTHER MINERAL INTERESTS OF EVERY KIND AND DESCRIPTION OWNED BY GRANTOR AND LOCATED IN GARVIN COUNTY, OKLAHOMA, AND WHETHER OR NOT PARTICULARLY DESCRIBED ABOVE;**

2. The "Lands" subject to this conveyance also includes all strips, gores, roadways, water bottoms, and other land adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantor. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall without additional consideration, execute, acknowledge, and deliver to Grantee, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records.

3. **FOR THE SAME CONSIDERATION**, Grantor also sells, assigns, transfers, and conveys to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or other mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) without limitation, all royalties, oil payments, gas payments, production payments, pooling payments, escheated funds or payments, revenues, payments, accounts, suspended funds, refunds, interest or overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other parties or party whatsoever, with respect to any oil, gas, and/or other minerals produced from, or attributable to the Lands before the date of this conveyance (including all such production in any tank, truck, railcar, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantor with respect to such sums, including without limitation, claims for the underpayment of past royalties; (vi) all of Grantor's future interests and after acquired title in and to the above described mineral and royalty interests (without limitation), insofar as they cover said Lands.

4. Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, note, or other obligation secured by a lien on the Lands, or any part of them or interest in them. If Grantee ever makes any such payment, or if any production, royalties, delay rentals, or other economic benefits of the estate conveyed by this instrument are ever applied by any lessee, purchaser of production, or other person to pay or discharge, in whole or in part, any tax, note, or other obligation secured by a lien on the Lands, or any part of them or any interest in them, Grantee shall be subrogated to, shall succeed to, and may enforce all of the rights of the affected lien holder to secure the recovery of the amounts paid, together with interest and attorney's fees.

5. Without impairment of Grantee's rights under the warranty in event of failure of title, it is agreed that if this conveyance covers less interest in the oil, gas, Sulphur, or other minerals in all or any part of said Lands than the entire and undivided fee simple estate (whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein, if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

6. In this instrument, "including" means "including, but not limited to"; "other minerals" include coal, lignite, uranium, Sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantor" includes "Grantors, or any of them".

7. **INDEMNITY:** By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivery the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

8. **POWER OF ATTORNEY:** Coupled with the interest herein conveyed, Grantor does hereby irrevocably appoint and constitute Texas Resources Group as Grantor's Agent and Attorney-in-Fact for the limited purpose only of executing division orders, transfer orders, correction deeds or conveyances, amendments of description, amendments of Grantor's capacity, including typographical errors, and all other instruments as may be necessary for this conveyance of interest, so that Texas Resources Group may act in Grantor's place and stead for this limited purpose only. Texas Resources Group is also given, through this provision, the authority to correct the description of the property being conveyed, if necessary, to show the actual description of all properties owned by Grantor as reflected by the County Records in which said properties are located. This is a Durable Power of Attorney and is not affected by the subsequent disability or incapacity of the principal.

9. Grantor acknowledges and agrees that Grantee has made no representation or warranty of any kind to Grantor to entice or encourage Grantor to execute this instrument and to receive consideration therefore. Grantor recognizes and acknowledges that the interest herein conveyed may be worth more than the consideration being paid by Grantor therefore, particularly if drilling or production activity on the interest conveyed herein or in the vicinity thereof proves to be successful. Grantor recognizes and agrees that Grantor has been given the opportunity to ask questions Grantor may desire of Grantee and that the

responses thereto given by Grantee were satisfactory to Grantor. If any provision(s) of this contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall remain valid.

**10. PARTIES AGREEMENT TO MEDIATION AND/OR ARBITRATION:** In the event of any dispute arising out of or relating to Grantor's execution and delivery of this contract, or the breach thereof, the parties first agree to participate in at least four (4) hours of mediation in accordance with the Commercial Mediation Rules of the American Arbitration Association, before having recourse to arbitration. If the mediation procedure provided for herein does not resolve any such dispute, the parties agree that all disputes between the parties shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules and pursuant to the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (and all amendments thereto, if any). The award of the arbitrator issued pursuant hereto shall be final, binding and non-appealable. In the event a party fails to proceed with arbitration, challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

**11. EXEMPLARY & PUNITIVE DAMAGES:** Parties hereby waive any rights to punitive or exemplary damages and the Arbitrator(s) will not have the authority to award exemplary or punitive damages to either party.

**12. CHOICE OF VENUE:** This contract is performable in Dallas County, Texas. Any and all claims (without limitation) arising out of Grantor's execution of this contract, shall be resolved in Dallas County, Texas.

**13.** This instrument may be executed in multiple counterparts. Each counterpart is an original, and all counterparts together are one and the same instrument. This instrument binds each person who executes it, regardless of whether any other person executes it.

**14. TO HAVE AND TO HOLD** the above-described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, or themselves and theirs (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS, PLEASE READ CAREFULLY OR SEEK LEGAL COUNSEL PRIOR TO SIGNING. GRANTOR REPRESENTS AND WARRANTS THAT HE/SHE/IT HAS READ THE ENTIRE CONTRACT, OR HAS HAD IT READ TO HIM/HER/IT AND UNDERSTANDS AND AGREES TO THE TERMS OF THIS CONTRACT. NOTICE PURSUANT TO SB 436, CHAPTER 5, SUBCHAPTER F, OF THE TEXAS PROPERTY CODE: "BY EXECUTING AND DELIVERING THIS INSTRUMENT, YOU ARE SELLING ALL OR A PORTION OF YOUR MINERAL AND ROYALTY INTEREST IN THE ABOVE REFERENCED PROPERTY LOCATED IN GARVIN COUNTY, OKLAHOMA".

BY EXECUTING AND DELIVERING THIS INSTRUMENT (WHETHER RECORDED IN THE COUNTY/PARISH OR UNRECORDED), GRANTOR HEREBY AUTHORIZES ANY AND ALL OPERATORS, LESSEES, GATHERING COMPANIES OR PURCHASERS OF PRODUCTION, TO RELEASE THE FOLLOWING INFORMATION TO GRANTEE, GRANTEE'S AGENTS, HEIRS OR ASSIGNS: GRANTOR'S OWNERSHIP INTERESTS, INCLUDING GRANTOR'S DECIMAL INTEREST, NET/GROSS ACRES, PAYMENT HISTORY, LEGAL DESCRIPTIONS, UNIT OWNERSHIP AND BOUNDARIES, SUSPENSE ACOUNTS AND ALL OTHER INFORMATION REGARDING GRANTOR'S OWNERSHIP INTERESTS, WITHOUT LIMITATION, AND AS REQUESTED BY GRANTEE.

Witness the following signatures, this __13th__ day of __July__, 2022, effective December 7th, 2021.

_Nicky Kay Michael_
**BACONE COLLEGE**

SSN / TAX ID __73-0590036__

STATE OF __Oklahoma__ §
                                        §   **ACKNOWLEDGEMENT**
COUNTY OF __Muskogee__ §

BEFORE ME, the undersigned authority, on this day personally appeared __Nicky Kay Michael__, personally known to me to be the person whose name is subscribed to the foregoing instrument swore and acknowledged to me that he/she, being informed of the contents of same, executed the foregoing instrument for the purposes and consideration therein expressed and agreed to be of sound mind and under no fraud, duress or undue influence.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this __13__ day of __July__, 20__22__.

