**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **BACONE COLLEGE,** | ) | **Case No. 24-80487** |
| | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |

## MHEC'S MOTION TO DISMISS

Pursuant to 11 U.S.C. § 1112(b)[1], Creditor MHEC, LLC d/b/a Midgley-Huber Energy Concepts ("MHEC") moves the Court to convert this Chapter 11 case filed by Debtor Bacone College (the "Debtor") to a case under Chapter 7 as follows:

## FACTUAL AND PROCEDURAL HISTORY

1.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and this Court has jurisdiction over the parties and subject matter herein.

2.      Venue of this case, and this Motion, in this district proper pursuant to 28 U.S.C. §§ 1408, 1409.

3.      Bacone College ("*Debtor*") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 21, 2024 (the "*Petition Date*").

4.      The Debtor continues as Debtor In Possession and no trustee has been requested or appointed.

### PROCEDURAL HISTORY

5.      On September 9, 2021, MHEC filed a civil lawsuit against the Debtor in the District

---

[1] Unless otherwise stated all references to (i) statutory citations are to Title 11 of the United States Code, (ii) Federal Rules of Bankruptcy Procedure are noted "FRBP", and (iii) the local rules for the United States Bankruptcy Court for the Eastern District of Oklahoma are noted "LR."

Court of Muskogee County, Oklahoma (the "State Court") in case No. CJ-2021-00229 (the "Foreclosure Case").

6.      On January 1, 2023, the State Court entered a Judgment in favor of MHEC against the Debtor (the "Judgment"), a copy of which is attached hereto as "Exhibit A". The Debtor's appeal of the Judgment was dismissed on May 12, 2023, rending the Judgment a final order as to the Debtor. The Debtor was represented by counsel at all relevant times and actively opposed virtually every action taken by MHEC in the Foreclosure Case.  The Judgment made findings of fact as set forth below which are issue preclusive as to the Debtor.  Specifically, the State Court found:

a.   Chris Oberle, MHEC's President, and Bacone, by and through its President, Ferlin Clark, entered into an Energy Services Agreement on August 20, 2020 (the "Contract"). The Contract's scope of services involved, *inter alia*, the installation of "energy conservation equipment" or HVAC units, filters, the replacement or retrofitting of light fixtures with those that support use of LED bulbs and other changes (the "Work"). Pursuant to the Contract, Bacone agreed to pay MHEC $1,019,000.00, which was subsequently raised to $1,038,500.00 as a result of increases in the scope of the Work.

b.   Ferlin Clark, on behalf of Bacone, signed a "Notice to Proceed" (for MHEC to begin the Work) on August 20, 2020 - the same day he signed the Contract.

c.   In addition to the Work, the Contract also provided that "MHEC will also assist [Bacone] in obtaining financing for the Project." The Contract states

that MHEC would be required to furnish the Work "[u]pon MHEC's receipt of (i) a Notice to Proceed . . . and (ii) evidence of the funding of an escrow account pursuant to the Lease with immediately available funds sufficient for the payment of the Contract Cost. . .." The Contract further provided that "[Bacone] agrees and acknowledges that its obligation to make the payments to MHEC set forth in this Agreement are in no way contingent on the effectiveness of the Lease." Under the Contract, Bacone also agreed to "[n]otify MHEC immediately in the event of any malfunction in the operation of the [Work] or the equipment installed hereunder."

d. As a result of Bacone executing the Contract, the Notice to Proceed, together with Bacone's requests that MHEC start as soon as possible, MHEC commenced its Work on August 31, 2020, which MHEC subsequently completed. The Work was performed by competent laborers, the material and equipment were new and of appropriate quality. The Work complied with the requirements of the Contract, and MHEC maintained the Project in a reasonably clean condition, all in accordance with the Contract.

e. Obtaining financing and evidence of the funding of the escrow account pursuant to any lease in the Contract were not conditions precedent to Bacone's payment obligations under the plain and unambiguous language of the Contract. *M.J. Lee Const. Co. v. Okla. Transp. Auth.,* 2005 OK 87, 125 P.3d 1205; *Moore v. Continental Casualty Co.*, 366 F.Supp. 954 (W.D. Okla. 1973); *also Mularz v. Greater Park City Company*, 623 F. 2d 139 (10th Cir. 1980).

