IN THE DISTRICT COURT OF MUSKOGEE COUNTY
STATE OF OKLAHOMA

FILED BY ROBYN BOSWELL
DISTRICT COURT CLERK
JAN 23 2023
MUSKOGEE COUNTY, OK

| | |
|---|---|
| MHEC, LLC d/b/a MIDGLEY-HUBER ENERGY CONCEPTS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CJ-2021-229 <br> ) Judge King |
| BACONE COLLEGE, | )<br>) |
| Defendant. | ) |

## JOURNAL ENTRY OF FINAL JUDGMENT

On November 3, 2022, Plaintiff, MHEC, LLC d/b/a Midgley-Huber Energy Concepts' ("MHEC") Motion for Summary Judgment, filed on September 2, 2022 (the "Motion") came on before me, the undesigned District Court Judge, for hearing. Plaintiff appeared through counsel, John E. Harper, Jr. of Barrow & Grimm, P.C. Defendant, Bacone College ("Bacone"), appeared through counsel, Joe Keene of Pipestem & Nagle, P.C.

Having carefully reviewed the pleadings and considered the parties' oral arguments, and being fully advised in the premises, the Court finds that there is no substantial controversy as to the law or facts set forth in the Motion. As a result, the Court specifically FINDS AND ORDERS AS FOLLOWS:

1. Chris Oberle, MHEC's President, and Bacone, by and through its President, Ferlin Clark, entered into an Energy Services Agreement on August 20, 2020 (the "Contract"). The Contract's scope of services involved, *inter alia*, the installation of "energy conservation equipment" or HVAC units, filters, the replacement or retrofitting of light fixtures with those that support use of LED bulbs and other changes (the "Work"). Pursuant to the Contract, Bacone agreed to pay MHEC $1,019,000.00, which was subsequently raised to $1,038,500.00 as a result of increases in the scope of the Work.

2. Ferlin Clark, on behalf of Bacone, signed a "Notice to Proceed" (for MHEC to begin the Work) on August 20, 2020 - the same day he signed the Contract.

3. In addition to the Work, the Contract also provided that "MHEC will also assist [Bacone] in obtaining financing for the Project." The Contract states that MHEC would be required to furnish the Work "[u]pon MHEC's receipt of (i) a Notice to Proceed . .



. and (ii) evidence of the funding of an escrow account pursuant to the Lease with immediately available funds sufficient for the payment of the Contract Cost. . .." The Contract further provided that "[Bacone] agrees and acknowledges that its obligation to make the payments to MHEC set forth in this Agreement are in no way contingent on the effectiveness of the Lease." Under the Contract, Bacone also agreed to "[n]otify MHEC immediately in the event of any malfunction in the operation of the [Work] or the equipment installed hereunder."

4. As a result of Bacone executing the Contract, the Notice to Proceed, together with Bacone's requests that MHEC start as soon as possible, MHEC commenced its Work on August 31, 2020, which MHEC subsequently completed. The Work was performed by competent laborers, the material and equipment were new and of appropriate quality. The Work complied with the requirements of the Contract, and MHEC maintained the Project in a reasonably clean condition, all in accordance with the Contract.

5. Obtaining financing and evidence of the funding of the escrow account pursuant to any lease in the Contract were not conditions precedent to Bacone's payment obligations under the plain and unambiguous language of the Contract. *M.J. Lee Const. Co. v. Okla. Transp. Auth.*, 2005 OK 87, 125 P.3d 1205; *Moore v. Continental Casualty Co.*, 366 F.Supp. 954 (W.D. Okla. 1973); *also Mularz v. Greater Park City Company*, 623 F. 2d 139 (10th Cir. 1980).

