**Dated: October 4, 2024**

**The following is ORDERED:**



_Paul R. Thomas_
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **BACONE COLLEGE,** | ) | **Case No. 24-80487** |
| | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |

### AGREED ORDER REGARDING
### MHEC'S MOTION TO CONVERT CASE TO CHAPTER 7

NOW, on the date of entry hereof, this matter came on before me, the undersigned Judge

of the United States Bankruptcy Court, concerning the Motion filed May 13, 2024 [Doc. 37] (the

"Motion"), by Creditor MHEC, LLC d/b/a Midgley-Huber Energy Concepts ("MHEC") moving

this Court to convert this Chapter 11 case filed by Debtor Bacone College (the "Debtor") to a case

under Chapter 7 pursuant to 11 U.S.C. § 1112(b).[1] The Parties having reached an agreement to resolve the Motion, submitted this Agreed order to the Court for entry, and the Court after review FINDS the Motion should be resolved as follows:

## FACTUAL AND PROCEDURAL HISTORY

1.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and this Court has jurisdiction over the parties and subject matter herein.

2.      Venue of this case, and this Motion, in this district proper pursuant to 28 U.S.C. §§ 1408, 1409.

3.      Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 21, 2024 (the "Petition Date").

4.      The Debtor continues as Debtor In Possession and no trustee has been requested or appointed.

## PROCEDURAL HISTORY

5.      On September 9, 2021, MHEC filed a civil lawsuit against the Debtor in the District Court of Muskogee County, Oklahoma (the "State Court") in case No. CJ-2021-00229 (the "Foreclosure Case").

6.      On January 1, 2023, the State Court entered a Judgment in favor of MHEC against the Debtor (the "Judgment"), a copy of which is attached to the Motion "Exhibit A". The Debtor's appeal of the Judgment was dismissed on May 12, 2023, rending the Judgment a final order as to the Debtor. The Debtor was represented by counsel at all relevant times and actively opposed virtually every action taken by MHEC in the Foreclosure Case. The Judgment made findings of

---

[1] Unless otherwise stated all references to (i) statutory citations are to Title 11 of the United States Code, (ii) Federal Rules of Bankruptcy Procedure are noted "FRBP", and (iii) the local rules for the United States Bankruptcy Court for the Eastern District of Oklahoma are noted "LR."

Case 24-80487    Doc 77    Filed 10/04/24    Entered 10/04/24 13:10:12    Desc Main
Document    Page 2 of 12

fact as set forth below which are issue preclusive as to the Debtor.

7.  To date, Debtor has not paid MHEC the agreed Contract amount, $1,038,500.00.

8.  On July 8, 2021, MHEC filed a mechanic's or materialman's lien statement (the "MHEC Lien") in the Muskogee County Clerk's office against Debtor's real property and all of the improvements located at 2299 Old Bacone Road, Muskogee, Oklahoma (the "Property").

9.  On April 11, 2023, the State Court granted MHEC's motion for attorney fees, costs and interest thereby adding $71,760.25 in attorneys' fees, $2,931.88 in costs, and $282,294.58 in prejudgment interest incurred through January 23, 2022, for a total of $356,986.71, plus post-judgment interest at the rate of 1.5% per month after January 23, 2023 to the judgment claim of MHEC against the Debtor (the "Fee Order"). As of the Petition Date, the total amount owed to MHEC was $1,756,783.95 with interest accruing thereafter at 1.5% per month or $547.52 per diem. The Fee Order is attached to the Motion as "Exhibit C".

10. In addition to the above claims, MHEC asserts a claim under § 506(b) for all of its accrued and accruing post-petition interest, attorney fees, expert witness fees, costs and expenses (the "506(c) Claim"). The amounts owed MHEC under the Judgment, the Fee Order and the 506(c) Claim are collectively, the "MHEC Claim."

11. Attached to the Motion as "Exhibit D" is a summary of all creditors claiming liens upon the Property which total $2,690,696.76 (the "Lien Claims").

12. Section 1112 of the Code provides for conversion of a Chapter 11 case to a case under Chapter 7 for cause when conversion is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b)(1). This case shall be converted to a case under Chapter 7 unless the Debtor timely completes the sale of two tracts of surplus real estate described on "Exhibit E" hereto (the "Surplus Property") as set forth hereinbelow.

