UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
BACONE COLLEGE, ) Case No. 24-80487
) Chapter 11
)
Debtor. )

## OBJECTION TO MHEC's NOTICE OF DEFAULT
## AND MOTION TO ALLOW DEBTOR UNTIL AT LEAST MARCH 28, 2025 TO
## FURTHER UPDATE COURT ON REAL ESTATE SALE OPPORTUNITIES

COMES NOW Debtor, through counsel, and objects to the MHEC's Notice of Default and request for the court to convert this case to chapter 7 of the bankruptcy code. In support, the Debtor states:

1. It is true that the "Affiliate Property" owned by Bacone College Development Corporation (BCDC) failed to close at auction. This is because American Baptist Home Mission Society reserved unto itself certain deed restrictions as contained in the original deeds.

2. Debtor is still attempting to sell the Affiliate Property owned by BCDC.

3. Debtor and BCDC have engaged in negotiations with a representative of a Native American Tribe for the sale of all of Debtor's assets (i.e. the entire campus real estate) and BCDC's Affiliate Property (the "Combined Property").

4. In addition, Debtor has been contacted *this week* by a representative for a California investor who has indicated a desire to purchase the Combined Property for a price even higher than offered by the Native American Tribe. Debtor would like the opportunity to explore further negotiations with this investor representative.

5. It is true that Debtor has abandoned its efforts to re-zone a portion of the South end of Campus into 3 separate parcels to sell. Based on the less than desired auction results for the BCDC property, Debtor's board did not feel the sale of Surplus Property at auction would return meaningful proceeds. But this does not mean Debtor is still not trying to sell the Surplus Property; it is attempting to sell the Surplus Property <u>and</u> all other real property that it owns.

6. Based on conversations with the tribe representatives and the California investor representative, Debtor believes the opportunities are serious and can be accomplished.

7. Unfortunately, the negotiations with the tribe has taken longer than anticipated because the tribal representative indicated there was a need to obtain consent from the National Counsel, the legislature and/or the Principal Chief. The Principal Chief has indicated a strong desire for the property, has indicated that funds are readily available, but there simply are processed required within the organization to obtain approval.

8. Debtor understands MHEC's frustrations and wishes the sale of the property could have happened by now.

9. This court has previously provided Debtor until March 28, 2025 to file an amended plan in this case. [Docket 107] Debtor asks that the court provide it *at least until* March 28, 2025 to obtain a Letter of Intent ("LOI") from a potential buyer before making the dire decision to convert this case to a chapter 7.

10. The debtor asks the court to deny MHEC's Notice of Default and request to convert the case to a chapter 7.

**WHEREFORE,** for the reasons set forth above, Debtor respectfully request that this honorable court deny MHEC's Notice of Default and request to convert the case to a chapter 7.

Respectfully submitted,

 /s/  Ron Brown
Ron Brown, OBA # 16352
1609 E. 4th St.
Tulsa, Ok. 74120
(918) 585-9500
(918) 585-5266 fax
ron@ronbrownlaw.com