UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
BACONE COLLEGE, ) Case No. 24-80487
) Chapter 11
)
Debtor. )

**SUPPLEMENT TO DEBTOR'S
OBJECTION TO MHEC's NOTICE OF DEFAULT**

COMES NOW Debtor, through counsel, and provides this supplement to its Objection filed at Docket 116, as permitted by the court at the telephonic hearing conducted on March 13, 2025 (Docket 118). In support, Debtor additionally states:

1. Debtor maintains its position that it is not in default of the *Agreed Order Modifying Order Regarding MHEC's Motion to Convert Case to Chapter 7* (the "Order") entered on November 13, 2024 at Docket 94.

2. The Order provides in paragraph 13 that Debtor is to move to a) hire a real estate auction company to sell certain "Surplus Property"[1] and b) file a motion with the court to sell "No later than 14 calendar days after the date Debtor has obtained a new zoning classification *and* lot-split approval from the City of Muskogee (the "*Zoning Approval Date*")*.*

3. The Order further provides in paragraph 14 that the sale of Surplus Property shall occure "no later than 60 days from the *Zoning Approval Date* (the "Auction")" and closing shall occur "no later than 90 days after the *Zoning Approval Date* (the "Closing")."

---

[1] This term is defined in the Order, but is generally a small section of property on the South side of campus.

4. Counsel for MHEC argued at the telephonic hearing that this court should enforce its orders and therefore, due to "default", convert this case to chapter 7. Also, see Docket 111, *MHEC's Notice of Default*.

5. In the Order at ¶22, "Default" is defined as "any default, violation, or breach by the Debtor of any of the terms of this Agreed Order…"[2]

6. MHEC argues that Debtor is default for failing to comply with the terms of the Order regarding efforts to re-zone the Surplus Property. Docket 11 at ¶6. But Debtor's abandonment of its efforts to rezone the Surplus Property is not an event of default under the Order. Strict reading of paragraph 13 and 14 the Order shows that default occurs when Debtor fails to perform certain events *after* the *Zoning Approval Date* concerning Surplus Property. There has never been a *Zoning Approval Date* and therefore Debtor's follow up requirements are not breached.

7. Additionally, there is nothing in the Order providing for "Default" when the *Affiliate Property* (owned by Bacone College Development Authority) fails to close at auction.

8. Debtor asks the court to deny MHEC's Notice of Default and request to convert the case to a chapter 7.

**WHEREFORE, for the reasons set forth above, Debtor respectfully request that this honorable court deny MHEC's Notice of Default and request to convert the case to a chapter 7.**

---

[2] Default could also mean proposing an inconsistent plan or filing a pleading to alter or amend the Order, but those are not relevant here.

Respectfully submitted,

_/s/ Ron Brown_
Ron Brown, OBA # 16352
1609 E. 4th St.
Tulsa, Ok. 74120
(918) 585-9500
(918) 585-5266 fax
ron@ronbrownlaw.com