## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BACONE COLLEGE, | ) | Case No. 24-80487 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

### REPLY TO SUPPLEMENT TO DEBTOR'S OBJECTION
### TO MHEC'S NOTICE OF DEFAULT

Creditor MHEC, LLC d/b/a Midgley-Huber Energy Concepts ("MHEC") hereby replies to the Supplement to Debtor's Objection [Doc. 119] to MHEC's Notice of Default (the "Supplement") pursuant to the Order of this Court entered on November 13, 2024 [Doc. 94] (the "Agreed Order") as follows:

1. The Debtor stated at the telephonic hearing conducted on March 13, 2025 that it desired to offer new information to the Court and based upon such was grated leave to file the Supplement. However, the Supplement offer no new information, but merely reiterates the same arguments contained in the Debtor's Objection [Doc 116] to MHEC's Notice of Default [111]. As such, the same should be stricken and disregarded by the Court.

2. If the Court elects to consider the Supplement, then MHEC submits the Court should enforce the relief provided in the Agreed Order.

3. The essence of the Supplement and Debtor's Objection [Doc 116] is that the Order obligates the Debtor to do nothing and effectively means nothing; therefore should be ignored by the Court.

4. It is clear from Exhibit A to the MHEC's Notice of Default [111] that the Debtor has no intention of ever seeking the Zoning Change that it agreed to seek in the Order. Clearly, the Debtor agreed to seek such change and to then sell the Surplus Property as a means to reduce the dollar

amount of MHEC's claim. In exchange for the Debtor agreement to undertake efforts to liquidate some of its assets and to pay MHEC the proceeds therefrom, MHEC agreed not to prosecute its Motion to Convert this case to a case under Chapter 7 [Doc. 44] (the "Motion to Convert"). According to the Debtor, in exchange for the suspension of prosecution of the Motion to Convert the Debtor agreed to do nothing. Such is an absurd construction of the Order.

5. Moreover, the Debtor did agree to seek the zoning change as a means to enhance the value of the Surplus Property, but now has made it clear it has no intention of ever seeking such change or making any effort to auction the surplus property.

6. The Debtor made a deal to avoid conversion of the case 5 months ago and now wants the Court to approve its intentional failure to honor the Order.

7. In the alternative the Court should set the Motion to Convert for a hearing on the merits and allow MHEC to prosecute the same. Since the Debtor claims the Order imposes no real obligation on the Debtor, then it should likewise have no meaning as to MHEC. In such case, then MHEC should be allowed to proceed with the Motion to Convert.

This Court should enforce the Agreed Order and convert this case to a case under Chapter. In the alternative the Court should set the Motion to Convert for a hearing on the merits and allow MHEC to prosecute the same.

Respectfully submitted,

*s/ Mark A. Craige*
Mark A. Craige, OBA #1992
Alexander Sokolosky, OBA #33614

-Of the Firm-

**CROWE & DUNLEVY**
A Professional Corporation

2

222 North Detroit Avenue
Suite 600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)
mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

*Attorneys for MHEC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2025, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system on all parties receiving notice in this case via the CM/ECF system.

*s/ Mark A. Craige*
Mark A. Craige