UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
BACONE COLLEGE, ) Case No. 24-80487
) Chapter 11 sub V
)
Debtor. )

### Notice of Proposed Sale Activity and
### Debtor's Second Motion to Extend Deadline to File
### Amended Plan

COME NOW Bacone College, debtor in the above-entitled Chapter 11 case, who move this court to extend the deadline in which to file an amended plan. In support of this Motion, the Debtor would respectfully state:

1. Debtor filed its chapter 11 petition on June 24, 2024.

2. On November 14, 2024, this court entered an order requiring an amended plan to be filed on or before February 10, 2025. Docket 96.

3. On February 7, 2025, this court entered another order requiring an amended plan to be filed on or before March 28, 2025. Docket 107.

4. On July 16, 2024, creditor MHEC, LLC ("**MHEC**") filed its *MHEC's CORRECTED MOTION TO CONVERT* (the "Motion") at Docket 38. MHEC filed a Notice of Default. This court entered an *Agreed Order Modifying Order Regarding MHEC's Motion to Convert Case to Chapter 7* (the "Order") entered on November 13, 2024 at Docket 94.

5. On February 28, 2025, MHEC filed a *Notice of Default* at Docket 111.

6. On March 24, 2025, this court entered the following order at Docket 124.:

1

Order (RE: related document(s)[111] Notice of Default filed by MHEC, LLC d/b/a Midgley-Huber Energy Concepts). Having reviewed the record and pleadings in this matter, the Court hereby directs the Debtor to file by Noon on March 28, 2025, a Letter of Intent with specific details of a pending sale as requested and outlined by the Debtor in its Objection at ECF 116. If no Letter of Intent is filed with specific and concrete details of a sale as contemplated by the Modified Agreed Order between MHEC and the Debtor (ECF 94), this case shall be converted without further notice pursuant to the Notice of Default. (Corley, Cheryl)

7. Previously, Debtor was in discussions with the Creek Nation Indian Tribe (the "Tribe") for the purchase of the campus real property and property owned by Bacone College Development Corporation (BCDC) (collectively, the "Campus Property"). Debtor has been unable to obtain a Letter of Intent from the Tribe for the purchase of the Campus Property.

8. However, within the last 2 days, Debtor was able to discuss with an interested buyer/investor the possible sale of the Campus Property to Oppenheimer Development Properties LLC ("Oppenheimer"). Oppenheimer advises it has a strong history of purchasing properties and developing them for the highest and best use, which sometimes means donating the properties to charities or soveriegns in order to obtain substantial tax benefits for its partners. Oppenheimer is very interested in the possibilities purchase of the Campus Property could provide but needs more time to  a) do due diligence, b) develop a strategy for the property's best use and c) negotiate in good faith with parties who are also directly interested in the property (included MHEC).

9. Counsel for Debtor, counsel and representative of MHEC and representatives of Oppenheimer held a zoom meeting this afternoon to discuss MHEC's pending motion to convert, the impending deadline set by the court as described above, and MHEC's request for conversion of this case. As a result of the meeting, and subject to follow up confirmation (and court's consent to grant the following described extensions), MHEC and Oppenheimer agreed principally to the following:

- Oppenheimer Development Properties LLC will wire, by March 28, 2025, a non-refundable payment of $100k to MHEC. In exchange for this promise, MHEC agrees to a) immediately ask the court to delay entering an order converting the Bacone College Chapter 11 case to a chapter 7 to the bankruptcy code and b) set the Motion to Convert and Notice of Default for telephonic status hearing 45 days from now, according to the court's calendar.
- The non-refundable payment of $100k is payment for the delay and will not be applied to any outstanding balance owed by Bacone College to MHEC.
- On or before the status hearing, Oppenheimer Development Properties LLC will have the opportunity to pay another non-refundable payment of $100k to MHEC in exchange for MHEC's agreement to further delay the entry of an order converting the case to chapter 7 for another 45 days.

10. Oppenheimer has shown its commitment by offering a substantial amount of its own money.

11. Knowing further details about the sale of Campus Property (or whatever plan Oppenheimer is able to develop), is crucial to what the content needed to be included in an amended chapter 11 plan.

12. Counsel would request that the court allow up until **June 30, 2025** to file an amended plan.

13. Counsel for MHEC, the United States Trustee's Office and the Chapter 11

3

Subchapter V Trustee have no objection to this request.

14. Counsel for Debtor anticipates MHEC will soon file a further pleading regarding its pending request for an order converting this case to chapter 7, consistent with the terms outlined above.

**WHEREFORE, for the reasons set forth above Debtor respectfully request that this honorable court allow Debtor until June 30, 2025 to file an amended plan.**

Respectfully submitted,

/s/ Ron Brown
Ron Brown, OBA # 16352
1609 E. 4th Street
Tulsa, Ok. 74120
(918) 585-9500
(866) 552-4874 fax
ron@ronbrownlaw.com