# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BACONE COLLEGE, | ) | Case No.  24-80487 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7

Ilene J. Lashinsky, United States Trustee for Region 20 ("U.S. Trustee"), pursuant to 11 U.S.C. § 1112(b), moves to convert this Chapter 11 case to a Chapter 7 proceeding for cause for the gross mismanagement of the estate of Bacone College ("Debtor") and for Debtor's failure to timely provide information reasonably requested by the United States Trustee.  In support of this motion, the U.S. Trustee submits as follows:

1.　　This case was filed on June 21, 2024.  *See* Dkt. No. 1.

2.　　On July 5, 2024, the Debtor filed its Initial Report wherein Debtor named Josh Johns ("Johns") and/or Leslie Hannah ("Hannah") as "the individual responsible for discharging the duties of the debtor under 11 U.S.C. § 1107 and as may be required by the Court or by the United States Trustee."  *See* Initial Report, Dkt. No. 29 at p. 7.

**Gross Mismanagement**

3.　　It has recently come to the attention of the U.S. Trustee that Hannah has caused to be issued a post-petition payment to the U.S. Small Business Administration ("SBA") from the Debtor-in-Possession bank account on a pre-petition debt owed by Hannah to the SBA.

4.　　Neither Hannah nor the SBA were scheduled as a creditor in the Debtor's Schedules.  *See* Dkt. No. 25.

1

5.      Upon information and belief, Hannah claims that he, in his personal capacity, obtained an SBA loan prior to the Debtor's bankruptcy filing in the approximate amount of $15,000 in order to pay Debtor's payroll.

6.      On or about January 31, 2025, the Debtor, acting through Hannah, issued a payment to the SBA in the sum of $16,410.99 in order to pay for Hannah's obligation to the SBA.

7.      It is unclear whether Hannah discussed this payment with Johns but neither Hannah nor Johns did anything to prevent this payment to the SBA.

**Failure to Timely Provide Information Reasonably Requested by the U.S. Trustee**

8.      The U.S. Trustee has been in regular communication with Debtor's counsel in this case and has raised many questions, some of which have been answered.

9.      As to the matters that are relevant in this Motion, beginning on February 17, 2024, the U.S. Trustee asked the Debtor for the following information[1]:

- The source of each deposit that was made for November-January as reflected in the bank statements attached to the Monthly Operating Reports; and

- Whether any pre-petition accounts are still open, and if any are, to include those statements in Monthly Operating Reports.

10.     As of the date of filing this Motion, the Debtor has not provided the above requested information to the U.S. Trustee.

---

[1] The U.S. Trustee also asked for details on an account identified as 5184 which is referenced as a source of funds in the January Monthly Operating Report but not listed in Debtor's Schedules.  Debtor's counsel provided a response to the U.S. Trustee in a recent telephone conversation.

2

<u>**ARGUMENT AND AUTHORITY**</u>

11.     Section 1112(b)(1) of the Bankruptcy Code allows for conversion or dismissal of a case "for cause."  Section 1112(b)(4) provides examples of "cause" in the context of dismissal. Specifically, "gross mismanagement of the estate" is cause for conversion or dismissal.  11 U.S.C. § 1112(b)(4)(B). Another cause for conversion or dismissal is the "failure timely to provide information. . . reasonably requested by the United States trustee."  11 U.S.C. § 1112(b)(4)(H). Whether a case is converted or dismissed hinges on the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1).

12.     "A debtor in possession is vested with significant powers under the provision of the Bankruptcy Code.  As is often the case, those powers come with certain responsibilities. Significantly, a debtor in possession owes a fiduciary duty to its creditors*." Nestor v. Gateway Access Solutions, Inc. (In re Gateway Access Solutions, Inc.*), 374 B.R. 556, 565 (Bankr. M.D. Pa. 2007).  Gross mismanagement is a breach of that duty.  *See In re M.A.R. Designs & Constr., Inc.*, 653 B.R. 843, 857 (Bankr. S.D. Tex. 2023).

13.     While the term "gross mismanagement" is not defined by the Bankruptcy Code, at least one bankruptcy court has turned to the definition of "gross" in Black's Law Dictionary, which is "beyond all reasonable measure; flagrant."  *See In re Ozcelebi*, 639 B.R. 365, 388 (Bankr. S.D. Tex. 2022).

14.     Gross mismanagement has been found where the debtor mismanaged the estate by using the estate's cash to pay the personal expenses of insiders.  *See In re Visicon S'holders Trust*, 478 B.R. 292, 302-04 (Bankr. S.D. Ohio 2012).

3

15.     The U.S. Trustee submits that payment initiated and authorized by Hannah of post-petition funds of the Debtor for a debt owed by Hannah to the SBA constitutes gross mismanagement.

16.     Additionally, while that transaction may not have been known by Johns, the fact that such payment was able to be made either with or without John's knowledge constitutes gross mismanagement.

17.     In addition, the Debtor has failed to timely provide information reasonably requested by the U.S. Trustee which is cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(H).

18.     In determining whether the appropriate action is to dismiss or convert a case, the Court considers what is in the best interest of the estate. *See In re Exigent Landscaping, LLC*, 656 B.R. 757, 774 (Bankr. E.D. Mich. 2024).  Creditors are "generally best served by the course of action that results in the largest number of them being paid the largest amount of money in the shortest amount of time." *Id*.; *see also Francis v. Harrington (In re Francis)*, No. MB 18-012, 2019 Bankr. LEXIS 826 at *14 (1st Cir. B.A.P. Mar. 14, 2019).

19.     The U.S. Trustee submits that the appropriate action in this instance is conversion to a Chapter 7 case.  This case is stagnant and the Debtor's only hope is that an investor may come in and purchase the real estate assets of the Debtor.  This is the best option for creditors to get paid.  And a Chapter 7 trustee is fully capable of managing and negotiating that transaction on behalf of Debtor's estate.

20.     Accordingly, the U.S. Trustee requests that this case be converted to a chapter 7 case for cause pursuant to 11. U.S.C. § 1112(b)(1).

4

WHEREFORE, the U.S. Trustee requests that this Court convert this case to a case under Chapter 7 of the United States Bankruptcy Code pursuant to 11 U.S.C. § 1112(b)(1).

Dated this 7th day of May, 2025.

Respectfully submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*/s/ Karen Walsh*
Karen Walsh, OBA# 14690
224 S. Boulder, Suite 225
PO Box 3044
Tulsa, OK 74101
(918) 581-6686
Karen.walsh@usdoj.gov

5