# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| In Re | ) |
|   Bacone College | ) Case Number: **24-80487** |
| Debtor | ) Chapter 7 |
|  | ) |

### MOTION FOR ORDER APPROVING COMPROMISE
### OF CONTROVERSY WITH BRIEF IN SUPPORT

COMES NOW Alex Sullivan of Luke Homen Law, PLLC, Attorneys for Luke Homen, Trustee of the Estate of Bacone College and in accordance with Bankruptcy Rule 9019, respebctfully moves this Court for an Order approving compromise of controversy. In support of this Motion, the Trustee alleges and states:

1. The Debtor filed this bankruptcy under Chapter 11 on June 21, 2024.

2. The case was converted to Chapter 7 on May 13, 2025, and Luke Homen was appointed Trustee.

3. The United States Trustee's office alleged in their May 7th, 2025 Motion to Convert to Chapter 7 (docket #143) that Leslie Hannah, the president of Bacone College, paid a pre-petition personal debt owed to the SBA using Bacone College funds in the amount of $16,410.99 on January 31, 2025.

4. The Trustee incorporates the allegations of the United States Trustee's Motion and further states that this payment constitutes an avoidable preferential transfer under §547.

5. The Trustee made a demand to Leslie Hannah for $16,410.99 on or about June 16, 2025.

6. Leslie Hannah denies that the transfer was fraudulent or improper, and the parties wish to settle the dispute.

7. Leslie Hannah has agreed to repay the bankruptcy estate the sum of $16,410.98,

and in good faith has already provided a check to the Trustee for that amount.

8. The Trustee recommends a settlement/compromise in which Leslie Hannah pays the sum of $16,410.98 for a release of any claims the Trustee may have against Mr. Hannah specifically as it relates to this transaction.

9. The Trustee believes this settlement/compromise is in the best interest of the Estate. The Trustee requests the Court to approve the settlement with Leslie Hannah for the $16,410.99 transfer that the Trustee alleges may have been improper.

10. Leslie Hannah is not represented by an attorney. He has authorized a recitation that he is in agreement with the relief prayed for herein.

BRIEF IN SUPPORT

Under Bankruptcy Rule 9019, the Bankruptcy Court has the authority to authorize the compromise and settlement of controversies that arise during the administration of a Debtor's Estate. The Rule provides that upon application of the Trustee, after notice and hearing, the Court may approve a compromise or settlement of any controversy. The primary function of any compromise, of course, is to avoid the delay and expense necessarily incident to litigation proceedings unless there appears a sound legal basis for the litigation and a strong likelihood of substantial ultimate benefit to the Estate. *Scott v. Jones*, 118 F.2d 30, 31, 32 (10th Cir. 1941).

Approval of a compromise is appropriate where the court finds that the outcome of the litigation is doubtful. Moreover, even if the dispute which is to be compromised is based upon substantial foundation, the court has the right to approve the compromise in its discretion where it is reasonable in light of the circumstances and if it will benefit the Estate. *See generally A&A Sign Co. v. Maughan*, 419 F.2d 1152, 1155 (9th Cir. 1969).

The standards for the Court's consideration of this Motion to Compromise have been set forth by the United States Supreme Court in *Protective Committee for Independent*

*Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968), wherein the Supreme Court stated:

> Further, the judge should form an educated estimate of the complexity, expense and likely direction of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise and likely rewards of litigation." 88 S.Ct. at 1168.

More recently, the *Anderson* elements have been followed where the court in *In re Hydronic Enterprises, Inc*. 58 B.R., 363, 365 (Bk. D.R.I. 1986) stated that in considering a request by a trustee for the approval of a compromise "the decision whether to approve such an application is within the sound discretion of the Bankruptcy Court . . .".

In considering the elements governing the approval of a proposed compromise, this Court should not attempt to decide every issue of law or fact, nor determine whether the proposed compromise is on terms that the Court would have chosen. As stated by the Second Circuit in *In re: W.T. Grant Co.*, 99 F.d. 599, 608 (2nd Cir. 1983):

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'

Similar standards for approving a compromise were adopted in the Tenth Circuit in *American Employers' Insurance Company v. King Resources Company, et al.*, 556 F.2d 471 (10th Cir. 1977) wherein the Court set forth the following factors for consideration:

> (1) The balance between the likelihood of plaintiff's or defendants' success should this case go to trial vis a vis the 'concrete present and future benefits held forth by the settlement without the expense and delay of a trial and subsequent appellate procedures.'
> (2) The prospect of complex and protracted litigation if the settlement is not approved.
> (3) The proportion of the class members who do not object or who affirmatively support the proposed settlement.
> (4) The competency and experience of counsel who support the settlement.
> (5) The ratio between total benefits to the defendant class provided by the settlement in comparison to the maximum dollar limits of the Employers' policy.
> (6) The relative benefits to be received by individuals or groups within the class.
> (7) The capacity of Employers to pay a judgment up to the maximum limits of the

subject policy but more than the dollar value it would give by virtue of the settlement.
(8) The current and projected financial condition of KRC in reorganization as such condition relates to the value of benefit to be conferred on members of the defendant class who may receive stock in the reorganization company.
(9) The nature and breadth of releases to be obtained by Employers' and KRC directors and officers as a result of the settlement.
(10) The extent to which the settlement is truly the product of 'arms length' bargaining, and not of fraud or collusion." (citations omitted).

The Trustee herein submits that the compromise of the Claim meets all of the standards set forth above and should be approved.

WHEREFORE, the Trustee herein moves this Court to make and enter its Order authorizing him to settle and resolve the issues on the $16,410.99 transfer the Trustee alleges may have been improper.

Respectfully submitted today, June 25, 2025.

By: /s/ Alex Sullivan
　　Alex Sullivan
　　OK Bar #33618
　　Luke Homen Law, PLLC
　　10313 Greenbriar Parkway
　　Oklahoma City, Oklahoma 73159
　　phone: (405) 639-2099
　　fax: (405) 252-1654
　　alex@lukehomenlaw.com
　　Attorneys for the Trustee