HERE)                                                                                      (NOTARY SEAL
_Gail Shaffer_

Notary Signature
Notary Public for the State of __Oklahoma__ My Commission Expires: __March 22, 2026__

| NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA | Gail Shaffer |
|---|---|
| | Comm. # : 10002346 |
| | Exp. Date: 3/22/2026 |
| | County: Muskogee |

After recording return to:
Texas Resources Group
P.O. BOX 670705
Dallas, TX 75367

www.TexasResourcesGroup.com

<p align="center">MINERAL AND ROYALTY DEED</p>

THE STATE OF TEXAS       §
                        §
COUNTY OF GREGG       §

1. That **BACONE COLLEGE**
hereinafter referred to as Grantor (whether one or more), for Ten Dollars ($10.00) and other valuable consideration paid by **TEXAS RESOURCES ACQUISITIONS LLC**, P.O. BOX 670705, Dallas, Texas 75367, hereinafter referred to as Grantee (whether one or more), the receipt of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED, and by these presents does hereby GRANT, SELL, and CONVEY unto Grantee, its heirs, successors and assigns, forever, subject to the matters stated below, all of Grantor's undivided interest in and to all of the oil, gas, and other minerals, including without limitation all of the oil royalty, gas royalty, overriding royalty, royalty in casinghead gas and gasoline in, on and under, and that may be produced from, the following lands (the "Lands") in the County of Gregg, State of Texas, to wit:

**ALL OIL, GAS AND OTHER MINERAL INTERESTS OWNED BY GRANTOR IN GREGG COUNTY, INCLUDING WITHOUT LIMITATION ALL OF THOSE CERTAIN TRACTS OR PARCELS OF LAND, WELLS, LEASES AND/OR UNITS REFERENCED, DESCRIBED, ATTACHED AND/OR PLATTED AS FOLLOWS:**

<p align="center">ALL INTERESTS HELD IN THIS COUNTY</p>

NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE LANDS INDIVIDUALLY DESCRIBED ABOVE ARE SET OUT FOR THE CONVENIENCE OF THE PARTIES AND SHALL NOT BE INTERPRETED AS LIMITING THIS GRANT, IT BEING THE INTENT OF THE PARTIES THAT THIS DEED COVER 100% OF OIL, GAS AND OTHER MINERAL INTERESTS OF EVERY KIND AND DESCRIPTION OWNED BY GRANTOR AND LOCATED IN GREGG COUNTY, TEXAS, AND WHETHER OR NOT PARTICULARLY DESCRIBED ABOVE;

2. The "Lands" subject to this conveyance also includes all strips, gores, roadways, water bottoms, and other land adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantor. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall without additional consideration, execute, acknowledge, and deliver to Grantee, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records.

3. FOR THE SAME CONSIDERATION, Grantor also sells, assigns, transfers, and conveys to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or other mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) without limitation, all royalties, oil payments, gas payments, production payments, pooling payments, escheated funds or payments, revenues, payments, accounts, suspended funds, refunds, interest or overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other parties or party whatsoever, with respect to any oil, gas, and/or other minerals produced from, or attributable to the Lands before the date of this conveyance (including all such production in any tank, truck, railcar, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantor with respect to such sums, including without limitation, claims for the underpayment of past royalties; (vi) all of Grantor's future interests and after acquired title in and to the above described mineral and royalty interests (without limitation), insofar as they cover said Lands.

4. Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, note, or other obligation secured by a lien on the Lands, or any part of them or interest in them. If Grantee ever makes any such payment, or if any production, royalties, delay rentals, or other economic benefits of the estate conveyed by this instrument are ever applied by any lessee, purchaser of production, or other person to pay or discharge, in whole or in part, any tax, note, or other obligation secured by a lien on the Lands, or any part of them or any interest in them, Grantee shall be subrogated to, shall succeed to, and may enforce all of the rights of the affected lien holder to secure the recovery of the amounts paid, together with interest and attorney's fees.

5. Without impairment of Grantee's rights under the warranty in event of failure of title, it is agreed that if this conveyance covers less interest in the oil, gas, Sulphur, or other minerals in all or any part of said Lands than the entire and undivided fee simple estate (whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein, if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

6. In this instrument, "including" means "including, but not limited to"; "other minerals" include coal, lignite, uranium, Sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantor" includes "Grantors, or any of them".

7. **INDEMNITY:** By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivering the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

8. **POWER OF ATTORNEY:** Coupled with the interest herein conveyed, Grantor does hereby irrevocably appoint and constitute Texas Resources Group as Grantor's Agent and Attorney-in-Fact for the limited purpose only of executing division orders, transfer orders, correction deeds or conveyances, amendments of description, amendments of Grantor's capacity, including typographical errors, and all other instruments as may be necessary for this conveyance of interest, so that Texas Resources Group may act in Grantor's place and stead for this limited purpose only. Texas Resources Group is also given, through this provision, the authority to correct the description of the property being conveyed, if necessary, to show the actual description of all properties owned by Grantor as reflected by the County Records in which said properties are located. This is a Durable Power of Attorney and is not affected by the subsequent disability or incapacity of the principal.

9. Grantor acknowledges and agrees that Grantee has made no representation or warranty of any kind to Grantor to entice or encourage Grantor to execute this instrument and to receive consideration therefore. Grantor recognizes and acknowledges that the interest herein conveyed may be worth more than the consideration received by Grantor therefore, particularly if drilling or production activity on the interest conveyed herein or in the vicinity thereof proves to be successful. Grantor recognizes and agrees that Grantor has been given the opportunity to ask questions Grantor may desire of Grantee and that the responses thereto given by Grantee were satisfactory to Grantor. If any provision(s) of this contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall remain valid.

10. **PARTIES AGREEMENT TO MEDIATION AND/OR ARBITRATION:** In the event of any dispute arising out of or relating to Grantor's execution and delivery of this contract, or the breach thereof, the parties first agree to participate in at least four (4) hours of mediation in accordance with the Commercial Mediation Rules of the American Arbitration Association, before having recourse to arbitration. If the mediation procedure provided for herein does not resolve any such dispute, the parties agree that all disputes between the parties shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules and pursuant to the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (and all amendments thereto, if any). The award of the arbitrator issued pursuant hereto shall be final, binding and non-appealable. In the event a party fails to proceed with arbitration, challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

11. **EXEMPLARY & PUNITIVE DAMAGES:** Parties hereby waive any rights to punitive or exemplary damages and the Arbitrator(s) will not have the authority to award exemplary or punitive damages to either party.

12. **CHOICE OF VENUE:** This contract is performable in Dallas County, Texas. Any and all claims (without limitation) arising out of Grantor's execution of this contract, shall be resolved in Dallas County, Texas.

13. This instrument may be executed in multiple counterparts. Each counterpart is an original, and all counterparts together are one and the same instrument. This instrument binds each person who executes it, regardless of whether any other person executes it.

14. **TO HAVE AND TO HOLD** the above-described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, and/or themselves and theirs (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS, PLEASE READ CAREFULLY OR SEEK LEGAL COUNSEL PRIOR TO SIGNING. GRANTOR REPRESENTS AND WARRANTS THAT HE/SHE/IT HAS READ THE ENTIRE CONTRACT, OR HAS HAD IT READ TO HIM/HER/IT AND UNDERSTANDS AND AGREES TO THE TERMS OF THIS CONTRACT. NOTICE PURSUANT TO SB 436, CHAPTER 5, SUBCHAPTER F, OF THE TEXAS PROPERTY CODE: "BY EXECUTING AND DELIVERING THIS INSTRUMENT, YOU ARE SELLING ALL OR A PORTION OF YOUR MINERAL AND ROYALTY INTEREST IN THE ABOVE REFERENCED PROPERTY LOCATED IN GREGG COUNTY, TEXAS".

BY EXECUTING AND DELIVERING THIS INSTRUMENT (WHETHER RECORDED IN THE COUNTY/PARISH OR UNRECORDED), GRANTOR HEREBY AUTHORIZES ANY AND ALL OPERATORS, LESSEES, GATHERING COMPANIES OR PURCHASERS OF PRODUCTION, TO RELEASE THE FOLLOWING INFORMATION TO GRANTEE, GRANTEE'S AGENTS, HEIRS OR ASSIGNS: GRANTOR'S OWNERSHIP INTERESTS, INCLUDING GRANTOR'S DECIMAL INTEREST, NET/GROSS ACRES, PAYMENT HISTORY, LEGAL DESCRIPTIONS, UNIT OWNERSHIP AND BOUNDARIES, SUSPENSE ACOUNTS AND ALL OTHER INFORMATION REGARDING GRANTOR'S OWNERSHIP INTERESTS, WITHOUT LIMITATION, AND AS REQUESTED BY GRANTEE.

Witness the following signatures, this **13th** day of _____**July**_____, 2022, effective December 7th, 2021.

_~Nicky Kay Michael~_

BACONE COLLEGE

SSN / TAX ID  **73-0590036**

STATE OF **Oklahoma** §
                  §   **ACKNOWLEDGEMENT**
COUNTY OF **Muskogee** §

BEFORE ME, the undersigned authority, on this day personally appeared **Nicky Kay Michael**, personally known to me to be the person whose name is subscribed to the foregoing instrument sworn and acknowledged to me that he/she, being informed of the contents of same, executed the foregoing instrument for the purposes and consideration therein expressed and appeared to be of sound mind and under no fraud, duress or undue influence.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this **13** day of **July**, 20**22**.