3

f. As a result of Bacone executing the Contract and the Notice to Proceed, coupled with Bacone's requests that MHEC start as soon as possible (which MHEC did), Bacone waived any alleged requirement to obtain evidence of the funding of an escrow account. *Oklahoma Improved Seed Co. v. Smith*, 1935 OK 1083, 51 P.2d 563.  In so doing, Bacone and MHEC also altered the Contract by way of an executed oral agreement, further excusing any alleged requirement to obtain evidence of the funding of an escrow account prior to starting the Work. 15 O.S. 2021, § 237; *U.S. for the Use and Benefit of American Insurance Co*., 835 F.2d 745 (10th Cir. 1987); *Flour Mills of America, Inc. v. American Steel Building Co*., 1968 OK 15, 449 P.2d 861; *Kenison v. Baldwin*, 1960 OK 93, 351 P.2d 307; *Ferguson Advisors, LLC v. Malherbe*, 2012 OK CIV APP 33, 274 P.3d 839.

g. Bacone also prevented the funding of the escrow account due to its own conduct and inaction. Bacone cannot benefit from the Contract, while simultaneously escaping liability thereunder as a result of its own failures. *Chilton v. Oklahoma Tire & Supply Co.*, 1937 OK 168, 67 P.2d 27.

h. After the Work was performed, Mary Jo Pratt, Bacone's CFO, by letter dated February 4, 2021, even recognized the energy savings brought about by MHEC's completed Work.

i. MHEC did not receive notice from Bacone regarding any malfunction or defect in the Work after completing the same.

j. To date, Bacone has not paid MHEC the agreed Contract amount,

4

$1,038,500.00.

    k.    Bacone never attempted to rescind the Contract or offer to restore to MHEC everything of value that Bacone received under the Contract. The parties cannot be placed in the position they would have been in had the Contract never existed. Therefore, Bacone is not entitled to rescind the Contract. *Hooper v. Commercial Lumber Co.*, 1959 OK 87, 341 P.2d 596.

    l.    On July 8, 2021, MHEC filed a mechanic's or materialman's lien statement in the Muskogee County Clerk's office against Bacone College's real property and all of the improvements located at 2299 Old Bacone Road, Muskogee, Oklahoma (the "Property").

7.    The legal description of the Property is attached hereto as "Exhibit B". The other relevant documents referred to above and in the Judgment are available upon request directed to the undersigned counsel for MHEC.

8.    On April 11, 2023, the State Court granted MHEC's motion for attorney fees, costs and interest thereby adding $71,760.25 in attorneys' fees, $2,931.88 in costs, and $282,294.58 in prejudgment interest incurred through January 23, 2022, for a total of $356,986.71, plus post-judgment interest at the rate of 1½% per month after January 23, 2023 to the judgment claim of MHEC against the Debtor (the "Fee Order"). As of the Petition Date, the total amount owed to MHEC was $1,756,783.95 with interest accruing thereafter at 1½% per month or $547.52 per diem. The Fee Order is attached hereto as "Exhibit C".

9.    In addition to the above claims, MHEC assets a claim under § 506(b) for all of its accrued and accruing post-petition interest, attorney fees, expert witness fees, costs and expenses

(the "506(c) Claim"). The amounts owed MHEC under the Judgment, the Fee Order and the 506(c) claim are collectively , the "MHEC Claim."

10.    MHEC issued garnishments and executions to enforce the Judgment without success. The automatic stay issued upon the filing of this case by the Debtor presently enjoins further action by MHEC to enforce the Judgment and the Fee Order.

11.    Based on information on the Debtor's website:

    m.  "Bacone College campus is open for day-to-day operations but will not be enrolling students until further notice."

    n.  The Debtor received a letter from the Higher Learning Commission[2] dated July 2, 2024 advising: "This letter is formal notification of action taken by the Higher Learning Commission (HLC) Board of Trustees ("the Board") concerning Bacone College ("the Institution"). At its meeting on June 27, 2024, the Board acted to withdraw the accreditation of Bacone College."

12.    Based on information on the above information, the Debtor is not maintaining its operations consistent with its historical ordinary course of business and was not a going concern as of the Petition Date.

13.    Attached as "<u>Exhibit D</u>" is a summary of all creditors claiming liens upon the Property which total $2,690,696.76 (the "Lien Claims").

14.    MHEC has engaged an appraiser to provide a current opinion of the fair market value of the Property and will supplement this pleading upon receiving the appraiser's opinion.

---

[2] Per its website, "The Higher Learning Commission (HLC) is an independent corporation that was founded in 1895 as one of seven regional accreditors in the United States. HLC accredits degree-granting post-secondary educational institutions in the United States. See: www.hlcommission.org.

15. The Debtor claims it may receive funds from the Federal Government under Employee Retention Credit (ERC)[3] program sometime in 2025 for sums perhaps exceeding $1,000,000 (the "ERC Refund Claim").