6. As a result of Bacone executing the Contract and the Notice to Proceed, coupled with Bacone's requests that MHEC start as soon as possible (which MHEC did), Bacone waived any alleged requirement to obtain evidence of the funding of an escrow account. *Oklahoma Improved Seed Co. v. Smith*, 1935 OK 1083, 51 P.2d 563. In so doing, Bacone and MHEC also altered the Contract by way of an executed oral agreement, further excusing any alleged requirement to obtain evidence of the funding of an escrow account prior to starting the Work. 15 O.S. 2021, § 237; *U.S. for the Use and Benefit of American Insurance Co.*, 835 F.2d 745 (10th Cir. 1987); *Flour Mills of America, Inc. v. American Steel Building Co.*, 1968 OK 15, 449 P.2d 861; *Kenison v. Baldwin*, 1960 OK 93, 351 P.2d 307; *Ferguson Advisors, LLC v. Malherbe*, 2012 OK CIV APP 33, 274 P.3d 839.

7. Bacone also prevented the funding of the escrow account due to its own conduct and inaction. Bacone cannot benefit from the Contract, while simultaneously escaping liability thereunder as a result of its own failures. *Chilton v. Oklahoma Tire & Supply Co.*, 1937 OK 168, 67 P.2d 27.

8. After the Work was performed, Mary Jo Pratt, Bacone's CFO, by letter dated February 4, 2021, even recognized the energy savings brought about by MHEC's completed Work.

9. MHEC did not receive notice from Bacone regarding any malfunction or defect in the Work after completing the same.

10. To date, Bacone has not paid MHEC the agreed Contract amount, $1,038,500.00.

11. Bacone never attempted to rescind the Contract or offer to restore to MHEC everything

of value that Bacone received under the Contract. The parties cannot be placed in the position they would have been in had the Contract never existed. Therefore, Bacone is not entitled to rescind the Contract. *Hooper v. Commercial Lumber Co.*, 1959 OK 87, 341 P.2d 596.

12. On July 8, 2021, MHEC filed a mechanic's or materialman's lien statement in the Muskogee County Clerk's office against Bacone College's real property and all of the improvements located at 2299 Old Bacone Road, Muskogee, Oklahoma (the "Property").

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that MHEC shall have and recover judgment of and from Bacone the sum of $1,038,500.00, together with the costs of this action plus pre-judgment and post judgment interest, and its reasonable attorney's fees. The Court further grants MHEC judgment foreclosing its mechanic's or materialman's lien.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that upon the failure of Bacone to satisfy said judgment, interests, attorney's fees, and costs awarded in favor of MHEC, the Sheriff of Muskogee County, Oklahoma will have the Property advertised and will sell the same with appraisement according to the law that the proceeds of said sale should be distributed according to the law by the Court as follows:

1. Payment to MHEC in the principal amount of One Million Thirty-Eight Thousand Five Hundred and 00/100 Dollars ($1,038,500.00), together with pre-judgment and post judgment interest, reasonable attorney's fees, and costs.

2. The balance, if any, to be held by the clerk of this Court to await the further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that, upon confirmation of said sale, the Sheriff of Muskogee County shall execute and deliver a good and sufficient deed to the Property to the purchaser or purchasers thereof which shall convey all the right, title, equity, interest and estate of Bacone and all other persons claiming any right, title, equity, interest or estate of, in or to the Property in the purchaser or purchasers thereof, and upon application of the purchaser, the Court shall issue a Writ of Assistance forthwith to the Sheriff of

Muskogee County, Oklahoma who shall place said purchaser(s) in full and complete possession and enjoyment of the Property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that MHEC is hereby granted leave to file an application to determine the amount of attorney's fees, costs, and interest it is owed.

FOR ALL OF WHICH LET EXECUTION ISSUE.

DATED THIS 23rd DAY OF January, 2023.

THE HON. TIMOTHY KING
DISTRICT COURT JUDGE

CERTIFICATE OF SERVICE

This is to certify that on the ___23___ day of January 2023, the undersigned mailed and/or emailed a file-stamped copy of the attached Journal Entry of Final Judgment, which was filed on the ___23___ day of January 2023, to:

Mr. John E. Harper at harper@barrowgrimm.com, Barrow & Grimm, P.C., 110 W. 7th St., Ste. 900, Tulsa, OK 74119

Mr. Joe Keene at jkeene@pipestemlaw.com, Pipestem & Nagle, P.C., 401 S. Boston Ave., Suite 2200, Tulsa, OK 74103

_____
Muskogee County Court Clerk