3

**SALE PROCESS**

13.     No later than 14 calendar days after the date of entry of this Order, the Debtor shall file the following:

    a.  Motion to approve the employment of a real estate auction company mutually acceptable to the Debtor and MHEC.

    b.  Motion to sell the Surplus Property by auction to include authorization to pay the MHEC POC (as defined below) at closing in a form mutually acceptable to the Debtor and MHEC.

14.     Debtor will submit a proposed Order granting the Motion to sell Surplus Property (the "Sale Order") in a form mutually acceptable to the Debtor and MHEC and shall include:

    a.  Unless otherwise agreed upon between Debtor and MHEC in writing, for a sale of the Surplus Property by public auction to be conducted no later than 60 calendar days after the date of entry of this Order (the "Auction").

    b.  Unless otherwise agreed upon between Debtor and MHEC in writing, closing of the sale(s) of the Surplus Property to be conducted no later than 90 calendar days after the date of entry of this Order (the "Closing"). At Closing, Debtor shall, immediately transfer all net proceeds[2] from the sale of Surplus Property to MHEC, or into MHEC Escrow, as defined below, up to the amount of the MHEC POC, as defined below.

    c.  Debtor shall obtain written commitment from Bacone College Development

---

[2] Net proceeds are the amount of money left over after all expenses and costs associated with a transaction or sale have been deducted. Net proceeds shall include all costs incurred, including surveying, legal and other customary & reasonable closing costs as calculated by the auction company or the closing company which handles Closing subject to approval by MHEC.

4

Authority that it will commit to immediately transferring all net proceeds[3] from the sale of 2 parcels of property[4] to MHEC, or into MHEC Escrow, as defined below, up to the amount of the MHEC POC, as defined below.

    d.  If the transfer of proceeds under subsections b and c are not sufficient to pay the MHEC POC in full, then MHEC shall be granted a Chapter 11 super priority administrative expense (subordinate to Subchapter V Trustee and attorney fee administrative expenses) for the deficiency.

### MHEC PROOF OF CLAIM

15.    MHEC shall file a Proof of Claim no later than 14 calendar days after the date of entry of this Order or before the claims bar date, whichever is earlier (the "MHEC POC"). The allowed MHEC POC shall continue to accrue interest until the same is indefeasibly paid in full.

16.    Unless an objection to the MHEC POC is filed no later than 30 calendar days after such Proof of Claim is filed in this Case (the "Claim Objection"), then the MHEC POC shall be deemed allowed for all purposes in this case. If a Claim Objection is timely filed, then the same shall be resolved upon an expedited basis at the earliest convenience of the Court. If the Claim Objection is not resolved prior to the Closing, then an amount sufficient to pay the MHEC POC in full shall be deposited into one or more a segregated, fully insured, interest bearing account(s) with a federally insured depository institution mutually acceptable mutually acceptable to the Debtor and MHEC (the "MHEC Escrow") to be held in escrow until Claim Objection is resolved by a

---

[3] Net proceeds are the amount of money left over after all expenses and costs associated with a transaction or sale have been deducted. Net proceeds shall include all costs incurred, including surveying, legal and other customary & reasonable closing costs as calculated by the auction company or the closing company which handles Closing subject to approval by MHEC.
[4] Tract 1: Approximately 40 acres West of campus and Tract 2: approximately 19 acres North of campus.

5

duly entered order of this Court (the "Claim Objection Order").

17.     All liens, claims and interest of MHEC shall attach to the MHEC Escrow with the same priority and validity that such liens have to the Property and all lien claims of MHEC shall continue in full force and effect as to the MHEC Escrow and the Property until the MHEC POC is indefeasibly paid in full.

## MHEC 506(B) CLAIM

18.     MHEC may at any time file a Motion under 506(b) for the allowance of its fees and costs (the "MHEC 506(b) Claim") and any amounts allowed pursuant to such motion shall be added to the amount of the MHEC POC. No party may object to MHEC's Motion seeking allowance MHEC 506(b) Claim on any basis except for the reasonableness of the fees, costs or expenses sought therein.