_~Gail Shaffer~_                (NOTARY SEAL HERE)
Notary Signature
Notary Public for the State of **Oklahoma** My Commission Expires: **March 22, 2026**

| NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA | Gail Shaffer<br>Comm. # : 10002346<br>Exp. Date: 3/22/2026<br>County: Muskogee |
|---|---|

After recording return to:
Texas Resources Group
P.O. BOX 670705
Dallas, TX 75367

www.TexasResourcesGroup.com

THE STATE OF TEXAS §
§
COUNTY OF HOPKINS §

1. That **BACONE COLLEGE**
hereinafter referred to as Grantor (whether one or more), for Ten Dollars ($10.00) and other valuable consideration paid by **TEXAS RESOURCES ACQUISITIONS LLC**, P.O. BOX 670705, Dallas, Texas 75367, hereinafter referred to as Grantee (whether one or more), the receipt of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED, and by these presents does hereby GRANT, SELL, and CONVEY unto Grantee, its heirs, successors and assigns, forever, subject to the matters stated below, all of Grantor's undivided interest in and to all of the oil, gas, and other minerals, including without limitation all of the oil royalty, gas royalty, overriding royalty, royalty in casinghead gas and gasoline in, on and under, and that may be produced from, the following lands (the "Lands") in the County of Hopkins, State of Texas, to wit:

**ALL OIL, GAS AND OTHER MINERAL INTERESTS OWNED BY GRANTOR IN HOPKINS COUNTY, TEXAS, INCLUDING WITHOUT LIMITATION ALL OF THOSE CERTAIN TRACTS OR PARCELS OF LAND, WELLS, LEASES AND/OR UNITS REFERENCED, DESCRIBED, ATTACHED AND/OR PLATTED AS FOLLOWS:**

**NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE LANDS INDIVIDUALLY DESCRIBED ABOVE ARE SET OUT**

ALL INTERESTS HELD IN THIS COUNTY

**FOR THE CONVENIENCE OF THE PARTIES AND SHALL NOT BE INTERPRETED AS LIMITING THIS GRANT, IT BEING THE INTENT OF THE PARTIES THAT THIS DEED COVER 100% OF OIL, GAS AND OTHER MINERAL INTERESTS OF EVERY KIND AND DESCRIPTION OWNED BY GRANTOR AND LOCATED IN HOPKINS COUNTY, TEXAS, AND WHETHER OR NOT PARTICULARLY DESCRIBED ABOVE;**

2. The "Lands" subject to this conveyance also includes all strips, gores, roadways, water bottoms, and other land adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantor. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall without additional consideration, execute, acknowledge, and deliver to Grantee, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records.

3. **FOR THE SAME CONSIDERATION**, Grantor also sells, assigns, transfers, and conveys to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or other mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) without limitation, all royalties, oil payments, gas payments, production payments, pooling payments, escheated funds or payments, revenues, payments, accounts, suspended funds, refunds, interest or overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other parties or party whatsoever, with respect to any oil, gas, and/or other minerals produced from, or attributable to the Lands before the date of this conveyance (including all such production in any tank, truck, railcar, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantor with respect to such sums, including without limitation, claims for the underpayment of past royalties; (vi) all of Grantor's future interests and after acquired title in and to the above described mineral and royalty interests (without limitation), insofar as they cover said Lands.

4. Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, note, or other obligation secured by a lien on the Lands, or any part of them or interest in them. If Grantee ever makes any such payment, or if any production, royalties, delay rentals, or other economic benefits of the estate conveyed by this instrument are ever applied by any lessee, purchaser of production, or other person to pay or discharge, in whole or in part, any tax, note, or other obligation secured by a lien on the Lands, or any part of them or any interest in them, Grantee shall be subrogated to, shall succeed to, and may enforce all of the rights of the affected lien holder to secure the recovery of the amounts paid, together with interest and attorney's fees.

5. Without impairment of Grantee's rights under the warranty in event of failure of title, it is agreed that if this conveyance covers less interest in the oil, gas, Sulphur, or other minerals in all or any part of said Lands than the entire and undivided fee simple estate (whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein, if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

6. In this instrument, "including" means "including, but not limited to"; "other minerals" include coal, lignite, uranium, Sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantor" includes "Grantors, or any of them".

7. **INDEMNITY**: By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivery the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

8. **POWER OF ATTORNEY**: Coupled with the interest herein conveyed, Grantor does hereby irrevocably appoint and constitute Texas Resources Group as Grantor's Agent and Attorney-in-Fact for the limited purpose only of executing division orders, transfer orders, correction deeds or conveyances, amendments of description, amendments of Grantor's capacity, including typographical errors, and all other instruments as may be necessary for this conveyance of interest, so that Texas Resources Group may act in Grantor's place and stead for this limited purpose only. Texas Resources Group is also given, through this provision, the authority to correct the description of the property being conveyed, if necessary, to show the actual description of all properties owned by Grantor as reflected by the County Records in which said properties are located. This is a Durable Power of Attorney and is not affected by the subsequent disability or incapacity of the principal.

9. Grantor acknowledges and agrees that Grantee has made no representation or warranty of any kind to Grantor to entice or encourage Grantor to execute this instrument and to receive consideration therefore. Grantor recognizes and acknowledges that the interest herein conveyed may be worth more than the consideration received by Grantor therefore, particularly if drilling or production activity on the interest conveyed herein or in the vicinity thereof proves to be successful. Grantor recognizes and agrees that Grantor has been given the opportunity to ask questions Grantor may desire of Grantee and that the responses thereto given by Grantee were satisfactory to Grantor. If any provision(s) of this contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall remain valid.

10. **PARTIES AGREEMENT TO MEDIATION AND/OR ARBITRATION**: In the event of any dispute arising out of or relating to Grantor's execution and delivery of this contract, or the breach thereof, the parties first agree to participate in at least four (4) hours of mediation in accordance with the Commercial Mediation Rules of the American Arbitration Association, before having recourse to arbitration. If the mediation procedure provided for herein does not resolve any such dispute, the parties agree that all disputes between the parties shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules and pursuant to the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (and all amendments thereto, if any). The award of the arbitrator issued pursuant hereto shall be final, binding and non-appealable. In the event a party fails to proceed with arbitration, challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

11. **EXEMPLARY & PUNITIVE DAMAGES**: Parties hereby waive any rights to punitive or exemplary damages and the Arbitrator(s) will not have the authority to award exemplary or punitive damages to either party.

12. **CHOICE OF VENUE**: This contract is performable in Dallas County, Texas. Any and all claims (without limitation) arising out of Grantor's execution of this contract, shall be resolved in Dallas County, Texas.

13. This instrument may be executed in multiple counterparts. Each counterpart is an original, and all counterparts together are one and the same instrument. This instrument binds each person who executes it, regardless of whether any other person executes it.

14. **TO HAVE AND TO HOLD** the above-described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, and/or themselves and theirs (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS, PLEASE READ CAREFULLY OR SEEK LEGAL COUNSEL PRIOR TO SIGNING. GRANTOR REPRESENTS AND WARRANTS THAT HE/SHE/IT HAS READ THE ENTIRE CONTRACT, OR HAS HAD IT READ TO HIM/HER/IT AND UNDERSTANDS AND AGREES TO THE TERMS OF THIS CONTRACT. NOTICE PURSUANT TO SB 436, CHAPTER 5, SUBCHAPTER F, OF THE TEXAS PROPERTY CODE: "BY EXECUTING AND DELIVERING THIS INSTRUMENT, YOU ARE SELLING ALL OR A PORTION OF YOUR MINERAL AND ROYALTY INTEREST IN THE ABOVE REFERENCED PROPERTY LOCATED IN HOPKINS COUNTY, TEXAS".

BY EXECUTING AND DELIVERING THIS INSTRUMENT (WHETHER RECORDED IN THE COUNTY/PARISH OR UNRECORDED), GRANTOR HEREBY AUTHORIZES ANY AND ALL OPERATORS, LESSEES, GATHERING COMPANIES OR PURCHASERS OF PRODUCTION, TO RELEASE THE FOLLOWING INFORMATION TO GRANTEE, GRANTEE'S AGENTS, HEIRS OR ASSIGNS: GRANTOR'S OWNERSHIP INTERESTS, INCLUDING GRANTOR'S DECIMAL INTEREST, NET/GROSS ACRES, PAYMENT HISTORY, LEGAL DESCRIPTIONS, UNIT OWNERSHIP AND BOUNDARIES, SUSPENSE ACOUNTS AND ALL OTHER INFORMATION REGARDING GRANTOR'S OWNERSHIP INTERESTS, WITHOUT LIMITATION, AND AS REQUESTED BY GRANTEE.