## ARGUMENT AND AUTHORITIES

16. MHEC asks the Court to convert this case to a case under Chapter 7.

**I. General standard for dismissal.**

17. Section 1112 of the Code provides for conversion of a Chapter 11 case to a case under Chapter 7 for cause when conversion is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b)(1). Section 1112 goes on to delineate several non-exclusive acts constituting "cause" for conversion including a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

18. The Court has broad discretion under § 1112.[4] "Section 1112(b)(4) is not an exclusive list of all conditions that might constitute cause for dismissal of a Chapter 11 case."[5] Courts often consider a lack of good faith as a "cause" for dismissal or conversion.[6]

19. To determine whether conversion or dismissal is appropriate, courts employ a balancing test considering the best interest of the creditors and the best interest of the estate.[7] "It is not necessary that the interest of *every* creditor actually favor" dismissal or conversion. *In re*

---

[3] Employee Retention Credit (ERC) – sometimes called the Employee Retention Tax Credit or ERTC – is a refundable tax credit for certain eligible businesses and tax-exempt organizations that had employees and were affected during the COVID-19 pandemic.
[4] *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) (citing S.Rep. No. 989, 95th Cong., 2d Sess., 117, reprinted in 1978 U.S. Code Cong. & Admin. News. 5787, 5903); *In re Koerner*, 800 F.2d 1358, 1367 (5th Cir. 1986)).
[5] *In re MV Pipeline Co.*, 2007 WL 1452591 (Bankr. E.D. Okla. 2007).
[6] *Little Creek Dev. Co. v. Commonwealth Mortgage Corp.* (*In re Little Creek Dev. Co.*), 779 F.2d 1068, 1071 (5th Cir. 1986)
[7] *In re Staff Inv. Co.*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992).

7

*Staff*, 146 B.R. at 261. "The interest of a single creditor with a large enough claim" will meet this test. *Id.* The best interests of the estate "focuses on whether the economic value of the estate is greater inside or outside of bankruptcy." *Id.* The ERC Refund Claim appears to be unencumbered, therefore this case should be converted to a case under Chapter 7 to preserve this claim for the benefit of the unsecured creditors.

## II.     There is continuing diminution of the estate no reasonable likelihood of rehabilitation of the Debtor.

20.     A Chapter 11 case may be dismissed where there is no reasonable likelihood of rehabilitation of the debtor.[8] "Reasonable likelihood of rehabilitation means to put back in good operating condition or to reestablish business on a firm, sound basis."[9] "[A] debtor should not be permitted to continue in a futile effort to reorganize."[10]

21.     Section 1112(b)(4)(A) requires the bankruptcy court to find an absence of a reasonable likelihood of rehabilitation. "The issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort."[11] "Rehabilitation is a different and much more demanding standard than reorganization."[12] *See also In re Muth*, 514 B.R. 719 (10th Cir. BAP (Colo.) 2014) ("Dismissal under § 1112(b)(2) is appropriate where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so whether the

---

[8] *See In re Vallejo,* 77 B.R. 365 (Bankr. D. Puerto Rico 1987).

[9] *Id.* at 367 (citing *In re Wright Airlines, Inc.*, 51 B.R. 96 (Bankr. D. Ohio 1985)).

[10] *Id.* at 367-68 (citing *In re Mocon Prestressed Concrete Co.*, 61 B.R. 432, 436 (Bankr. M.D. Ga. 1986)).

[11] *In re Wallace*, 2010 WL 378351 at *4 (Bankr. D. Idaho Jan. 26, 2010) (quotations and citations omitted).

[12] *In re Creekside Senior Apartments, L.P.*, 489 B.R. 51, 61 (6th Cir. BAP 2013) (citing *In re Brutsche*, 476 B.R. 298, 301 (Bankr. D.N.M. 2012) (citing 7 COLLIER ON BANKRUPTCY at ¶ 1112.04[6][a][ii] ))." *In re Red Door Lounge, Inc.*, supra. at 735.

8

reason for the debtor's inability to file is its poor financial condition, the structure of the claims against it, or some other reason.") and *In re Preferred Door Co., Inc.*, 990 F.2d 547, 549 (10th Cir. 1993) (Under section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), a bankruptcy court has broad discretion to convert a Chapter 11 case to a Chapter 7 proceeding or to dismiss a case for several causes, including the debtor's inability to effectuate a plan. Inability to effectuate a plan arises when the debtor lacks the capacity "to formulate a plan or to carry one out.") (internal citations omitted).

22.     It is the movant's burden to prove by a preponderance of the evidence that cause for dismissal or conversion exists.[13]  MHEC has engaged David Payne as its expert and will be prepared to offer a more extensive analysis of the feasibility issues in this case at the evidentiary hearing on this Motion.

23.     The Debtor does not appear to have the economic ability to pay the $2,700,000 owed to the Lien Claims necessary to meet the confirmation standards rendering any plan unconfirmable. If cause is established, the burden shifts to the opposing party to establish that "unusual circumstances" exist that establish that dismissal or conversion is not in the best interests of creditors and the estate.[14] The objecting party must also establish under §1112(b)(2)(A) and (B), that there is a reasonable likelihood that (1) a plan will be confirmed within a reasonable time, (2) "cause" for dismissal includes grounds other than a continuing loss or diminution of the estate, (3) there is a reasonable justification for the act or omission that establishes grounds for dismissal, and (4) such actions will be cured within a reasonable period of time.[15] It is the Debtor's burden

---

[13] *In re Vista Foods, U.S.A. Inc.,* 226 B.R. 284 (Table) (B.A.P. 10th Cir. 1997) *citing In re Woodbrook Assocs.,* 19 F.3d 312 (7th Cir. 1994).
[14] § 1112(b)(2).
[15] *In re Whetten,* 473  .R. 380 (Bankr. D. Colo. 2012) citing 7 Collier on Bankruptcy 1112.05[2], 16th Ed.