19.     No costs or expenses of administration which have or may at any time be incurred in this Case shall be charged against MHEC, the allowed MHEC POC or the MHEC Escrow (for the avoidance of doubt, in any capacity), its claims, or any property of the Estate subject to its liens (collectively, the "Collateral") pursuant to § 506(c) or any similar principle of law, or otherwise, without the prior written consent of MHEC, and no such consent shall be implied from any other action, inaction, or acquiescence by MHEC. MHEC shall not be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Collateral.

20.     The MHEC Claim, the allowed MHEC POC or the MHEC Escrow (for the avoidance of doubt, in any capacity), its claims, and/or the Collateral shall constitute allowed, legal, valid, binding, enforceable, and non-avoidable obligation of and claim against the Debtor, and shall not be subject to any offset, defense, reduction, disallowance, impairment, counterclaim, avoidance, re-characterization, or subordination pursuant to the Bankruptcy Code or any other

6

applicable law (including, without limitation, under § 502(d) of the Bankruptcy Code), and the Debtor does not possess and shall not assert any claim, counterclaim, setoff, or defense of any kind, nature, or description which would in any way affect the validity, enforceability, allowance, and non-avoidability of the allowed MHEC POC.

21.     Upon indefeasible payment in full of the allowed MHEC POC, including the allowed MHEC 506(b) Claim, then any and all claims of MHEC against the Debtor shall be deemed fully satisfied and released.

## EVENTS OF DEFAULT AND REMEDIES

22.     The occurrence of any of the following shall constitute an Event of Default under this Agreed Order upon notice to the Debtor by MHEC: (a) any default, violation, or breach by the Debtor of any of the terms of this Agreed Order; (d) the filing of a Plan of Reorganization containing any term inconsistent with this Agreed Order or which seeks to modify, alter or amend this Agreed Order; or (e) the filing of any pleading by any party seeking to vacate, alter or amend this Agreed Order; (any of the foregoing events of default being referred to in this Agreed Order, individually, as an "Event of Default", or severally, as "Events of Default").

23.     Upon the occurrence of any Event of Default, and after the filing in this case a Notice of Default, then unless an objection to the Notice of Default is filed in this case within seven calendar days then MHEC may submit an order to this Court converting this case to a case under Chapter 7. Any objection to the Notice of Default shall be limited to disputing the occurrence of an Event of Default. Upon timely filing of an objection to the Notice of Default, the Court shall hold an expedited hearing to determine if an Event of Default has occurred and upon such finding, an order shall be entered converting this case to a case under Chapter 7.

24.     Debtor's counsel shall immediately serve this Agreed Order on all of the following

parties: (a) the Office of the United States Trustee; (b) the attorneys for MHEC; (c) all creditors known to the Debtor who have or may assert liens against any of the Debtor's assets; (d) the United States Internal Revenue Service; (e) the 20 largest unsecured creditors of the Debtor; (f) all parties-in-interest who have filed a notice of appearance or upon whom service must be effected under the Rules or the LBR; and (g) all parties required to be served pursuant to Rule 2002, and such notice being sufficient and adequate, and no other or further notice being required.

**RESERVATION OF RIGHTS OF PARTIES-IN-INTEREST/DEADLINE TO ACT**

25.     Parties-in-interest (other than the Debtor) that have or have been granted standing shall have until 30 days after the entry of this Order to object to any provision of this Order or to file a complaint pursuant to Bankruptcy Rule 7001 asserting a claim or cause of action against MHEC, or otherwise challenging the extent, validity, perfection, amount, or allowability of MHECs liens or claims arising out of the Judgment or the transactions adjudicated therein. Such objection or complaint, if filed, shall be diligently pursued by such party-in-interest or the Committee, as applicable.

26.     Any deadline, time limit or period of time in this Agreed Order may be extended only with the consent of MHEC or a duly entered order of this court.

27.     Debtor shall have no right to file a complaint pursuant to Bankruptcy Rule 7001 or otherwise, or any other pleading asserting a claim or cause of action (whether affirmatively, offensively, or defensively by way of setoff or otherwise) against MHEC.

28.     The terms and provisions of this Agreed Order and any actions taken pursuant hereto shall survive entry of any order that may be entered dismissing any or all of the Debtor's Case. The terms and provisions of this Agreed Order, as well as the priorities in payment, liens, and security interests granted pursuant to this Agreed Order shall continue in this case under the

8

Bankruptcy Code of the Debtor, and such priorities in payment, liens, and security interests shall maintain their priority as provided by this Agreed Order until such time as the allowed MHEC POC shall have been indefeasibly paid and satisfied in full.