Witness the following signatures, this **13th** day of **July**, 2022, effective December 7th, 2021.

_Nicky Kay Michael_

BACONE COLLEGE

SSN / TAX ID **73-0590036**

STATE OF **Oklahoma** §
COUNTY OF **Muskogee** § **ACKNOWLEDGEMENT**
§

BEFORE ME, the undersigned authority, on this day personally appeared **Nicky Kay Michael**, personally known to me to be the person whose name is subscribed to the foregoing instrument swore and acknowledged to me that he/she, being informed of the contents of same, executed the foregoing instrument for the purposes and consideration therein expressed and appeared to be of sound mind and under no fraud, duress or undue influence.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this **13** day of **July**, 20 **22**.

(NOTARY SEAL HERE)

_Gail Shaffer_
Notary Signature
Notary Public for the State of **Oklahoma** My Commission Expires: **March 22, 2026**

| NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA | Gail Shaffer |
| --- | --- |
| | Comm. # : 10002346 |
| | Exp. Date: 3/22/2026 |
| | County: Muskogee |

After recording return to:
Texas Resources Group
P.O. BOX 670705
Dallas, TX 75367

www.TexasResourcesGroup.com

**MINERAL AND ROYALTY DEED**

| | |
|---|---|
| THE STATE OF OKLAHOMA | § |
| | § |
| COUNTY OF LATIMER | § |

1. That **BACONE COLLEGE**

hereinafter referred to as Grantor (whether one or more), for Ten Dollars ($10.00) and other valuable consideration paid by **TEXAS RESOURCES ACQUISITIONS LLC**, P.O. BOX 670705, Dallas, Texas 75367, hereinafter referred to as Grantee (whether one or more), the receipt of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED, and by these presents does hereby GRANT, SELL, and CONVEY unto Grantee, its heirs, successors and assigns, forever, subject to the matters stated below, all of Grantor's undivided interest in and to all of the oil, gas, and other minerals, including without limitation all of the oil royalty, gas royalty, overriding royalty, royalty in casinghead gas and gasoline in, on and under, and that may be produced from, the following lands (the "Lands") in the County of Latimer, State of Oklahoma, to wit:

**ALL OIL, GAS AND OTHER MINERAL INTERESTS OWNED BY GRANTOR IN LATIMER COUNTY, OKLAHOMA, INCLUDING WITHOUT LIMITATION ALL OF THOSE CERTAIN TRACTS OR PARCELS OF LAND, WELLS, LEASES AND/OR UNITS REFERENCED, DESCRIBED, ATTACHED AND/OR PLATTED AS FOLLOWS:**

**Section/Township/Range:**

18- 05N-20E
18- 05N-20E
01-06N-21E
35-06N-18E
22-05N-19E
08-05N-19E

**NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE LANDS INDIVIDUALLY DESCRIBED ABOVE ARE SET OUT FOR THE CONVENIENCE OF THE PARTIES AND SHALL NOT BE INTERPRETED AS LIMITING THIS GRANT, IT BEING THE INTENT OF THE PARTIES THAT THIS DEED COVER 100% OF OIL, GAS AND OTHER MINERAL INTERESTS OF EVERY KIND AND DESCRIPTION OWNED BY GRANTOR AND LOCATED IN LATIMER COUNTY, OKLAHOMA, AND WHETHER OR NOT PARTICULARLY DESCRIBED ABOVE;**

2. The "Lands" subject to this conveyance also includes all strips, gores, roadways, water bottoms, and other land adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantor. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall without additional consideration, execute, acknowledge, and deliver to Grantee, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records.

3. **FOR THE SAME CONSIDERATION**, Grantor also sells, assigns, transfers, and conveys to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or other mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) without limitation, all royalties, oil payments, gas payments, production payments, pooling payments, escheated funds or payments, revenues, payments, accounts, suspended funds, refunds, interest or overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other parties or party whatsoever, with respect to any oil, gas, and/or other minerals produced from, or attributable to the Lands before the date of this conveyance (including all such production in any tank, truck, railcar, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantor with respect to such sums, including without limitation, claims for the underpayment of past royalties; (vi) all of Grantor's future interests and after acquired title in and to the above described mineral and royalty interests (without limitation), insofar as they cover said Lands.

4. Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, note, or other obligation secured by a lien on the Lands, or any part of them or interest in them. If Grantee ever makes any such payment, or if any production, royalties, delay rentals, or other economic benefits of the estate conveyed by this instrument are ever applied by any lessee, purchaser of production, or other person to pay or discharge, in whole or in part, any tax, note, or other obligation secured by a lien on the Lands, or any part of them or any interest in them, Grantee shall be subrogated to, shall succeed to, and may enforce all of the rights of the affected lien holder to secure the recovery of the amounts paid, together with interest and attorney's fees.

5. Without impairment of Grantee's rights under the warranty in event of failure of title, it is agreed that if this conveyance covers less interest in the oil, gas, Sulphur, or other minerals in all or any part of said Lands than the entire and undivided fee simple estate (whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein, if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

6. In this instrument, "including" means "including, but not limited to"; "other minerals" include coal, lignite, uranium, Sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantor" includes "Grantors, or any of them".

7. **INDEMNITY:** By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivering the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

8. **POWER OF ATTORNEY:** Coupled with the interest herein conveyed, Grantor does hereby irrevocably appoint and constitute Texas Resources Group as Grantor's Agent and Attorney-in-Fact for the limited purpose only of executing division orders, transfer orders, correction deeds or conveyances, amendments of description, amendments of Grantor's capacity, including typographical errors, and all other instruments as may be necessary for this conveyance of interest, so that Texas Resources Group may act in Grantor's place and stead for this limited purpose only. Texas Resources Group is also given, through this provision, the authority to correct the description of the property being conveyed, if necessary, to show the actual description of all properties owned by Grantor as reflected by the County Records in which said properties are located. This is a Durable Power of Attorney and is not affected by the subsequent disability or incapacity of the principal.

9. Grantor acknowledges and agrees that Grantee has made no representation or warranty of any kind to Grantor to entice or encourage Grantor to execute this instrument and to receive consideration therefore. Grantor recognizes and acknowledges that the interest herein conveyed may be worth more than the consideration received by Grantor therefore, particularly if drilling or production activity on the interest conveyed herein or in the vicinity thereof proves to be successful. Grantor recognizes and agrees that Grantor has been given the opportunity to ask questions Grantor may desire of Grantee and that the responses thereto given by Grantee were satisfactory to Grantor. If any provision(s) of this contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall remain valid.

10. PARTIES AGREEMENT TO MEDIATION AND/OR ARBITRATION: In the event of any dispute arising out of or relating to Grantor's execution and delivery of this contract, or the breach thereof, the parties first agree to participate in at least four (4) hours of mediation in accordance with the Commercial Mediation Rules of the American Arbitration Association, before having recourse to arbitration. If the mediation procedure provided for herein does not resolve any such dispute, the parties agree that all disputes between the parties shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules and pursuant to the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (and all amendments thereto, if any). The award of the arbitrator issued pursuant hereto shall be final, binding and non-appealable. In the event a party fails to proceed with arbitration, challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

11. EXEMPLARY & PUNITIVE DAMAGES: Parties hereby waive any rights to punitive or exemplary damages and the Arbitrator(s) will not have the authority to award exemplary or punitive damages to either party.

12. CHOICE OF VENUE: This contract is performable in Dallas County, Texas. Any and all claims (without limitation) arising out of Grantor's execution of this contract, shall be resolved in Dallas County, Texas.

13. This instrument may be executed in multiple counterparts. Each counterpart is an original, and all counterparts together are one and the same instrument. This instrument binds each person who executes it, regardless of whether any other person executes it.

14. TO HAVE AND TO HOLD the above-described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, and/or themselves and theirs (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS, PLEASE READ CAREFULLY OR SEEK LEGAL COUNSEL PRIOR TO SIGNING. GRANTOR REPRESENTS AND WARRANTS THAT HE/SHE/IT HAS READ THE ENTIRE CONTRACT, OR HAS HAD IT READ TO HIM/HER/IT AND UNDERSTANDS AND AGREES TO THE TERMS OF THIS CONTRACT. NOTICE PURSUANT TO SB 436, CHAPTER 5, SUBCHAPTER F, OF THE TEXAS PROPERTY CODE: "BY EXECUTING AND DELIVERING THIS INSTRUMENT, YOU ARE SELLING ALL OR A PORTION OF YOUR MINERAL AND ROYALTY INTEREST IN THE ABOVE REFERENCED PROPERTY LOCATED IN LATIMER COUNTY, OKLAHOMA".