9

to specifically identify unusual circumstances which demonstrate that dismissal is not in the best interests of creditors and the estate, and to show there is a reasonable prospect a plan will be confirmed within a reasonable period of time.[16]

24.     "The bankruptcy court has broad discretion under § 1112(b)."[17] In case, the Debtor is effectively out of business and upon information and belief, many of its buildings are in disrepair and are contaminated by mold. All indications are that the Debtor has been in financial distress for an extended period of time and simply has not had the available cash to pay MHEC, maintain its assets or academic accreditation. This situation is very common among companies in financial distress and is not at all an unusual or exceptional circumstance rendering the possibility of a rehabilitation of the Debtor virtually impossible.

25.     The continuation of this case under Chapter 11 will result in a continuing accrual of unnecessary administrative expenses diluting any possible distribution to unsecured creditors from the possible ERC refund.

26.     This case should be converted to a case under Chapter 7 because there is no confirmable plan in prospect and allowing this case to continue to proceed under Chapter 11 will continue to dilute the recovery to creditors by the accrual of interest on secured claims and the apparently inability to pay the accruing administrative claims.

## III.    This proceeding should be dismissed for lack of good faith.

27.     "Every bankruptcy statute since 1989 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of

---

[16] *Woodbrook Assocs.,* 19 F.3d at 317. *See also In re Picacho Hills Utility Co., Inc.,* 518 B.R. 75, 81 (Bankr. D.N.M. 2014) ("To remain in Chapter 11, debtors are generally expected to 'point to a reasonable plan of reorganization….'" (citations omitted).
[17] *Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir. 1989).

bankruptcy proceedings."[18] The good faith standard has as its goal prevention of "abuse of the bankruptcy process, or the rights or others, involving conduct or situations only peripherally related to the economic interplay between the debtor and the creditor community."[19] "[T]he petition must be filed with honest intent and genuine desire to utilize the provisions of the Code to reorganize and not merely as a device to serve some sinister or unworthy purpose and the courts should not and cannot tolerate such misuse of the reorganization process."[20] Bankruptcy courts have authority to dismiss or convert Chapter 11 petition for lack of good faith under §§ 105 and 112.[21]

28.     A determination of good faith hinges on consideration of "*all* the facts and circumstances in the case."[22] "Factors relevant in examining whether a Chapter 11 petition has been filed in good faith include whether the debtor has any assets, whether the debtor had an ongoing business to reorganize, and whether there was a reasonable probability of a plan being proposed and confirmed."[23] Situations in which good faith have been found lacking include "use of bankruptcy as a vehicle to defraud others," "the persistent failure to comply with applicable court orders, rules or procedures," "the secretion of property and other efforts to avoid the disclosure of assets," and "use of the bankruptcy system simply to avoid the consequences of prior misconduct," "the absence of any likelihood of rehabilitation."[24]

---

[18] *Matter of Little Creek Dev. Co.,* 779 F.2d 1068, 1071 (5th Cir. 1986).
[19] *In re Victory Constr. Co., Inc.*, 9 B.R. 549, 559 (Bankr. C.D. Cal. 1981).
[20] *In re Hammersmith Trust, LLC*, 243 B.R. 795, 800 (Bankr. M.D. Fla. 1999).
[21] *In re Hartford Run Apartments of Buford, Ltd.*, 102 B.R. 130, 132 (Bankr. S.D. Ohio 1989) (citing *Merrill v. Allen* (*In re Universal Clearing House*), 60 B.R. 985 (D. Utah 1986)).
[22] *Del Rio Dev., Inc. v. First Liberty Fin., Inc.* (*In re Del Rio Dev., Inc.*), 35 B.R. 127, 129 (9th Cir. B.A.P. 1983)(emphasis in original).
[23] *In re Paolo Gucci,* 174 B.R. 401, 410 (Bankr. S.D.N.Y. 1994) (citing *In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir.1985); *In re Int'l Oriental Rug Center, Inc.*, 165 B.R. 436, 442 (Bankr. N.D.Ill.1994).
[24] *See* 7 Collier on Bankruptcy ¶ 1112.07[2] (15th Ed. Revised) and cases cited therein.