29.     The provisions of this Agreed Order shall inure to the benefit of the Debtor and MHEC, and they shall be binding upon (a) the Debtor and their successors and assigns, including any trustee or other fiduciary hereafter appointed as legal representative of the Debtor or with respect to property of the estates of any or all of the Debtor, whether under chapter 11 of the Bankruptcy Code or any confirmed planand (b) all creditors of the Debtor and other parties-in-interest.

30.     If any or all of the provisions of this Agreed Order are hereafter modified, vacated, or stayed without the prior written agreement of MHEC, such modification, vacation, or stay shall neither affect (a) the validity of any obligation, indebtedness, or liability incurred by the Debtor to MHEC before the effective date of such modification, vacation, or stay, nor (b) the validity, enforceability, or priority of any security interest, lien, priority, or other protection authorized, granted, or created hereby or pursuant to the Judgment, the MHEC Lien or this Order. Notwithstanding any such modification, vacation, or stay, any indebtedness, obligations, or liabilities incurred by the Debtor to MHEC before the effective date of such modification, vacation, or stay shall be governed in all respects by the original provisions of this Agreed Order, and MHEC shall be entitled to all the liens, rights, remedies, privileges, and benefits granted herein and pursuant to this Agreed Order, the Judgment or the MHEC Lien with respect to all such indebtedness, obligations, or liabilities.

31.     No approval, agreement, or consent requested of MHEC by the Debtor pursuant to the terms of this Agreed Order or otherwise shall be inferred from any action, inaction, or

9

acquiescence of MHEC other than a written instrument that is signed by MHEC or its counsel and expressly shows such approval, agreement, or consent, without limitation. Nothing herein shall in any way affect the rights of MHEC as to any non-Debtor person or entity, without limitation.

32.     Nothing herein shall be deemed or construed to waive, limit, or modify the rights of MHEC to obtain further adequate protection and other statutory protections, or to seek other relief in this Case in accordance with any provision of the Bankruptcy Code or applicable law. Unless expressly and specifically provided otherwise herein, nothing herein shall be deemed or construed to waive, limit, modify, or prejudice the claims, rights, protections, privileges, and defenses of MHEC afforded pursuant to the Bankruptcy Code.

33.     This Agreed Order, and the findings of fact and conclusions of law contained herein, shall be effective upon signature by the Court, and may be relied upon by MHEC and the Debtor without the necessity of entry into the docket sheet of this Case. To the extent any findings may constitute conclusions, and vice versa, they are hereby deemed as such.

34.     This Court hereby expressly retains jurisdiction over all persons and entities, co-extensive with the powers granted to the United States Bankruptcy Court under the Bankruptcy Code, to enforce the terms of this Agreed Order and to adjudicate any and all disputes in connection therewith by motion and without necessity of an adversary proceeding.

35.     All headings in this Agreed Order are descriptive and for reference only, and do not have separate meaning or change any terms therein.

36.     This Agreed Order shall not be construed in any way as a waiver or relinquishment of any rights that the MHEC may have under the Bankruptcy Code or applicable law, or any prior order of this Court, or to bring or be heard on any matter brought before this Court.

37.     Except as explicitly set forth herein, no rights are created hereunder for the benefit

10

of any third party, any creditor, or any direct, indirect, or incidental beneficiary.

38.     This Agreed Order shall take effect immediately upon execution hereof by the Court notwithstanding the possible application of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, and the Clerk of the Court is hereby directed to enter this Agreed Order on the Court's docket in these cases.

####

Approved by,

*s/* Mark A. Craige
Mark A. Craige, OBA #1992
Alexander Sokolosky, OBA #33614

-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
222 North Detroit Avenue
Suite 600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)
mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

*Attorneys for MHEC, LLC*

11

*s/* Ron Brown
Ron Brown OBA 16352
Brown Law Firm PC
1609 E. 4th Street
Tulsa Ok 74120
(918) 585-9500
ron@ronbrownlaw.com
*Attorney for Debtor*


/s Phil Givens

Phil Givens, pro se

Case 24-80487   Doc 77   Filed 10/04/24   Entered 10/04/24 13:10:12   Desc Main
Document     Page 12 of 12