BY EXECUTING AND DELIVERING THIS INSTRUMENT (WHETHER RECORDED IN THE COUNTY/PARISH OR UNRECORDED), GRANTOR HEREBY AUTHORIZES ANY AND ALL OPERATORS, LESSEES, GATHERING COMPANIES OR PURCHASERS OF PRODUCTION, TO RELEASE THE FOLLOWING INFORMATION TO GRANTEE, GRANTEE'S AGENTS, HEIRS OR ASSIGNS: GRANTOR'S OWNERSHIP INTERESTS, INCLUDING GRANTOR'S DECIMAL INTEREST, NET/GROSS ACRES, PAYMENT HISTORY, LEGAL DESCRIPTIONS, UNIT OWNERSHIP AND BOUNDARIES, SUSPENSE ACOUNTS AND ALL OTHER INFORMATION REGARDING GRANTOR'S OWNERSHIP INTERESTS, WITHOUT LIMITATION, AND AS REQUESTED BY GRANTEE.

Witness the following signatures, this **13th** day of **July**, 2022, effective December 7th, 2021.

_Nicky Kay Michael_

BACONE COLLEGE

SSN / TAX ID _73-0590036_

STATE OF _Oklahoma_ §
§ ACKNOWLEDGEMENT
COUNTY OF _Muskogee_ §

BEFORE ME, the undersigned authority, on this day personally appeared _Nicky Kay Michael_, personally known to me to be the person whose name is subscribed to the foregoing instrument swore and acknowledged to me that he/she, being informed of the contents of same, executed the foregoing instrument for the purposes and consideration therein expressed and appeared to be of sound mind and under no fraud, duress or undue influence.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _13_ day of _July_, 20 _22_.

HERE) _Gail Shaffer_ (NOTARY SEAL)
Notary Signature
Notary Public for the State of _Oklahoma_ My Commission Expires: _March 22, 2026_

| NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA | Gail Shaffer<br>Comm. # : 10002346<br>Exp. Date: 3/22/2026<br>County: Muskogee |
| --- | --- |

After recording return to:
Texas Resources Group
P.O. BOX 670705
Dallas, TX 75367

www.TexasResourcesGroup.com

# MINERAL AND ROYALTY DEED

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF PANOLA | § |

**1. That BACONE COLLEGE**

hereinafter referred to as Grantor (whether one or more), for Ten Dollars ($10.00) and other valuable consideration paid by **TEXAS RESOURCES ACQUISITIONS LLC**, P.O. BOX 670705, Dallas, Texas 75367, hereinafter referred to as Grantee (whether one or more), the receipt of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED, and by these presents does hereby GRANT, SELL, and CONVEY unto Grantee, its heirs, successors and assigns, forever, subject to the matters stated below, all of Grantor's undivided interest in and to all of the oil, gas and other minerals, including without limitation all of the oil royalty, gas royalty, overriding royalty, royalty in casinghead gas and gasoline in, on and under, and that may be produced from, the following lands (the "Lands") in the County of Panola, State of Texas, to wit:

**ALL OIL, GAS AND OTHER MINERAL INTERESTS OWNED BY GRANTOR IN PANOLA COUNTY, TEXAS, INCLUDING WITHOUT LIMITATION ALL OF THOSE CERTAIN TRACTS OR PARCELS OF LAND, WELLS, LEASES AND/OR UNITS REFERENCED, DESCRIBED, ATTACHED AND/OR PLATTED AS FOLLOWS:**

ALL INTERESTS HELD IN THIS COUNTY

NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE LANDS INDIVIDUALLY DESCRIBED ABOVE ARE SET OUT FOR THE CONVENIENCE OF THE PARTIES AND SHALL NOT BE INTERPRETED AS LIMITING THIS GRANT, IT BEING THE INTENT OF THE PARTIES THAT THIS DEED COVER 100% OF OIL, GAS AND OTHER MINERAL INTERESTS OF EVERY KIND AND DESCRIPTION OWNED BY GRANTOR AND LOCATED IN PANOLA COUNTY, TEXAS, AND WHETHER OR NOT PARTICULARLY DESCRIBED ABOVE;

2. The "Lands" subject to this conveyance also includes all strips, gores, roadways, water bottoms, and other land adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantor. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall without additional consideration, execute, acknowledge, and deliver to Grantee, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records.

3. **FOR THE SAME CONSIDERATION**, Grantor also sells, assigns, transfers, and conveys to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or other mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands) together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) without limitation, all royalties, oil payments, gas payments, production payments, pooling payments, escheated funds or payments, revenues, payments, accounts, suspended funds, refunds, interest or overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other parties or party whatsoever, with respect to any oil, gas, and/or other minerals produced from, or attributable to the Lands before the date of this conveyance (including all such production in any tank, truck, railcar, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantor with respect to such sums, including without limitation, claims for the underpayment of past royalties; (vi) all of Grantor's future interests and after acquired title in and to the above described mineral and royalty interests (without limitation), insofar as they cover said Lands.

4. Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, note, or other obligation secured by a lien on the Lands, or any part of them or interest in them. If Grantee ever makes any such payment, or if any production, royalties, delay rentals, or other economic benefits of the estate conveyed by this instrument are ever applied by any lessee, purchaser of production, or other person to pay or discharge, in whole or in part, any tax, note, or other obligation secured by a lien on the Lands, or any part of them or any interest in them, Grantee shall be subrogated to, shall succeed to, and may enforce all of the rights of the affected lien holder to secure the recovery of the amounts paid, together with interest and attorney's fees.

5. Without impairment of Grantee's rights under the warranty in event of failure of title, it is agreed that if this conveyance covers less interest in the oil, gas, Sulphur, or other minerals in all or any part of said Lands than the entire and undivided fee simple estate (whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein, if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

6. In this instrument, "including" means "including, but not limited to"; "other minerals" include coal, lignite, uranium, Sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantor" includes "Grantors, or any of them".

7. **INDEMNITY:** By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivery the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

8. **POWER OF ATTORNEY:** Coupled with the interest herein conveyed, Grantor does hereby irrevocably appoint and constitute Texas Resources Group as Grantor's Agent and Attorney-in-Fact for the limited purpose only of executing division orders, transfer orders, correction deeds or conveyances, amendments of description, amendments of Grantor's capacity, including typographical errors, and all other instruments as may be necessary for this conveyance of interest, so that Texas Resources Group may act in Grantor's place and stead for this limited purpose only. Texas Resources Group is also given, through this provision, the authority to correct the description of the property being conveyed, if necessary, to show the actual description of all properties owned by Grantor as reflected by the County Records in which said properties are located. This is a Durable Power of Attorney and is not affected by the subsequent disability or incapacity of the principal.

9. Grantor acknowledges and agrees that Grantee has made no representation or warranty of any kind to Grantor to entice or encourage Grantor to execute this instrument and to receive consideration therefore. Grantor recognizes and acknowledges that the interest herein conveyed may be worth more than the consideration received by Grantor therefore, particularly if drilling or production activity on the interest conveyed herein or in the vicinity thereof proves to be successful. Grantor recognizes and agrees that Grantor has been given the opportunity to ask questions Grantor may desire of Grantee and that the responses therein given by Grantee were satisfactory to Grantor. If any provision(s) of this contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall remain valid.

10. **PARTIES AGREEMENT TO MEDIATION AND/OR ARBITRATION:** In the event of any dispute arising out of or relating to Grantor's execution and delivery of this contract, or the breach thereof, the parties first agree to participate in at least four (4) hours of mediation in accordance with the Commercial Mediation Rules of the American Arbitration Association, before having recourse to arbitration. If the mediation procedure provided for herein does not resolve any such dispute, the parties agree that all disputes between the parties shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules and pursuant to the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (and all amendments thereto, if any). The award of the arbitrator issued pursuant hereto shall be final, binding and non-appealable. In the event a party fails to proceed with arbitration, challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

11. **EXEMPLARY & PUNITIVE DAMAGES:** Parties hereby waive any rights to punitive or exemplary damages and the Arbitrator(s) will not have the authority to award exemplary or punitive damages to either party.