29.     "A Chapter 11 case can be dismissed if it was filed in bad faith."[25] Indicia of a bad faith filing include "improper pre-petition conduct of the debtor," "a judgment against the debtor for which the debtor cannot afford to post bond;" and "there is no possibility of reorganization."[26]

30.     Numerous courts, including the Tenth Circuit Court of Appeals, have found that a debtor's bad faith in filing its petition for relief constitutes cause for dismissal or conversion of the bankruptcy case. See *In re Muth*, 514 B.R. 719 (10th Cir. BAP (Colo.) 2014) ("Although a debtor's bad faith in filing a petition is not an enumerated ground for dismissal under § 1112(b), courts have overwhelmingly held that proof of such an allegation may be 'cause' for dismissal"); *In re Nichols*, 223 B.R. 353, 359 (Bankr. N.D. Okla. 1998) ("it is well established that a bankruptcy case which is not filed in good faith may be dismissed under this section"); and *In re First Assured Warranty Corp.*, 383 B.R. 502, 542 (Bankr. D. Colo. 2008) ("Although a debtor's bad faith in filing a petition is not an enumerated ground for dismissal under § 1112(b), courts have overwhelmingly held that proof of such an allegation may be "cause" for dismissal.").

31.     Precisely what constitutes bad faith is left to the courts to determine. However, the 10th Circuit Court of Appeals[27] cited with the approval the list of factors enumerated by the 6th Circuit[28] to consider when deciding whether a debtor has acted in bad faith. These factors include, whether:

> (1) the debtor has one asset; (2) the pre-petition conduct of the debtor has been improper; (3) there are only a few unsecured creditors; (4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court; (5) the debtor and one creditor have proceeded

---

[25] *Id.* (citing *In re Muskogee Environmental Conservation Co.*, 236 B.R. 57, 66 (Bankr. N.D. Okla. 1999)).
[26] *In re MVP Pipeline Co.*, 2007 WL 1452591 at *13.
[27] *In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1416 (10th Cir. 1996)
[28] *Laguna Assocs. Ltd. Partnership v. Aetna Casualty & Sur. Co.*, 30 F.3d 734, 738 (6th Cir. 1994) and *In re First Assured Warranty Corp.,* 383 B.R. 502, 543 (Bankr. D. Colo. 2007).

to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford; (6) the filing of the petition effectively allows the debtor to evade court orders; (7) the debtor has no ongoing business or employees; and (8) the lack of possibility of reorganization.

32.    Most of the bad faith factors are present in this case as follows:

a.    **The debtor has one asset.**  The Property is the Debtor's only meaningful asset.

b.    **The pre-petition conduct of the debtor has been improper.**  The Debtor induced MHEC to provide the goods and services to substantially upgrade its HVAC systems knowing it did not have the funding to pay for the same. Bacone also prevented the funding of the escrow account due to its own conduct and inaction.

c.    **There are only a few unsecured creditors.**  There are only 20 unsecured creditors in this case.

d.    **The debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court.**  The Debtor fought MHEC at every turn for 610 days only to lose. MHEC has attempted to enforce the Judgment and is now stayed.

e.    **The debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford.**  The Debtor fought MHEC at every turn for 610 days only to lose and was unable to post a bond when it appealed the Judgment. The Debtor and its proxies continued to fight with MHEC in the Foreclosure Case up to the Petition Date.

13

f. **The filing of the petition effectively allows the debtor to evade court orders.** MHEC is unable to enforce the Judgment due to the filing of this case.

g. **The debtor has no ongoing business or employees.** The Debtor has no students and is not enrolling any new students, plus its accreditation has been lost. The Debtor is not a going concern.

h. **The lack of possibility of reorganization.** The Debtor is not a going concern as stated above and cannot generate sufficient net operating income to pay its administrative claims or fund a plan of reorganization.

i. **The Chapter 11 filing stopped the foreclosure.** The filing of this case certainly stopped the Foreclosure Case.

33.     In this case, as discussed above, the Debtor has no possibility of reorganization or rehabilitation. This case is nothing more than another of the Debtor's continuing efforts to hinder and delay the MHEC from collecting its debts.

34.     This case was filed in bad faith and should be converted to a case under Chapter 7.

**IV.     Conversion is in the best interests of the creditors.**

35.     It is in the best interests of all creditors that the case be converted so MHEC may obtain stay relief to permit the receiver in the State Court Case can continue to preserve and protect the MHEC's collateral, which comprises most, if not all, of the assets with any meaningful value in this case except for the possible ERC Refund Claim. When determining whether to dismiss a case, the Court must balance the equities to determine what best serves the creditors and the

14

estate.[29] Here, equity requires that the Receiver be allowed to continue with his administration of the State Court Case but dictate conversion to a case under Chapter 7 to provide a Trustee to collect the ERC Refund Claim.

## **CONCLUSION**

36.     For the foregoing reasons, the MHEC asks that the Court convert this case to a case under Chapter 7.

---

[29] H. R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S. Code Cong. & Ad. News 5787.