12. **CHOICE OF VENUE:** This contract is performable in Dallas County, Texas. Any and all claims (without limitation) arising out of Grantor's execution of this contract, shall be resolved in Dallas County, Texas.

13. This instrument may be executed in multiple counterparts. Each counterpart is an original, and all counterparts together are one and the same instrument. This instrument binds each person who executes it, regardless of whether any other person executes it.

14. **TO HAVE AND TO HOLD** the above-described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, and/or themselves and theirs (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS, PLEASE READ CAREFULLY OR SEEK LEGAL COUNSEL PRIOR TO SIGNING. GRANTOR REPRESENTS AND WARRANTS THAT HE/SHE/IT HAS READ THE ENTIRE CONTRACT, OR HAS HAD IT READ TO HIM/HER/IT AND UNDERSTANDS AND AGREES TO THE TERMS OF THIS CONTRACT. NOTICE PURSUANT TO SB 436, CHAPTER 5, SUBCHAPTER F, OF THE TEXAS PROPERTY CODE: "BY EXECUTING AND DELIVERING THIS INSTRUMENT, YOU ARE SELLING ALL OR A PORTION OF YOUR MINERAL AND ROYALTY INTEREST IN THE ABOVE REFERENCED PROPERTY LOCATED IN PANOLA COUNTY, TEXAS".

BY EXECUTING AND DELIVERING THIS INSTRUMENT (WHETHER RECORDED IN THE COUNTY/PARISH OR UNRECORDED), GRANTOR HEREBY AUTHORIZES ANY AND ALL OPERATORS, LESSEES, GATHERING COMPANIES OR PURCHASERS OF PRODUCTION, TO RELEASE THE FOLLOWING INFORMATION TO GRANTEE, GRANTEE'S AGENTS, HEIRS OR ASSIGNS: GRANTOR'S OWNERSHIP INTERESTS, INCLUDING GRANTOR'S DECIMAL INTEREST, NET/GROSS ACRES, PAYMENT HISTORY, LEGAL DESCRIPTIONS, UNIT OWNERSHIP AND BOUNDARIES, SUSPENSE ACOUNTS AND ALL OTHER INFORMATION REGARDING GRANTOR'S OWNERSHIP INTERESTS, WITHOUT LIMITATION, AND AS REQUESTED BY GRANTEE.

Witness the following signatures, this 13th day of July, 2022, effective December 7th, 2021.

*Nicky Kay Michael*

BACONE COLLEGE

SSN / TAX ID  73-0590036

STATE OF  Oklahoma  §
COUNTY OF  Muskogee  §   **ACKNOWLEDGEMENT**
                      §

BEFORE ME, the undersigned authority, on this day personally appeared Nicky Kay Michael, personally known to me to be the person whose name is subscribed to the foregoing instrument swore and acknowledged to me that he/she, being informed of the contents of same, executed the foregoing instrument for the purposes and consideration therein expressed and appeared to be of sound mind and under no fraud, duress or undue influence.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 13 day of July, 20 22.

*Gail Shaffer*                                        (NOTARY SEAL HERE)

Notary Signature
Notary Public for the State of Oklahoma My Commission Expires: March 22, 2026

| NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA | Gail Shaffer Comm. # : 10002346 Exp. Date: 3/22/2026 County: Muskogee |
|---|---|

After recording return to:
Texas Resources Group
P.O. BOX 670705
Dallas, TX 75367

www.TexasResourcesGroup.com

<center>MINERAL AND ROYALTY DEED</center>

| | |
|---|---|
| **THE STATE OF INDIANA** | § |
| | § |
| **COUNTY OF POSEY** | § |

1. That **BACONE COLLEGE**
hereinafter referred to as Grantor (whether one or more), for Ten Dollars ($10.00) and other valuable consideration paid by **TEXAS RESOURCES ACQUISITIONS LLC**, P.O. BOX 670705, Dallas, Texas 75367, hereinafter referred to as Grantee (whether one or more), the receipt of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED, and by these presents does hereby GRANT, SELL, and CONVEY unto Grantee, its heirs, successors and assigns, forever, subject to the matters stated below, all of Grantor's undivided interest in and to all of the oil, gas, and other minerals, including without limitation all of the oil royalty, gas royalty, overriding royalty, royalty in casinghead gas and gasoline in, on and under, and that may be produced from, the following lands (the "Lands") in the County of Posey, State of Indiana, to wit:

**ALL OIL, GAS AND OTHER MINERAL INTERESTS OWNED BY GRANTOR IN POSEY COUNTY, INDIANA, INCLUDING WITHOUT LIMITATION ALL OF THOSE CERTAIN TRACTS OR PARCELS OF LAND, WELLS, LEASES AND/OR UNITS REFERENCED, DESCRIBED, ATTACHED AND/OR PLATTED AS FOLLOWS:**

<center>ALL INTERESTS HELD IN THIS COUNTY</center>

**NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE LANDS INDIVIDUALLY DESCRIBED ABOVE ARE SET OUT FOR THE CONVENIENCE OF THE PARTIES AND SHALL NOT BE INTERPRETED AS LIMITING THIS GRANT, IT BEING THE INTENT OF THE PARTIES THAT THIS DEED COVER 100% OF OIL, GAS AND OTHER MINERAL INTERESTS OF EVERY KIND AND DESCRIPTION OWNED BY GRANTOR AND LOCATED IN POSEY COUNTY, INDIANA, AND WHETHER OR NOT PARTICULARLY DESCRIBED ABOVE;**

2. The "Lands" subject to this conveyance also includes all strips, gores, roadways, water bottoms, and other land adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantor. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall without additional consideration, execute, acknowledge, and deliver to Grantee, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records.

3. **FOR THE SAME CONSIDERATION**, Grantor also sells, assigns, transfers, and conveys to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) without limitation, all royalties, oil payments, gas payments, production payments, pooling payments, escheated funds or payments, revenues, payments, accounts, suspended funds, refunds, interest or overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other parties or party whatsoever, with respect to any oil, gas, and/or other minerals produced from, or attributable to the Lands before the date of this conveyance (including all such production in any tank, truck, railcar, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantor with respect to such sums, including without limitation, claims for the underpayment of past royalties; (vi) all of Grantor's future interests and after acquired title in and to the above described mineral and royalty interests (without limitation), insofar as they cover said Lands.

4. Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, note, or other obligation secured by a lien on the Lands, or any part of them or interest in them. If Grantee ever makes any such payment, or if any production, royalties, delay rentals, or other economic benefits of the estate conveyed by this instrument are ever applied by any lessee, purchaser of production, or other person to pay or discharge, in whole or in part, any tax, note, or other obligation secured by a lien on the Lands, or any part of them or any interest in them, Grantee shall be subrogated to, shall succeed to, and may enforce all of the rights of the affected lien holder to secure the recovery of the amounts paid, together with interest and attorney's fees.

5. Without impairment of Grantee's rights under the warranty in event of failure of title, it is agreed that if this conveyance covers less interest in the oil, gas, Sulphur, or other minerals in all or any part of said Lands than the entire and undivided fee simple estate (whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein, if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

6. In this instrument, "including" means "including, but not limited to"; "other minerals" include coal, lignite, uranium, Sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantor" includes "Grantors, or any of them".

7. **INDEMNITY**: By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivery the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

8. **POWER OF ATTORNEY**: Coupled with the interest herein conveyed, Grantor does hereby irrevocably appoint and constitute Texas Resources Group as Grantor's Agent and Attorney-in-Fact for the limited purpose only of executing division orders, transfer orders, correction deeds or conveyances, amendments of description, amendments of Grantor's capacity, including typographical errors, and all other instruments as may be necessary for this conveyance of interest, so that Texas Resources Group may act in Grantor's place and stead for this limited purpose only. Texas Resources Group is also given, through this provision, the authority to correct the description of the property being conveyed, if necessary, to show the actual description of all properties owned by Grantor as reflected by the County Records in which said properties are located. This is a Durable Power of Attorney and is not affected by the subsequent disability or incapacity of the principal.

9. Grantor acknowledges and agrees that Grantee has made no representation or warranty of any kind to Grantor to entice or encourage Grantor to execute this instrument and to receive consideration therefore. Grantor recognizes and acknowledges that the interest herein conveyed may be worth more than the consideration received by Grantor therefore, particularly if drilling or production activity on the interest conveyed herein or in the vicinity thereof proves to be successful. Grantor recognizes and agrees that Grantor has been given the opportunity to ask questions Grantor may desire of Grantee and that the responses thereto given by Grantee were satisfactory to Grantor. If any provision(s) of this contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall remain valid.