Case 24-80487    Doc 35    Filed 07/15/24    Entered 07/15/24 12:37:40    Desc Main
Document      Page 15 of 22

Respectfully submitted,

_s/ Mark A. Craige_
Mark A. Craige, OBA #1992
Alexander Sokolosky, OBA #33614

-Of the Firm-

**CROWE & DUNLEVY**
A Professional Corporation
222 North Detroit Avenue
Suite 600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)
mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

_Attorneys for MHEC_

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July ___, 2024, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system on all parties receiving notice in this case via the CM/ECF system.

The undersigned further certifies that on the same day a true and correct copy of the foregoing pleading to be placed in the United States Mail, first class mail with postage duly prepaid thereon to the Matrix attached hereto as "<u>Exhibit 1</u>."

<u>*s/ Mark A. Craige*</u>
Mark A. Craige

Case 24-80487    Doc 35    Filed 07/15/24    Entered 07/15/24 12:37:40    Desc Main
Document      Page 17 of 22

```
Label Matrix for local noticing          A-1 Auto Repair                          AAdvantage Laundry Systems
1086-7                                    c/o E Brewer, Sr                        7626 E 46th Pl
Case 24-80487                             110 Douglas St                          Tulsa, OK 74145-6308
Eastern District of Oklahoma              Muskogee, OK 74401-4165
Muskogee
Fri Jul 12 15:57:21 CDT 2024

ACME-Reese Air Conditioning               AT&T                                    Aceco Rentals & Sales, Inc.
304 Callahan St                           819 W Shawnee Byp                       c/o David Russell
Muskogee, OK 74403-5128                   Muskogee, OK 74401                      1125 W Shawnee St
                                                                                  Muskogee, OK 74401-3405


(p)ALLIANCE FUNDING GROUP                 AlumniSync                              Amanda Seney
17542 17TH STREET                         Po Box 2309                             6005 Nw 54th St
SUITE 200                                 Mt Pleasant, SC 29465-2309              Oklahoma City, OK 73122-6003
TUSTIN CA 92780-1960


American Baptist Home Mission Society     American Document Shredding, LLC        Arctic Sales & Leasing
1075 First Avenue                         c/o D Herneisen                         7890 E 11th St
King of Prussia, PA 19406-1396            7254 E 38th St                          Tulsa, OK 74112-5738
                                          Tulsa, OK 74145-3230


BIGGSMITTY. LLC                           BSN Sports, LLC                         Bacone College
c/o Stephen Smitherman                    624 S Denver Ave Ste 300                2299 Old Bacone Rd
7820 PEARL STREET                         Tulsa, OK 74119-1075                    Muskogee, OK 74403-1568
Wheatland, OK 73097


Balackbaud                                Barrow & Grimm, PC                      Beam Insurance Administrators, LLC
65 Fairchild St                           110 W Seventh Street, Suite 900         10300 Greenbriar Pl
Daniel Island, SC 29492-7541              Tulsa, OK 74119-1258                    Oklahoma City, OK 73159-7653


Berman & Rabin PA                         Bethany College                         Ron D Brown
2575 Kelley Pointe Pkwy Suite 100         31 E Campus Dr                          Ron Brown
Edmond, OK 73013-2916                     Bethany, WV 26032-3002                  1609 E. 4th St.
                                                                                  Tulsa, OK 74120


C&C Cooling                               Cards Waste Management and Recycling    City of Muskogee
4629 W Rogers Blvd Ste A                  2839 E. Township St                     229 W Okmulgee St
Skiatook, OK 74070-3922                   3739 N Steele Blvd Suite 300            Muskogee, OK 74401-7033
                                          Fayetteville, AR 72703-5399


College Tournaments Hawaii, LLC           Community Care HMO, Inc                 Corectec
190 Ke Ala Nohana Rd #22B                 c/o G. Gill                             PO Box 7275
Honolulu, HI 96817-1554                   2 W 2nd St Ste 100                      Athens, GA 30604-7275
                                          Tulsa, OK 74103-3121


Mark A. Craige                            DMI Restoration Inc.                    Debt Go Collection and Recovery Services
Crowe & Dunlevy                           7122 S Sheridan Rd # 451                PO Box Box 16657
222 N. Detroit Ave.                       Tulsa, OK 74133-2774                    Kansas City, MO 64133-0757
Suite 600
Tulsa, OK 74103-2412
```

EXHIBIT 1

Discount Tires
c/o Mike Wiseman
503 N 32nd St
Muskogee, OK 74401-2073

ERC Recovery Group
4801 Woodway Dr Ste 420W
Houston, TX 77056-1822

Ecolab Inc.
1833 S Morgan Rd
Oklahoma City, OK 73128-7004

Elsevier Inc
201 Se 2nd Ave Ste 201
Gainesville, FL 32601-5808

Endex, Inc., of Tulsa
c/o E. Moore
10827 E Marshall St Ste 107
Tulsa, OK 74116-5663

FA Solutions LLC
600 1st Ave N Ste 302
St Petersburg, FL 33701-3609

Federal Student Aid
A Division of the US Dept of Education
830 First Street NE
Washington, DC 20002-8058