10. **PARTIES AGREEMENT TO MEDIATION AND/OR ARBITRATION**: In the event of any dispute arising out of or relating to Grantor's execution and delivery of this contract, or the breach thereof, the parties first agree to participate in at least four (4) hours of mediation in accordance with the Commercial Mediation Rules of the American Arbitration Association, before having recourse to arbitration. If the mediation

procedure provided for herein does not resolve any such dispute, the parties agree that all disputes between the parties shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules and pursuant to the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (and all amendments thereto, if any). The award of the arbitrator issued pursuant hereto shall be final, binding and non-appealable. In the event a party fails to proceed with arbitration, challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

**11. EXEMPLARY & PUNITIVE DAMAGES:** Parties hereby waive any rights to punitive or exemplary damages and the Arbitrator(s) will not have the authority to award exemplary or punitive damages to either party.

**12. CHOICE OF VENUE:** This contract is performable in Dallas County, Texas. Any and all claims (without limitation) arising out of Grantor's execution of this contract, shall be resolved in Dallas County, Texas.

**13.** This instrument may be executed in multiple counterparts. Each counterpart is an original, and all counterparts together are one and the same instrument. This instrument binds each person who executes it, regardless of whether any other person executes it.

**14. TO HAVE AND TO HOLD** the above-described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, and/or themselves and theirs (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS, PLEASE READ CAREFULLY OR SEEK LEGAL COUNSEL PRIOR TO SIGNING. GRANTOR REPRESENTS AND WARRANTS THAT HE/SHE/IT HAS READ THE ENTIRE CONTRACT, OR HAS HAD IT READ TO HIM/HER/IT AND UNDERSTANDS AND AGREES TO THE TERMS OF THIS CONTRACT. NOTICE PURSUANT TO SB 436, CHAPTER 5, SUBCHAPTER F, OF THE TEXAS PROPERTY CODE: "BY EXECUTING AND DELIVERING THIS INSTRUMENT, YOU ARE SELLING ALL OR A PORTION OF YOUR MINERAL AND ROYALTY INTEREST IN THE ABOVE REFERENCED PROPERTY LOCATED IN POSEY COUNTY, INDIANA".

BY EXECUTING AND DELIVERING THIS INSTRUMENT (WHETHER RECORDED IN THE COUNTY/PARISH OR UNRECORDED), GRANTOR HEREBY AUTHORIZES ANY AND ALL OPERATORS, LESSEES, GATHERING COMPANIES OR PURCHASERS OF PRODUCTION, TO RELEASE THE FOLLOWING INFORMATION TO GRANTEE, GRANTEE'S AGENTS, HEIRS OR ASSIGNS: GRANTOR'S OWNERSHIP INTERESTS, INCLUDING GRANTOR'S DECIMAL INTEREST, NET/GROSS ACRES, PAYMENT HISTORY, LEGAL DESCRIPTIONS, UNIT OWNERSHIP AND BOUNDARIES, SUSPENSE ACOUNTS AND ALL OTHER INFORMATION REGARDING GRANTOR'S OWNERSHIP INTERESTS, WITHOUT LIMITATION, AND AS REQUESTED BY GRANTEE.

Witness the following signatures this ___13th___ day of ___July___, 2022, effective December 7th, 2021.

_Nicky Kay Michael_

**BACONE COLLEGE**

SSN / TAX ID ___73-0590036___

STATE OF ___Oklahoma___ §   **ACKNOWLEDGEMENT**
COUNTY OF ___Muskogee___ §
                          §
BEFORE ME, the undersigned authority, on this day personally appeared ___Nicky Kay Michael___, personally

After recording return to:
Texas Resources Group
P.O. BOX 670705
Dallas, TX 75367

www.TexasResourcesGroup.com

known to me to be the person whose name is subscribed to the foregoing instrument swore and acknowledged to me that he/she, being informed of the contents of same, executed the foregoing instrument for the purposes and consideration therein expressed and appeared to be of sound mind and under no fraud, duress or undue influence.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___13___ day of ___July___, 20 ___22___.

                                          (NOTARY SEAL HERE)

_Gail Shaffer_
Notary Signature
Notary Public for the State of ___Oklahoma___ My Commission Expires: ___March 22, 2026___

| NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA | Gail Shaffer |
|---|---|
| | Comm. # : 10002346 |
| | Exp. Date: 3/22/2026 |
| | County: Muskogee |

After recording return to:
Texas Resources Group
P.O. BOX 670705
Dallas, TX 75367

www.TexasResourcesGroup.com

## MINERAL AND ROYALTY DEED

| | |
|---|---|
| THE STATE OF OKLAHOMA | § |
| | § |
| COUNTY OF OKLAHOMA | § |

1. That **BACONE COLLEGE**
hereinafter referred to as Grantor (whether one or more), for Ten Dollars ($10.00) and other valuable consideration paid by **TEXAS RESOURCES ACQUISITIONS LLC**, P.O. BOX 670705, Dallas, Texas 75367, hereinafter referred to as Grantee (whether one or more), the receipt of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED, and by these presents does hereby GRANT, SELL, and CONVEY unto Grantee, its heirs, successors and assigns, forever, subject to the matters stated below, all of Grantor's undivided interest in and to all of the oil, gas, and other minerals, including without limitation all of the oil royalty, gas royalty, overriding royalty, royalty in casinghead gas and gasoline in, on and under, and that may be produced from, the following lands (the "Lands") in the County of Oklahoma, State of Oklahoma, to wit:

ALL OIL, GAS AND OTHER MINERAL INTERESTS OWNED BY GRANTOR IN OKLAHOMA COUNTY, OKLAHOMA, INCLUDING WITHOUT LIMITATION ALL OF THOSE CERTAIN TRACTS OR PARCELS OF LAND, WELLS, LEASES AND/OR UNITS REFERENCED, DESCRIBED, ATTACHED AND/OR PLATTED AS FOLLOWS:

### Section/Township/Range:

### 20-13N-3W

NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE LANDS INDIVIDUALLY DESCRIBED ABOVE ARE SET OUT FOR THE CONVENIENCE OF THE PARTIES AND SHALL NOT BE INTERPRETED AS LIMITING THIS GRANT, IT BEING THE INTENT OF THE PARTIES THAT THIS DEED COVER 100% OF OIL, GAS AND OTHER MINERAL INTERESTS OF EVERY KIND AND DESCRIPTION OWNED BY GRANTOR AND LOCATED IN OKLAHOMA COUNTY, OKLAHOMA, AND WHETHER OR NOT PARTICULARLY DESCRIBED ABOVE;

2. The "Lands" subject to this conveyance also includes all strips, gores, roadways, water bottoms, and other land adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantor. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall without additional consideration, execute, acknowledge, and deliver to Grantee, its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records.

3. FOR THE SAME CONSIDERATION, Grantor also sells, assigns, transfers, and conveys to Grantee, its successors and assigns, by this deed (i) the rights of ingress, egress, and possession at all times to mine, drill, and explore the Lands for oil, gas, and other minerals, and to produce, store, dehydrate, compress, treat, process, transport, market, and remove them from the Lands, and to exercise all other rights lawfully belonging to the oil, gas, and mineral estate; (ii) each valid and subsisting oil, gas, and/or other mineral lease (the "Lease", whether one or more) evidenced in the public records of the above-named county, insofar as it covers the Lands (and this conveyance is made subject to each such Lease, insofar as it covers the Lands), together with all royalties, shut-in royalties, delay rentals paid to extend the term within which operations may be conducted on the Lands, and other rights and interests under each such Lease, insofar as it covers the Lands; (iii) without limitation, all royalties, oil payments, gas payments, production payments, pooling payments, escheated funds or payments, revenues, payments, accounts, suspended funds, refunds, interest or overdue payments, and other things of value payable by any lessee, operator, purchaser of production, seller of production, or other parties or party whatsoever, with respect to any oil, gas, and/or other minerals produced from, or attributable to the Lands before the date of this conveyance (including all such production in any tank, truck, railcar, or pipeline); (iv) all liens and security interests securing the payment of such sums; and (v) all rights, claims, and causes of action of Grantor with respect to such sums, including without limitation, claims for the underpayment of past royalties; (vi) all of Grantor's future interests and after acquired title in and to the above described mineral and royalty interests (without limitation), insofar as they cover said Lands.