Felkner Sanders and Associates
3033 NW 63rd Street Suite 100E
Oklahoma City, OK 73116-3607

Firstar Bank
510 N Main St
Muskogee, OK 74401-6345

FleetCor Technologies, Inc.
3280 Peachtree Rd Ne Ste 2400
Atlanta, GA 30305-2453

G4 SSL Bat Testing Solutions, LLC
1947 Crestview Dr
Moscow, ID 83843-9657

GE Money Bank/ Amazon
901 Main Ave
Norwalk, CT 06851-1168

Guard Tronic
127 South Lee
Fort Gibson, OK 74434

Herff Jones
P.O. Box 68501
Indianapolis, IN 46268-0501

Huntington LLC
c/o J. Morgan
303 Linwood Ave
Fairfield, CT 06824-4961

Internal Revenue Service
55 N Robinson Ave
Oklahoma City, OK 73102-9229

Internal Revenue Service
POB 7346
Philadelphia PA 19101-7346

J2 Global Canada
New York, NY 10011

Jason Seney
4127 E 130th Pl N
Skiatook, OK 74070-3599

Johnstone Supply
c/o A Temple
1640 E Kemper Rd
Cincinnati, OH 45246-2806

Kanati Strategies, LLC
25981 E 161st St S
Coweta, OK 74429-5313

Mary Kindelt
DOJ-Ust
P.O. Box 3044
Tulsa, OK 74101-3044

Kinsale Insurance Company
2035 Maywill Street 100
Richmond, VA 23230-3215

Kone Inc.
3701 Sw 29th St
Oklahoma City, OK 73119-1248

Laundauer, Inc.
2 Science Rd
Glenwood, IL 60425-1586

Lexington Insurance Company
c/o Hull and Company LLC
501 SE Frank Phillips Dr
Bartlesville, OK 74003-3913

Lexipol Services
2611 Internet Blvd Ste 100
Frisco, TX 75034-9085

Liberty Mutual Insurance
PO Box 91013
Chicago, IL 60680-1171

Locke Supply Co.
Po Box 24980
Oklahoma City, OK 73124-0980

MBS Direct LLC
2711 W Ash St
Columbia, MO 65203-4613

```
MHEC, LLC                          Mark Craig                        Marvin's Mowers and Outdoor LLC
c/o E Harper, Jr                   321 S Boston 500                  c/o W Seabolt
110 W 7th St                       Crowe and Dunlevy                 2000 N York St
Tulsa, OK 74119-1031               Tulsa, OK 74103-3313              Muskogee, OK 74403-1455


Mayes Auto Repair                  McIntosh Service LLC              MedPro Waste Disposal
136 Iola St                        Po Box 472208                     1751 W Diehl Rd Ste 400
Muskogee, OK 74401-4457            Tulsa, OK 74147-2208              Naperville, IL 60563-4914


Stephen J. Moriarty                Muskogee Chamber of Commerce      Muskogee City County Enhanced 911 Trust Auth
Fellers Snider                     310 W Broadway St,                Po Box 1911
100 N. Broadway, Suite 1700        Muskogee, OK 74401-6610           Muskogee, OK 74402-1911
Oklahoma City, OK 73102-8820


Muskogee Emergency Management      Muskogee Golf Club                Mutual of Omaha
229 W Okmulgee Ave                 2400 N Country Club Road          3300 Mutual of Omaha Plz
Muskogee, OK 74401-7033            Muskogee, OK 74403-1807           Omaha, NE 68175-1004


NAIA                               National Bus Sales                O'Reilly Automotive
120 W 12th St Ste 700              c/o A Henshaw                     1833 S Morgan Rd
Kansas City, MO 64105-1940         8649 S Regency Dr                 Oklahoma City, OK 73128-7004
                                   Tulsa, OK 74131-3626


OG&E                               Oak Hall Industries               Office of the United States Trustee
c/o H Sultemeier                   Po Box 1078                       Office of the AUST, Karen Walsh
321 N Harvey Ave Mc 1105           Salem, VA 24153-1078              PO Box 3044
Oklahoma City, OK 73102-3405                                         Tulsa, OK 74101-3044


Ohio Security Insurance Company    Oil Express                       Okie Flow Fitness
175 Berkeley St                    101 E Okmulgee St                 2910 S York St
Boston, MA 02116-5066              Muskogee, OK 74403-5452           Muskogee, OK 74403-8881


Oklahoma Employment Security Commission   Oklahoma Employment Security Commission   Oklahoma Employment Security Commission
Robert C. Newark, III, Attorney           Po Box 52003                              Robert C. Newark, III
P.O. Box 53039                            Oklahoma City, OK 73152-2003              P.O. Box 53039
Oklahoma City, OK 73152-3039                                                        Oklahoma City OK 73152-3039


Oklahoma Labor Law                 Oklahoma Labor Law Posters        Oklahoma Natural Gas
409 Ne 28th St Fl 3                23855 Gosling Rd                  Po Box 401
Oklahoma City, OK 73105-4215       Spring, TX 77389-3742             Oklahoma City, OK 73101-0401


(p)OKLAHOMA TAX COMMISSION          Oklahoma Tax Commission           OneNet
GENERAL COUNSEL S OFFICE            Oklahoma City OK 73194-0001       655 Research Pkwy Ste 150
100 N BROADWAY AVE SUITE 1500                                        Oklahoma City, OK 73104-6276
OKLAHOMA CITY OK 73102-8601
```