4. Grantee may, at its option and in addition to any other rights or remedies available to Grantee, pay all or part of any tax, note, or other obligation secured by a lien on the Lands, or any part of them or interest in them. If Grantee ever makes any such payment, or if any production, royalties, delay rentals, or other economic benefits of the estate conveyed by this instrument are ever applied by any lessee, purchaser of production, or other person to pay or discharge, in whole or in part, any tax, note, or other obligation secured by a lien on the Lands, or any part of them or any interest in them, Grantee shall be subrogated to, shall succeed to, and may enforce all of the rights of the affected lien holder to secure the recovery of the amounts paid, together with interest and attorney's fees.

5. Without impairment of Grantee's rights under the warranty in event of failure of title, it is agreed that if this conveyance covers less interest in the oil, gas, Sulphur, or other minerals in all or any part of said Lands than the entire and undivided fee simple estate (whether Grantor's interest is herein specified or not), or no interest therein, then the consideration shall be paid only in the proportion which the interest therein, if any, covered by this conveyance, bears to the whole and undivided fee simple estate therein.

6. In this instrument, "including" means "including, but not limited to"; "other minerals" include coal, lignite, uranium, Sulphur, iron ore, and every other "mineral" now or hereafter recognized as such under the laws of Texas; the plural includes the singular, and vice versa; each gender includes the others; and references to "Grantor" includes "Grantors, or any of them".

7. INDEMNITY: By execution of this instrument, Grantor also authorizes and directs all persons responsible for paying and/or delivering the royalties subject to this instrument (the "subject royalties") to commence paying and/or delivering the subject royalties to Grantee in accordance with this instrument. Grantor warrants and represents to each such person and to that person's heirs, successors, assigns, and legal representatives that prior to making this conveyance, Grantor was the lawful owner of the subject royalties and that Grantor has not heretofore conveyed the subject royalties to any other person. Grantor shall indemnify and hold each person responsible for paying and/or delivering the subject royalties, and that person's heirs, successors, assigns, and legal representatives harmless from and against any lawful claims to the subject royalties by, through, or under Grantor.

9. Grantor acknowledges and agrees that Grantee has made no representation or warranty of any kind to Grantor to entice or encourage Grantor to execute this instrument and to receive consideration therefore. Grantor recognizes and acknowledges that the interest herein conveyed may be worth more than the consideration received by Grantor therefore, particularly if drilling or production activity on the interest conveyed herein or in the vicinity thereof proves to be successful. Grantor recognizes and agrees that Grantor has been given the opportunity to ask questions Grantor may desire of Grantee and that the responses thereto given by Grantee were satisfactory to Grantor. If any provision(s) of this contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall remain valid.

10. **PARTIES AGREEMENT TO MEDIATION AND/OR ARBITRATION:** In the event of any dispute arising out of or relating to Grantor's execution and delivery of this contract, or the breach thereof, the parties first agree to participate in at least four (4) hours of mediation in accordance with the Commercial Mediation Rules of the American Arbitration Association, before having recourse to arbitration. If the mediation procedure provided for herein does not resolve any such dispute, the parties agree that all disputes between the parties shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules and pursuant to the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (and all amendments thereto, if any). The award of the arbitrator issued pursuant hereto shall be final, binding and non-appealable. In the event a party fails to proceed with arbitration, challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

11. **EXEMPLARY & PUNITIVE DAMAGES:** Parties hereby waive any rights to punitive or exemplary damages and the Arbitrator(s) will not have the authority to award exemplary or punitive damages to either party.

12. **CHOICE OF VENUE:** This contract is performable in Dallas County, Texas. Any and all claims (without limitation) arising out of Grantor's execution of this contract, shall be resolved in Dallas County, Texas.

13. This instrument may be executed in multiple counterparts. Each counterpart is an original, and all counterparts together are one and the same instrument. This instrument binds each person who executes it, regardless of whether any other person executes it.

14. **TO HAVE AND TO HOLD** the above-described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging, unto said Grantee, and the Grantee's heirs, successors, administrators, executors and assigns forever, and the Grantor does hereby bind himself and his, herself and her, itself and its, and/or themselves and theirs (as the case may be) heirs, successors, administrators, executors, and assigns to warrant and forever defend all and singular, the said property and rights unto the said Grantee, and Grantee's heirs, successors, administrators, executors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS, PLEASE READ CAREFULLY OR SEEK LEGAL COUNSEL PRIOR TO SIGNING. GRANTOR REPRESENTS AND WARRANTS THAT HE/SHE/IT HAS READ THE ENTIRE CONTRACT, OR HAS HAD IT READ TO HIM/HER/IT AND UNDERSTANDS AND AGREES TO THE TERMS OF THIS CONTRACT. NOTICE PURSUANT TO SB 436, CHAPTER 5, SUBCHAPTER F, OF THE TEXAS PROPERTY CODE: "BY EXECUTING AND DELIVERING THIS INSTRUMENT, YOU ARE SELLING ALL OR A PORTION OF YOUR MINERAL AND ROYALTY INTEREST IN THE ABOVE REFERENCED PROPERTY LOCATED IN LATIMER COUNTY, OKLAHOMA".

BY EXECUTING AND DELIVERING THIS INSTRUMENT (WHETHER RECORDED IN THE COUNTY/PARISH OR UNRECORDED), GRANTOR HEREBY AUTHORIZES ANY AND ALL OPERATORS, LESSEES, GATHERING COMPANIES OR PURCHASERS OF PRODUCTION, TO RELEASE THE FOLLOWING INFORMATION TO GRANTEE, GRANTEE'S AGENTS, HEIRS OR ASSIGNS: GRANTOR'S OWNERSHIP INTERESTS, INCLUDING GRANTOR'S DECIMAL INTEREST, NET/GROSS ACRES, PAYMENT HISTORY, LEGAL DESCRIPTIONS, UNIT OWNERSHIP AND BOUNDARIES, SUSPENSE ACOUNTS AND ALL OTHER INFORMATION REGARDING GRANTOR'S OWNERSHIP INTERESTS, WITHOUT LIMITATION, AND AS REQUESTED BY GRANTEE.

Witness the following signatures, this _13th_ day of _July_, 2022, effective December 7th, 2021.

_Nicky Kay Michael_

**BACONE COLLEGE**

SSN / TAX ID _73-0590036_

STATE OF _Oklahoma_ §

COUNTY OF _Muskogee_ §

§

**ACKNOWLEDGEMENT**

BEFORE ME, the undersigned authority, on this day personally appeared _Nicky Kay Michael_, personally known to me to be the person whose name is subscribed to the foregoing instrument swore and acknowledged to me that he/she, being informed of the contents of same, executed the foregoing instrument for the purposes and consideration therein expressed and appeared to be of sound mind and under no fraud, duress or undue influence.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _13_ day of _July_, 20_22_.

HERE)

(NOTARY SEAL

_Gail Shaffer_

Notary Signature

Notary Public for the State of _Oklahoma_ My Commission Expires: _March 22, 2026_

| NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA | Gail Shaffer<br>Comm. # : 10002346<br>Exp. Date: 3/22/2026<br>County: Muskogee |
|---|---|

After recording return to:
Texas Resources Group
P.O. BOX 670705
Dallas, TX 75367

www.TexasResourcesGroup.com

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Eastern District of Oklahoma

**In re**    Bacone College

Case No.    **24-80487**

**Debtor**

Chapter    **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ......................................................................    **Fee Application**

Prior to the filing of this statement I have received ..........................................................    **$10,041.00**

Balance Due .......................................................................................................................    **Fee Application**

2.    **$1,738.00**    of the filing fee has been paid.

3.    The source of the compensation paid to me was:

☑ Debtor        ☐ Other (specify)

4.    The source of compensation to be paid to me is:

☑ Debtor        ☐ Other (specify)

5.    ☐  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☑  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

includes filing fee

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.    Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b.    Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

B2030 (Form 2030) (12/15)

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

07/05/2024                                        /s/ Ron Brown

*Date*                                            Ron Brown
                                                  *Signature of Attorney*

                                                        Bar Number: 16352
                                                        Brown Law Firm PC
                                                        1609 E. 4th St.
                                                        Tulsa, OK 74120
                                                        Phone: (918) 585-9500

                                                  **Brown Law Firm PC**
                                                  *Name of law firm*