Optimum
2510 Elliott St
Muskogee, OK 74403-3958

Phil Givens
19918 E 766 Rd
Tahlequah, OK 74464-0526

Phil Givens
318 N F St
Muskogee, OK 74403-4140

Phillips Family Catering LLC
17488 W 925 Rd
Park Hill, OK 74451

PikePass Customer Service Center
PO Box 268803
Oklahoma City, OK 73126-8803

Pipestem Law P.C
401 S Boston Ave Ste 2200
Tulsa, OK 74103-4058

Pitney Bowes
3001 Summer St
Stamford, CT 06905-4317

Posey County Treasurer
126 E 3rd St Rm 211
Mount Vernon, IN 47620-1876

PrestoSports, LLC
726 N Greenfield Rd
Gilbert, AZ 85234-5063

Restaurant Technologies, Inc.
2250 Pilot Knob Rd Ste 100
Saint Paul, MN 55120-1127

Reynolds, Riding, Vogt & McCart
Suite 1010
101 Park Avenue
Oklahoma City, OK 73102-7251

Ricoh Ge Capital
300 Eagleview Blvd Ste 200
Exton, PA 19341-1155

Ricoh-USA, Inc.
3920 Arkwright Rd., Suite 400
Macon GA 31210-1748

Riggs, Abney, Neal, Turpen, Orbison & Le
Po Box 470248
Tulsa, OK 74147-0248

Scrip-Safe Security Products
136 Commerce Dr
Loveland, OH 45140-7726

Southern Labware
Po Box 1671
Cumming, GA 30028-1671

State of Oklahoma Unemployment Employment Se
PO Box Box 52003
Oklahoma City, OK 73152-2003

Stewart 360
1918 W 36th Ave
Kansas City, KS 66103-2103

TaskStream by Watermark
BN: Quarry Oaks II
10900 Stonelake Blvd Ste 350
Austin, TX 78759-5795

Thesis America, Inc.
120 S Central Ave
Saint Louis, MO 63105-1705

Thomas Howard
643 North 18th St
Muskogee, OK 74401-3016

Tinker Federal Credit Union
Po Box 45750
Oklahoma City, OK 73145-0750

Trajecsys Corporation
1800 Mendon Rd Ste E-219
Cumberland, RI 02864-4300

US Department of Education
400 Maryland Ave. SW
Washington DC 20202-0001

US Security and Exchange Commission
175 W. Jackson Boulevard
Chicago, IL 60604-2615

USDA
109 Kerr Blvd
LeFlore County FSA
Poteau, OK 74953-5231

United Keetoowah Band Corp
18263 W Keetoowah Cir
Tahlequah, OK 74464-3492

United States Attorney
Eastern District of Oklahoma
520 Denison Ave.
Muskogee OK 74401-6007

Vision Service Plan
1106 Classen Dr Ste 205
Oklahoma City, OK 73103-2608

Karen Carden Walsh
Office of the United States Trustee
PO Box 3044
Tulsa, OK 74101-3044

```
Wells Fargo Vendor Financial          West Termite and Pest Control          Williams Boren & Associates PC
211 N Robinson Ave Ste N1600          2320 W. Shawnee St.                     Suite 200
Oklahoma City, OK 73102-7113          Muskogee, OK 74401-2228                 401 North Hudson
                                                                             Oklahoma City, OK 73102-3487


Wright International Student Services  eMobileCampus
6405 Metcalf Ave Ste 504              325 W Capitol Ave Ste 200
Mission, KS 66202-3928                Little Rock, AR 72201-3552
```

          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Alliance Funding Group                Oklahoma Tax Commission
Attn: Brian Knox                      2501 N Lincoln Blvd
17542 17th St. Ste. 200               Oklahoma City, OK 73105-4508
Tustin, CA 92780
```

          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)MHEC, LLC d/b/a Midgley-Huber Energy Conce   (d)Phil Givens Co                (d)Phil Givens Company
                                                19918 E 766 Rd                   19918 E 766 Rd
                                                Tahlequah, OK 74464-0526         Tahlequah, OK 74464-0526


(d)Pitney Bowes Inc.                  End of Label Matrix
3001 Summer St                        Mailable recipients   124
Stamford, CT 06905-4317               Bypassed recipients     4
                                      Total                 128
```