**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Bacone College,** | ) | **Case No. 24-80487** |
| | ) | **Chapter 7** |
| **Debtor.** | ) | |

**AMENDED MOTION FOR ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE OUTSIDE NORMAL COURSE OF BUSINESS CONSISTING OF REAL ESTATE AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES OR INTERESTS PURSUANT TO 11 U.S.C. § 363(f)**

Luke Homen, Chapter 7 Trustee for Bacone College, files this Motion for Order Authorizing Sale of Estate Assets consisting of ninety-seven percent (97%) Member's Interest in Bacone Holding, LLC ("Bacone Holding"), pursuant to 11 U.S.C. § 363, and a waiver of the 14-day stay pursuant to Fed. R. Bankr. P. 6004(h). In support of this Motion, Trustee advises the Court as follows:

1. The assets of this estate are the following:

   a. Real Estate more particularly described as:

      PARCEL 510013519
      T15N R19E S18 FARMLAND IN MUSKOGEE BEG 3148.82 N &; 41.25 E OF SW/C SEC 18 THENCE 582°3302e 970.36 s1°3714e 1605.41 SOUTHEASTERLY 200ft THENCE SOUTH TO NORTHERLY R.O.W. THENCE EASTERLY ALON GTHE R.O.W. APPOX 500 FT TO SW/C OF MUSKOGEE PUBLIC SCHOOL PROPERTY, THENCE N3°01'4"E 1589.50 THENCE N88°53'57"E 607.67 TO THE EAST LINE OF SW, THENCE N1590 THENCE S88°17'30"W 854.58, N67°12'25"W 2.31 N6°28'11"E 90.23 N83°12'23"W 39.39 S6°38'55"W 89.91 N82°08'38"W 172.99 S32°04'58"W 149.18 S54°54'54"W 165.20 S31°10'51"W 176.56 N82°48'12"W 1156.80 S1°37'14"E 11.58 TO P.O.B.

      and commonly known as "Bacone College";

b. Real Estate more particularly described as "Bacone College Development Corporation:

PARCEL 510050482 – This Parcel consists of 39.45 acres described as:

T15N R19E S18 PART OF W½ W½ BEGINNING AT SW/C N01°3428W 1180.20 N88°2249E 69.99 TO E RIGHT OF WAY HWY 16 BEING NW/C OF OMEGA WAL-MART ADDN &; POINT OF BEGINNING N88°2249E560.03 N01°3714W 204.05 N88°2246E 408.11 N01°3714W 1605.41 TO SRLY BOUNDARY OF ROAD N82°3302W 970.36 TO E RIGHT OF WAY HWY 16 S00°2209e 155.53 S01°3714E 341.01 S04°1803E 209.23 S01°3340E 600 S09°4455W 101.98 S01°3340W 75 S17°1212D 129.81 S01°3340E 213.76 S17°3715W 91.30 S01°3340e ALONG HWY 16 RIGHT OF WAY 56.94 TO POINT OF BEGINNING

PARCEL 510013517 – This Parcel consists of 27.65 acres described as:

T15N R19E S18 FARMLAND IN MUSKOGEE COM 3967.71 N &; 41.25 E OF SW/C SEC 18 THENCE N88°1730E 958.23 TO POB THENCE N88°1730E 1567.23 S1°3051E 559.20 S88°1730W 854.58 N67°1224W 2.31 N6°2811E 90.23 N83°1223W3939 S6°3855W 89.91 N82°0838W 172.99 S32°0458W 149.18 S54°5454W 165.20 S31°1051W 176.56 N82°4812W 187.11 N1°3714W 357.41 TO POB

The Bacone College Development Corporation tract is held by another entity, not a Debtor. By virtue of an Order Approving Joint Compromise of Controversy Between Trustee and the Bacone College Development Corporation of an action brought by Trustee in this Case, Bacone College Development Corporation, the party to the litigation, has agreed that the Bacone College Development Corporation tract will be conveyed to the Bacone Estate pursuant to Order dated May 4, 2026 (ECF 353).

c. The described assets shall be collectively known as the "Bacone Assets;"

d. All tangible personal property located at, in or upon Bacone College as of the date of the commencement of these proceedings as further listed in the attached Acquisition Agreement("Personalty");

e. The right to use the name "Bacone College"; and

2. Trustee has entered into an Acquisition Agreement with Oppenheimer Development Properties, LLC ("Oppenheimer Development"), a copy of which is attached hereto as Exhibit "A."

3. The Acquisition Agreement requires that the transaction be structured by the establishment of an Oklahoma limited liability company to be owned 97% by Bacone College and 3% by Reed Oppenheimer ("Reed Oppenheimer"). Reed Oppenheimer is a principal of Oppenheimer Development. Reed Oppenheimer will acquire a 3% Member's Interest in Bacone Holding by contributing $162,000 to Bacone Holding. The Acquisition Agreement requires that title to the real estate shall be free and clear of all liens. Trustee will convey into the newly formed LLC the Bacone College tract and the Bacone Personalty, and shall also convey the Bacone College Development tract, in exchange for the 97% Member's Interest of Bacone Holding to Bacone College.

4. The transfer will be pursuant to an Order of this Court authorizing the same pursuant to 11 U.S.C. § 363, subject to higher and better bids. In the event another party outbids Oppenheimer Development, Reed Oppenheimer shall, at Trustee's request, transfer the 3% Member's Interest to the Trustee or his designee, so that Trustee can convey 100% Member's Interest in Bacone Holding to another purchaser, in exchange for

payment by Trustee of the consideration of $162,000 paid by Reed Oppenheimer to acquire the same.

5. The Bacone College Assets are held by the Estate in the Oklahoma limited liability company denominated "Bacone Holding, LLC". The Members of Bacone Holding consist of Bacone College holding 97% Member's Interest and Reed Oppenheimer, individually, holding 3% Member's Interest. The Buyer will acquire a 97% Member's interest in Bacone Holding, which holds the Bacone Assets to be acquired by Purchaser.[1]

6. The Trustee has filed a Motion on October 12, 2026, for an Order of the United States Bankruptcy Court, pursuant to 11 U.S.C. § 721 of authorization to operate a business, including authorization for the United States Chapter 7 Trustee to have expanded operating powers to accept the Oppenheimer Development Acquisition Agreement (a copy of which is appended to, among other matters, the Motion) and for other powers necessary to consummate the transaction (Motion ECF 504). The §721 Motion was served to all creditors and parties in interest in the case on October 12, 2026, as reflected by the Certificate of Mailing filed by the Trustee as document 506. The time for creditors or other parties in interest to object or respond to the §721 Motion expires on November 2, 2026. A hearing on the §721 Motion will take place on November 4, 2026.

7. The Sale. The Trustee seeks an order of the Bankruptcy Court approving the sale and assignment of 97% Member's Interest in Bacone Holding for the sum of Five Million Four Hundred Thousand dollars ($5,400,000) ("Purchase Price"), pursuant to the terms and conditions set forth in the Acquisition Agreement.

---

[1] Reed Oppenheimer will have acquired a 3% Member's interest in the Bacone Assets for the sum of $162,000.

8. The terms and conditions of the proposed sale are:

a. Within two (2) days of the approval of the Sale Motion by the Bankruptcy Court, Oppenheimer shall deliver to the Trustee an earnest money deposit of $200,000. The remaining sums due shall be paid at the time of closing as set forth herein.

b. At Closing, the unpaid balance of the Purchase Price shall be paid to Bacone College.

c. The Trustee shall assign and transfer to Oppenheimer Development, Member's interest representing 97% Member's interest in Bacone Holding, pursuant to Trustee's authority to transfer title. The Trustee shall also convey title to use the name Bacone or Bacone College, or derivatives thereof, by Trustee's Bill of Sale or other acceptable method of assignment which shall contain a representation of Trustee's authority to effect such transfer.

d. The transfer and assignment shall be free and clear of all liens, claims, encumbrances or interests pursuant to 11 U.S.C. § 363(f), including but not limited to the following known interests:

   a. 1) Mortgage lien claim of American Home Baptist Mission Society ("American Baptist")— filed in the records of Muskogee County, Oklahoma, Book 4824, Pg. 583 on October 12, 2022;

   b. Materialman's lien claim and judgment of MHEC, LLC ("MHEC")—filed in the records of Muskogee County, Oklahoma, Book 4855, Pg. 320 on May 26, 2023;

c. Recorded statement of judgment of THESIS AMERICA, INC.—filed in the records of Muskogee County, Oklahoma, Book 4862, Pg. 726 on July 21, 2023;

d. Recorded statement of judgment of Tinker Federal Credit Union— filed in the records of Muskogee County, Oklahoma, Book 4871, Pg. 429 on September 25, 2026;

e. Recorded supplemental statement of judgment of Tinker Federal Credit Union—filed in the records of Muskogee County, Oklahoma, Book 4887, Pg. 587 on January 29, 2024;

f. Recorded statement of judgment of College Tournaments Hawaii, LLC—filed in the records of Muskogee County, Oklahoma, Book 4885, Pg. 209 on January 5, 2024;

g. Recorded statement of judgment of BSN Sports, LLC—filed in the records of Muskogee County, Oklahoma, Book 4890, Pg. 555 on February 20, 2024;

h. Recorded unemployment compensation tax warrant of the State of Oklahoma Employment Security Commission—filed in the records of Muskogee County, Oklahoma, Book 4754, Pg. 212 on July 30, 2021;

i. Such liens, claims, encumbrances and interests identified above will attach to the sale proceeds.

j. The Trustee's contemplated sale shall not modify, destroy, or otherwise disturb any such interests, as they will attach to the sale proceeds.

e. The proposed sale will be subject to the *Bidding Procedures* and a *Termination Fee* as set forth in the §363 Sale Motion. The Bidding Procedures and Termination Fee are set forth in the Trustee's Bidding Procedures Supplement attached hereto as "Exhibit B."

f. The Trustee herein requests a waiver of the 14-day stay pursuant to Fed. R. Bankr. P. 6004(h).

9. **Closing:** In the event no objections to the proposed sale are filed and no competitive bids outbidding Buyer are submitted within the time set forth in the Trustee's Bidding Procedure Supplement[2], the Trustee may complete closing with Oppenheimer. Oppenheimer shall be obligated to close the sale and pay all remaining sums due within five (5) days after the entry of the Court's Order requested herein. In the event Buyer fails to close within that time frame, Buyer shall forfeit its earnest money, and the Trustee shall be free to market the Bacone Assets for sale free of any interest of Buyer.

10. **Competitive Bids**: Pursuant to the terms of the Bidding Procedures, in the event competitive bids are submitted within the time specified, a private auction involving only Buyer and the competitive bidder(s) shall be conducted telephonically on November 18, 2026, at 1:30 pm. In the event a competitive bidder submits the highest bid by the deadline of November 16, as confirmed by the Bankruptcy Court, Reed Oppenheimer will convey the 3% Member's Interest in the Bacone Assets to the Trustee in consideration for payment to Reed Oppenheimer of $162,000, and Reed Oppenheimer shall have no further claim to Member's Interest in Bacone Assets.

[2] The deadline for Qualified Bids is November 16, 2026. *See* Trustee's attached Bidding Procedures Supplement

11. **Termination Fee**: As also set forth in the Bidding Procedures, in the event the sale to a bidder other than Buyer is approved and closes, Buyer shall be entitled to a Termination Fee as approved by the Court to be paid at the time of closing without further notice or court order.

12. **Commission**: There are no commissions due to any party in connection with this transaction.

13. This Agreement is subject to approval by the Bankruptcy Court pursuant to 11 U.S.C. § 363 The sale shall be free and clear of all liens, claims or encumbrances, and shall be binding upon the parties, their personal representatives, successors and assigns.

14. **Breakup Fees, if Higher Bidder is Successful:** Trustee has agreed, as provided in the Bidding Procedures, that if another purchaser acquires the Bacone Assets, in such event Buyer shall be entitled to the benefits of certain break up fee provisions established therein, based upon its investment of funds to pursue this sale as approved by the Bankruptcy Court as the Stalking Horse Bidder.

WHEREFORE, the Trustee prays for an order authorizing the sale of the 97% Member's Interest of Bacone Holding pursuant to the terms and conditions of the Acquisition Agreement set forth in Exhibit "A" attached hereto, free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363, and for a waiver of the 14-day stay pursuant to Fed. Bankr. P. 6004(h)

Respectfully submitted,



Case 24-80487 Doc 524 Filed 10/30/26 Entered 10/30/26 15:12:09 Desc Main
Document Page 8 of 29

TRUSTEE

*_/s/ Alex Sullivan_*

Alex Sullivan, OBA No. 33618
10313 Greenbriar Parkway
Oklahoma City, OK 73159
Telephone: (405) 639-2099
Facsimile: (405) 252-1654
alex@lukehomenlaw.com

*Attorneys for Trustee of Bacone College*

EXHIBIT A

## ACQUISITION AGREEMENT

This Agreement is entered into this ____ day of October, 2026 between Luke Homen, Trustee ("Trustee") appointed in the Chapter 7 Case *In Re: Bacone College* ("Estate"), filed in the United States Bankruptcy Court for the Eastern District of Oklahoma, Case No. 24-80487 ("Bankruptcy Case"), and Oppenheimer Development Properties, LLC an Oklahoma limited liability company, hereinafter referred to as "Buyer" or "Oppenheimer Development," subject to approval of the Bankruptcy Court for the Eastern District of Oklahoma.

## HISTORY OF THE BANKRUPTCY CASE

The Estate is in possession of certain assets of Bacone College, a not-for-profit Oklahoma corporation which filed a Chapter 11 Case in the United States Bankruptcy Court for Eastern District of Oklahoma on June 21, 2024. The Chapter 11 Case was converted to a Chapter 7 Case on May 13, 2025. The Estate is the owner of all interest in the real estate assets commonly known as BACONE COLLEGE at 2299 Old Bacone Road, Muskogee, Oklahoma 74403, including but not limited to the real estate, improvements, fixtures, and personal property located in and on the premises, comprehensively described as follows and referred to as the "Bacone College Tract." The legal description of the Bacone College Tract, which consists of 81.5 acres is described as follows:

Bacone College Tract
PARCEL 510013519
T15N R19E S18 FARMLAND IN MUSKOGEE BEG 3148.82 N &; 41.25 E OF SW/C SEC 18 THENCE 582°3302e 970.36 s1°3714e 1605.41 SOUTHEASTERLY 200ft THENCE SOUTH TO NORTHERLY R.O.W. THENCE EASTERLY ALON GTHE R.O.W. APPOX 500 FT TO SW/C OF MUSKOGEE PUBLIC SCHOOL

PROPERTY, THENCE N3°01'4"E 1589.50 THENCE N88°53'57"E 607.67 TO THE EAST LINE OF SW, THENCE N1590 THENCE S88°17'30"W 854.58, N67°12'25"W 2.31 N6°28'11"E 90.23 N83°12'23"W 39.39 S6°38'55"W 89.91 N82°08'38"W 172.99 S32°04'58"W 149.18 S54°54'54"W 165.20 S31°10'51"W 176.56 N82°48'12"W 1156.80 S1°37'14"E 11.58 TO P.O.B.

The Estate is also the owner of certain art, artifacts, books and personality which is presently being inventoried and catalogued, with the cooperation of Seller, and described as "Bacone College Personalty." A complete Inventory will be completed and filed as a supplement with this Court prior to closing of this transaction.

An entity separate from the Estate but closely connected to it for many years as Bacone College Development Corporation ("Bacone College Development"), an Oklahoma not-for-profit corporation. Bacone College Development is not a debtor before this Court. The Real Estate, largely undeveloped, consists of two adjacent parcels owned by Bacone College Development, which adjoin the Bacone College Tract, described as follow:

<u>Bacone Development Tracts</u>

PARCEL 510050482 – This Parcel consists of 39.45 acres described as:

T15N R19E S18 PART OF W½ W½ BEGINNING AT SW/C N01°3428W 1180.20 N88°2249E 69.99 TO E RIGHT OF WAY HWY 16 BEING NW/C OF OMEGA WAL-MART ADDN &; POINT OF BEGINNING N88°2249E560.03 N01°3714W 204.05 N88°2246E 408.11 N01°3714W 1605.41 TO SRLY BOUNDARY OF ROAD N82°3302W 970.36 TO E RIGHT OF WAY HWY 16 S00°2209e 155.53 S01°3714E 341.01 S04°1803E 209.23 S01°3340E 600 S09°4455W 101.98 S01°3340W 75 S17°1212D 129.81 S01°3340E 213.76 S17°3715W 91.30 S01°3340e ALONG HWY 16 RIGHT OF WAY 56.94 TO POINT OF BEGINNING

PARCEL 510013517 – This Parcel consists of 27.65 acres described as:

T15N R19E S18 FARMLAND IN MUSKOGEE COM 3967.71 N &; 41.25 E OF SW/C SEC 18 THENCE N88°1730E 958.23 TO POB

THENCE N88°1730E 1567.23 S1°3051E 559.20 S88°1730W 854.58 N67°1224W 2.31 N6°2811E 90.23 N83°1223W3939 S6°3855W 89.91 N82°0838W 172.99 S32°0458W 149.18 S54°5454W 165.20 S31°1051W 176.56 N82°4812W 187.11 N1°3714W 357.41 TO POB

These two parcels are hereinafter referred to as the "Bacone Development Tract."

Trustee initiated a Motion for Substantive Consolidation against Bacone College Development. The Trustee's claim has been resolved between Bacone College and Bacone College Development in a manner which provides that Bacone College Development will transfer the Bacone Development Tract to Bacone College as the Trustee directs, which will be subject to a lien of $100,000 against Bacone College in favor of Bacone College Development. The Bankruptcy Court entered its Settlement Order approving a Settlement Agreement on May 4, 2026 (ECF 353).

The Bacone College Tract, the Bacone Development Tract and the Bacone College Personalty are collectively referred to as the "Bacone College Assets."

Pursuant to the Bankruptcy Court Settlement Order, the Bacone Development Tract will be conveyed by Bacone College Development to the Estate in the form and to the entity the Trustee designates. The assets described above as the Bacone College Tract and the Bacone College Personalty, together with all improvements, fixtures and personal property located in or on the premises, expressly excluding the items listed on Exhibit A-1 hereto, are subject to this Agreement and will be transferred by the Estate into a newly formed Oklahoma limited liability company, "Bacone Holding, LLC" ("Bacone Holding"), created by and owned by Bacone College as set forth herein, to hold and convey the Bacone Assets pursuant to this Acquisition Agreement.

**STRUCTURE OF PROPOSED TRANSACTION**

## A General Overview

The Acquisition Agreement contemplates that prior to sale, Bacone Holding will be formed, and title to the Bacone College Tract, the Bacone Development Tract and the Bacone Personalty constituting the Bacone College Assets will be conveyed into Bacone Holding.

In order to address certain issues regarding the transaction, disposition of title and to remove any potential of any asserted rights to reverter or transfer of title, interest or claimed rights or potential blocking position, this transaction described herein will be presented in a Motion for Sale pursuant to 11 U.S.C. § 363 for Court approval by a separate § 363 Motion. To assure that procedures for the performance of the Acquisition Agreement are fully authorized and proper, Trustee will submit to the Court its Trustee's Motion for Order Authorizing Operation of Debtor's Business for Limited Purpose ("Motion for Operating Authority"), seeking authority to conduct this transaction. This Acquisition Agreement will be filed as an Exhibit to the Motion for Operating Authority. The Motion for Operating Authority will address and resolve issues, including issues regarding title to the Bacone Assets.

The Bacone College Assets will be transferred (contributed) by the Estate into Bacone Holding in exchange for ninety-seven units (97%) of the Member's Interest of Bacone Holding issued to the Estate and Reed Oppenheimer ("Reed Oppenheimer"), an individual and principal of Oppenheimer Development Properties, LLC, will contribute to Bacone Holding $162,000 to receive three percent (3%) Member's Interest of Bacone Holding. Reed Oppenheimer will waive any claim, right to vote or control which could otherwise be attributable to the 3% Member's Interest in Bacone Holding. In addition, in the event Buyer is not the ultimate successful bidder

at sale, Reed Oppenheimer will reconvey to the Trustee the 3% Member's Interest for a payment of $162,000, his original purchase price.

This Acquisition Agreement provides for the acquisition, after § 363 sale process is completed, of the ninety-seven percent (97%) Member's Interest owned by the Estate to Buyer in consideration for $5,400,000. The sale of the Bacone Holding Member's Interest owned by the Estate will be conducted pursuant to a § 363 Motion. The proceeds from the sale of the Member's Interest will be received by the Estate in consideration for the ninety-seven percent (97%) Member's Interest held and owned by the Estate, free and clear of all liens, claims, interests and encumbrances and will require a release of any and all claims that may exist against any and all assets owned by Bacone Holding, pursuant to the Motion pursuant to 11 U.S.C. § 363 authorizing the sale.

In order to assure that a competing purchaser of Bacone Holding will have an opportunity to submit a bid for a higher price, a successful Bidder outbidding Buyer will have an opportunity to purchase the Member's Interest of Bacone Holding from the Estate at the sale.

The creation of Bacone Holding and transfer by the Estate of its interest in the Bacone College Assets into Bacone Holding, will occur before the sale hearing and will be effected *before* determination of the successful purchaser by Court Order is determined on a § 363 Motion. Assuming Buyer is the successful purchaser, at Closing, Buyer will acquire from the Estate the 97% Member's Interest in Bacone Holding in consideration of $5,400,000 which will be paid to the Estate in exchange for its transfer of the Estate's 97% Member's Interest in Bacone Holding. Reed Oppenheimer will retain his 3% Member's Interest in Bacone Holding.


Case 24-80487 Doc 524 Filed 10/30/26 Entered 10/30/26 15:12:09 Desc Main Document Page 14 of 29

If another party is the successful bidder, outbidding Buyer, the Estate will convey to the successful bidder the 97% Member's Interest in Bacone Holding, and the 3% Member's Interest previously obtained by Reed Oppenheimer will be reconveyed by Reed Oppenheimer to Bacone College upon a refund of $162,000 paid thereof. An outbidding purchaser will receive 100% Member's Interest in Bacone Holding.

A. Purchase Price. Buyer shall pay the Trustee a Purchase Price of $5,400,000 ("Purchase Price") for the 97% Member's Interest in Bacone Holding, a limited liability company, which shall then become owner of the Bacone College Assets. The Parties recognize that this Agreement is subject to approval of the Bankruptcy Court for the Eastern District of Oklahoma.

B. Assets to be Acquired. At the time of Closing of the Purchase of the ownership of Bacone Holding Member's Interest will be held 97% by the Estate and 3% by Reed Oppenheimer. At Closing, Bacone College will convey its 97% Member's Interest to the Buyer in consideration of the Purchase Price, if Buyer is the successful bidder.

C. There is no financing contingency or requirement related to the Purchase Price to be paid by Buyer.

D. Buyer's offer to Trustee is expressly contingent upon the acquisition of Bacone Holding, as set forth herein, and the purchase and transfer from the Estate of the 97% Member's Interest of Bacone Holding, which shall hold the Bacone Assets and the marketability of title to the Bacone Assets, and title to the Bacone Assets being free of any lien, encumbrance, claim or restriction upon transfer.

## III. THE BACONE COLLEGE ASSETS

The Bacone College Assets are complex and historical in nature, going back to the 1866 Treaty between the United States of America and the Creek Nation and beyond. Potential transfer restrictions have been or may be asserted to exist over the life of the Bacone College Assets since 1866. The historic nature of the Bacone College Tract is being established and preserved by Buyer in conjunction with the United States Department of Interior, National Park Service and the Oklahoma State Historic Preservation Office, as more particularly described below, and these designations will become effective only after the date of transfer of ownership to Buyer of the Member's Interest in Bacone Holding, but such designations will not be placed on the Bacone Assets if Buyer is not the successful Bidder.

A. Bacone College will own 97% of the Member's Interest in Bacone Holding, and Reed Oppenheimer, individually, will own 3% Member's Interest in Bacone Holding. Membership Certificates reflecting such Member's Interest Ownership respectively of Bacone College and Reed Oppenheimer, individually, shall be issued by Bacone Holding to the Members. The Trustee, in association with Buyer, shall prepare the necessary documents to establish Bacone Holding.

7. Buyer will acquire the 97% Member's Interest of Bacone Holding pursuant to the Order Approving Sale to Buyer as provided herein and consistent with the Acquisition Agreement. The Estate shall convey its 97% Member's Interest in Bacone Holding to Buyer or his designee for the Purchase Price ($5,400,000), or alternatively to a higher bidder at the § 363 Sale.

8. All valid liens, claims and encumbrances timely asserted against the Bacone College Estate and/or claims of American Home Baptist Mission Society against

the Bacone Development Tract, except as noted below, shall remain in effect against the Debtor and be asserted against the Purchase Proceeds hereunder.

Bacone College will receive the Purchase Proceeds for the acquisition of the Bacone Holding 97% Member's Interest, which funds will be utilized by the Trustee, after payment of appropriate administrative expense, to pay claims of creditors and interest holders, pursuant to the provisions of the Bankruptcy Code and Plan. The 97% Member's Interest in Bacone Holding, in consideration of the payment of the Purchase Price, will be conveyed by the Trustee to Buyer or its designee, free and clear of all liens, claims, interests or encumbrances. Claims of creditors will attach to the Purchase Proceeds paid to the Estate, and such claims will hold the same priority, validity and extent such existed against the Bacone College Assets. The sole exception and special use of a portion of the Purchase Proceeds, shall be that Bacone College Development Corporation will, by the provisions of the Court Order of May 4, 2026, receive an allowed lien claim in the amount of $100,000 from the Purchase Proceeds in consideration of its release of any interest it may have in the Bacone Development Tract, and as its sole and exclusive claim, remedy and consideration for the transfer to the Estate of the Bacone Development Tract. These funds of $100,000 shall be payable to and will be retained by the Bacone College Development Corporation organization and utilized for its for its charitable or business purposes.

The Transactions herein provided may be depicted as shown below:

## BACONE COLLEGE

Bacone College, a Chapter 7 case, will be the Seller pursuant to the

Bacone College will form Bacone Holding LLC, an Oklahoma limited liability company, and will receive 97% of Member's Interest to Bacone Holding LLC, and 3% Member's Interest will issue to Reed Oppenheimer, individually, for $162,000 contributed to Bacone

Bacone College Development Corporation will convey the Bacone College Development Tract to Bacone Holding, LLC, at the direction of Bacone College, for consideration of $100,000 to Bacone College Development Corporation.

Bacone College will transfer the Bacone College Assets into Bacone Holding, LLC. Its assets will include the Bacone Assets.

If the Oppenheimer Development Properties, LLC, is successful bidder, Bacone College will convey to the Buyer 97% Member's Interest of Bacone Holding LLC. Reed Oppenheimer, individually, will continue to hold 3% Member's Interest of Bacone Holding, LLC.

If another party is the successful buyer by highest Bid, Reed Oppenheimer will convey the 3% Member's Interest to Bacone College or its designee for payment of $162,000 to Reed Oppenheimer. Trustee will transfer the Bacone College Member's Interest directly to the successful purchaser, vesting 100% Member's Interest in

Purchase Proceeds will be paid to Trustee in the aggregate amount of $5,400,000, at Closing. All Creditor claims will attach to Purchase Proceeds. The lien of the American Baptist Home Mission Society of $600,000 will be recognized, with the balance of its claim to be an unsecured claim in the Bacone

## VI. CLAIMS OF CREDITORS

All liens, claims, interest or encumbrances validly asserted by Proof of Claim shall remain a claim, interest or right against Purchase Proceeds but all such claims shall be released as to the Bacone College Assets and Bacone Holding Member's Interest and will be entitled to the same validity and priority against the Purchase Proceeds or against the Bacone College Assets (with the sole exception being the lien of $100,000 claim to the Bacone Development Corporation).

## VII. PROCEDURES UNDERTAKEN TO CONFIRM HISTORICAL SIGNIFICANCE OF PROPERTY

A. Bacone College is a Certified Historic District listed as #14001027 in the National Register of Historic Places by the United States Department of the Interior, National Park Service ("NPS"). This designation is by authority under the National Historic Preservation Act, as amended, and certifies the District meets the standards for registering properties in the National Register of Historic Places and meets the procedural and professional requirements set forth in 36 CFR Part 60.

The Bacone College Historic District includes eleven historic buildings which have been deemed by the NPS as "Contributing Resources." These preliminary designations have been obtained through efforts of Buyer in cooperation with the Trustee, at Buyer's expense. Buyer is engaged in the process of obtaining the certification from the NPS for each of the eleven historic buildings to be deemed as "certified historic structures," with the knowledge, consent and assistance of the Trustee, Luke Homen. Buyer, through professionals, has submitted the Part 1-Evaluation of Significance for eight of the eleven buildings and has received approval by the NPS for all eight buildings which are now qualified as "certified historic structures." If the

Buyer is the successful Buyer at the 363 sale, it will proceed in the process of preparing the Part 1's for the remaining Contributing Buildings and completing certification. If Buyer is not successful, consummation of the designations will not be undertaken.

## VIII. TITLE AND SURVEY

Trustee must demonstrate, assure, establish and convey good and free title to the Bacone College Assets in conjunction with this transaction, including the Bacone College Tract and the Bacone Development Tracts as confirmed by title insurance and title opinions, establishing good title to the Bacone College Assets in Bacone Holding. In addition, an ALTA survey (standard form) of the Bacone College Tract and Bacone Development Tract shall be provided to Buyer, locating improvements and easements in place and reflecting boundaries.

## IX. SECURED AND UNSECURED CLAIMS OF AMERICAN BAPTIST HOME MISSION SOCIETY

American Baptist Home Mission Society ("American Baptist") claims against the Bacone College Tract and the Bacone Development Tract are set forth in its Proof of Claim No. 19 filed on September 5, 2024. Pursuant to the Claim, American Baptist asserts a total claim against the Estate of $797,034, secured by an outstanding Mortgage encumbering the Bacone Development Tract with a principal balance of $600,000. Both Trustee and Buyer and their respective counsel have reviewed the claim and have concluded that American Baptist holds a valid claim against the Bacone Development Tract in such amounts. American Baptist is a philanthropic organization located in Philadelphia, Pennsylvania, and is among the earliest and foremost entities dedicated to support of Native American peoples and their interests. American Baptist was the foundational principal in the organization, development, success and enrichment of Native American interest, in part through the establishment of Bacone College in 1880, and it has


Case 24-80487 Doc 524 Filed 10/30/26 Entered 10/30/26 15:12:09 Desc Main Document Page 20 of 29

continued its support of Bacone College over its historic life. American Baptist's interest has continued to be expressed in furthering such goals. From the Purchase Proceeds paid for the Bacone College Assets, the amount of $600,000 shall be set aside and dedicated to be paid to American Baptist from the Purchase Proceeds in satisfaction of American Baptist's secured claim. This payment from Purchase Proceeds shall be paid to American Baptist upon closing of the sale pursuant to 11 U.S.C. § 363. The balance of the American Baptist claim shall be allowed as an unsecured claim. In exchange for such assured treatment and payment, American Baptist commits to release, upon Closing of this transaction, (a) its Mortgage and (b) will release or assign all rights that it has or may claim, or through which others may or could assert of whatsoever nature any claim in and to the Bacone College Assets, including any claim that American Baptist might have in the Bacone College Assets in the nature of any claim of recovery, equity, reverter, forfeiture or other claim of any nature, including any such claim arising from previous conveyance or other rights it may, or might have in and to the Bacone College Assets, and will execute and deliver such documents as may be necessary to accomplish such release and disclaimer of rights, title or interest, in conjunction with the Closing.

Releases from the American Baptist Home Mission Society and Bacone College relating to claims against Bacone College Assets and disclaimer and waiver of any rights there may be shall be provided in a written recordable documents in conjunction with the sale transaction, releasing the Bacone College Assets, of whatever right, including any rights of recovery or reverter of interest to the Bacone College Assets, in a form reasonably approved by Buyer.

The Trustee and his agents have investigated the possibility that the cemetery located on the Bacone Campus is subject to the Native American Graves Protection and Repatriation Act



Case 24-80487 Doc 524 Filed 10/30/26 Entered 10/30/26 15:12:09 Desc Main Document Page 21 of 29

("NAGPRA") and other issues relating to the cultural preservation of the art, artifacts and other objects of cultural significance. The Trustee has sought the advice of attorneys for the United States Department of Interior, as well as historic tribal preservation officers for the State of Oklahoma and the Muskogee Creek Nation. Based on his investigation, the Trustee does not believe that the transfer of the Bacone Campus implicates any issues relating to NAGPRA. Further, the Trustee has not received any claims or been made aware of any issues relating to NAGRPA or related cultural preservation issues. Nevertheless, out of an abundance of caution, the Trustee will disclaim any attempt to waive, destroy or modify the existing rights of any grantees, heirs, descendants and/or devisees of the individuals buried int eh Bacone Cemetery, and expressly reserves the right of any such grantees, heirs, descendants and/or devisees of those individuals to visit, repair, beautify and/or protect the graves and cemetery grounds. Additionally, a right to ingress and egress form the nearest public road within a reasonable time and manner for these purposes shall not be modified or destroyed by the entry of the requested Order herein.

Buyer will acquire the cemetery and will maintain it and provide access as set forth above.

## XI. TRANSITION OF MATTERS RELATED TO CHAPTER 7 TRUSTEE

A. This Agreement provides that the transaction is subject to the opportunity of other parties to submit an offer for the Bacone Holding Member's Interest in excess of the Purchase Price in this Agreement, through a bidding process to be established by the Court and pursuant to 11 U.S.C. § 363 and in which Oppenheimer Development could elect to increase its offer. Trustee will provide Notice of entry into this Agreement as

may be amended, and seek approval of the Sale pursuant to the provisions of the Bankruptcy Code, including § 363. Such §363 Motion shall establish bidding procedures through an attached Bidding Procedures Supplement.

B. Any remaining Purchase Price amount due from Oppenheimer Development, including any potential increase in Purchase Price as a result of the bidding process, shall be paid to the Estate at the time of Closing.

C. Upon payment of the Purchase Price to the Trustee as provided herein, the Estate will transfer its 97% Member's Interest in Bacone Holding as provided herein. Bacone Holding shall be owner of the Bacone College Assets, and it and the Estate shall be authorized, pursuant to 11 U.S.C. § 363 and the Bankruptcy Court Order approving the sale, to consummate the transaction consistent with this Agreement. The releases from American Baptist to Buyer described in Article IX shall be delivered at Closing.

D. Bankruptcy Court Approval. This Agreement is subject to approval by the Bankruptcy Court pursuant to 11 U.S.C. § 363. The transaction shall be free and clear of all liens, claims, interests or encumbrances, and shall be binding upon all parties, their personal representatives, successors and assigns, with all valid liens, claims, interests and encumbrances attaching to the Purchase Proceeds in accordance with the scope of such claim in accordance with priority rules and statutes of the Bankruptcy Code.

E. Break Up Fee/Bid Protection. Trustee has agreed, as to be proposed in the §363 Sale Motion's Bidding Procedures, to propose reasonable bid procedures to protect Buyer if another purchaser acquires the Bacone Holding Member's Interest, in accordance with

a "breakup fee" to be approved by the Court, to protect Buyer as the Stalking Horse Bidder and maker of the market for these assets.

F. Waiver of 14 Day Stay. The Trustee's §363 Sale Motion will provide that the sale may proceed upon entry of the Order approving the Sale and that the fourteen (14) day stay order will be waived pursuant to Fed. R. Bankr. P. 6004(h). If such Order is entered, Closing shall occur no later than five (5) days after the entry of the order approving sale. In the event the Bankruptcy Court does not waive the fourteen (14) day stay, the successful bidder shall be obligated to close the sale no earlier than fourteen (14) days after the entry of the Order approving the sale, and no later than twenty (20) days after the entry of such order. Payment to the Trustee shall be effected by delivering to the Trustee at the specified address a cashier's check for all sums due.

G. Trustee's Indemnity. Oppenheimer Development shall defend, indemnify and hold Trustee harmless from and against any and all claims, losses, damages, costs, expenses and/or liabilities resulting from the Trustee's creation and performance pursuant to this Agreement in connection with Bacone Holding, to include reasonable fees for legal services and other costs of litigation to which the Trustee may become subject pursuant to, arising out of, occasioned by, incurred in connection with, or in any way associated with this Agreement resulting from Trustee's creation and operation of Bacone Holding. Trustee's indemnity extends to all potential sales, decisions, acts, omissions, agreements and/or filings in the Court which the Trustee may pursue or engage in pursuant to and/or as a result of the creation and operation of Bacone Holding under this Agreement.


Case 24-80487 Doc 524 Filed 10/30/26 Entered 10/30/26 15:12:09 Desc Main Document Page 24 of 29

IN WITNESS WHEREOF, the parties have executed this Asset Purchase Agreement on the date and year first above written.

LUKE HOMEN, Trustee for
BACONE COLLEGE, Debtor

______________________________

OPPENHEIMER DEVELOPMENT PROPERTIES, LLC

By: ______________________________
Reed Oppenheimer, Manager

______________________________
Reed Oppenheimer, Individually



Case 24-80487 Doc 524 Filed 10/30/26 Entered 10/30/26 15:12:09 Desc Main Document Page 25 of 29

## BIDDING PROCEDURES AND TERMINATION FEE

1) **STALKING HORSE BID**—The Trustee will enter into an Acquisition Agreement with Oppenheimer Development Properties, LLC, an Oklahoma Limited Liability Company ("Oppenheimer Development"), or the proposed sale of the Bacone Assets in substantially the form appended to the Motion for Order Authorizing Sale of Substantially All of the Assets of the Estate Outside Normal Course of Business Consisting of Real Estate and Personal Property Free and Clear of Liens, Claims, Encumbrances or Interests Pursuant to 11 U.S.0 § 363(f). In consideration for the acquisition of the Bacone Assets, Oppenheimer Development shall pay the Purchase Price of $5.4 million ("Purchase Price"). The Acquisition Agreement shall be referred to as the "Stalking Horse Bid." Pursuant to the terms of the Acquisition Agreement, Oppenheimer Development shall, within two (2) days of the Entry of the requested Sale Order, provide the Trustee an earnest money check of $200,000 to be held pursuant to the terms and conditions stated herein.

2) **DEADLINE FOR SUBMISSION OF COMPETITIVE BIDS**: Any party wishing to submit a competitive bid must inform the Trustee in writing by the deadline of November 16, 2026, subject to the terms below.

3) Within five (5) days prior to the date for Qualified Bids, the Trustee shall certify that the Bacone Assets have been duly and properly conveyed into Bacone Holding.

4) The Notice of Proposed Sale will provide a deadline to object to the proposed sale to Oppenheimer Development pursuant to the Acquisition Agreement.

5) **NOTICE TO SELL**

   a. The Trustee has filed herein his (i) Motion To Sell Bacone College's 97% Member's Interest in Bacone Holding to Oppenheimer Development pursuant to the Acquisition Agreement free and clear of all liens, claims and encumbrances subject to Bankruptcy Court approval pursuant to 11 U.S.C. § 363(f), and (ii) *Notice of Proposed Sale* pursuant to 11 U.S.C. § 363(b); Fed. R. Bankr. P 2002, 6004, and 9014; and Local Rule 6004-1 to all interested and necessary parties including all creditors of the estate, the U.S. Trustee, the asserted owners of either the above referenced debtor or Bacone College, a debtor in Case No 24-80487 pending in the United States Bankruptcy Court for the Eastern District of Oklahoma, and potential bidders identified by the Trustee, who have expressed an interest in such assets.

   b. A Qualified Bid is a written offer to the Trustee to purchase the specified assets that complies with the following requirements: Qualified Bid must be submitted in writing prior to the deadline by mailing the bid to the Trustee at 10313 Greenbriar Parkway, Oklahoma City, Oklahoma 73159 or by email to the Trustee at trustee@lukehomenlaw.com or by hand delivery of the offer to the Trustee at the specified address.

- A Qualified Bid must constitute a binding and irrevocable offer to purchase the specified assets and shall not be subject to the bidder having to obtain financing.
- A Qualified Bid must be in the amount of $5,650,000, plus an additional sum in the amount of $162,000 if the Qualified Bidder wishes to acquire the 3% Member's Interest in Bacone Holding, which sum the Qualified Bidder must pay to the Trustee, and which the Trustee shall utilize to refund to Reed Oppenheimer the amount Reed Oppenheimer paid to the Trustee in consideration for the sale of the 3% Member's Interest in Bacone Holding, and Reed Oppenheimer shall transfer the 3% Member's Interest to the Trustee upon receipt of such refund, if Oppenheimer Development is not the successful bidder.

- A Qualified Bid must be accompanied by an earnest money deposit in the form of a cashier's check payable to the Trustee totaling $200,000. Such earnest money check shall be deposited and held in the Luke Homen Law, PLLC trust account pending a closing of the sale of the Subject Property pursuant to the terms stated herein.

- A Qualified Bid must not contain any contingencies.

- A Qualified Bid must be accompanied by information sufficient, in the judgment of the Trustee, to evidence the wherewithal of the bidder to close the sale timely in the event the bidder is ultimately successful.

5. **NOTICE OF RECEIPT OF COMPETITIVE BIDS AND AUCTION PROCEDURES**— Within 24 hours after the deadline to submit a Qualified Bid the Trustee shall file herein a **REPORT OF BIDS RECEIVED** and advise the Court and all interested parties of the status of any bids. If no Qualified Bids are received by the specified deadline of November 16, 2026, the Trustee shall be authorized to proceed to close the sale to Oppenheimer Development pursuant to the terms and conditions of the Stalking Horse Bid and the Court's orders entered herein, and Trustee shall immediately submit an Order to the Court approving the sale free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. 363 in the Bacone Holding 97% Member's Interest. If Qualified Bids have been received, an auction involving only Oppenheimer Development and the Qualified Bidders shall take place telephonically on November 18, 2026, at 1:30 pm.

   a. The assets of Bacone Holding will include the Bacone Assets identified herein.

   b. Only Oppenheimer Development and the Qualified Bidder(s) shall be allowed to participate in the bidding.

   c. The starting bid shall be the highest Qualified Bid received by the Trustee which complies with and meets or exceeds the terms set forth herein.

   d. Subsequent bids shall be increased by a minimum of $100,000.

e. After conclusion of the auction, the Trustee shall immediately submit an order to the Court approving the sale of the Bacone Holding 97% Member's Interest free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363, and if a successful Qualified Bidder purchases the 3% Member's Interest of Bacone Holding at the sum required therefore, the Trustee shall transfer the interest in the 3% Member's Interest to the Qualified Bidder in such order as well.

f. Trustee will seek an order determining that the sale may proceed upon entry of the Order approving the sale and that the fourteen (14) day stay order be waived pursuant to Fed. R. Bankr. P. 6004(h). If such Order is entered, Closing shall occur no later than five (5) days after the entry of the order approving sale. In the event the Bankruptcy Court refuses to waive the fourteen (14) day stay, the successful bidder shall be obligated to close the sale no earlier than 14 days after the entry of the order approving the sale and no later than twenty (20) after the entry of such order. Payment to the Trustee shall be effected by delivering to the Trustee at the address specified a cashier's check for all sums due.

g. Upon receipt of such funds, the Trustee shall deliver to the successful bidder a conveyance of the Member's Interest and Bill of Sale conveying all items of Personalty and an exclusive assignment to use the name "Bacone College" or any derivate thereof.

h. The Trustee shall likewise sign and deliver to the successful bidder a Bill of Sale transferring all of the Personalty.

If the successful bidder fails to close within the time specified, he shall forfeit his earnest money deposit, and the Trustee shall be free to close with the second highest bidder without further Notice or Order of the Court. The second highest bidder must close within five (5) days of being advised by the Trustee that the highest bidder failed to close. In the event the next highest bidder fails to close within the time specified, that bidder will likewise lose their earnest money deposit and the Trustee will proceed to close with the third highest bidder pursuant to the same terms and conditions. This procedure will be followed until the Trustee closes the sale. Upon the close of the sale, pursuant to the terms stated herein, all earnest money deposits shall be returned to the unsuccessful bidders.

6. **REFUND TO REED OPPENHEIMER OF FUNDS TO PURCHASE 3% BACONE HOLDING MEMBER'S INTEREST.** In the event that Oppenheimer Development is not the successful bidder, Reed Oppenheimer will convey to the Trustee, or its designee, the 3% Member's Interest in Bacone Holding in consideration of a refund of the sum of $162,000, which is the amount previously paid to Bacone College by Reed Oppenheimer for the acquisition of such interest.

7. **TERMINATION FEE—** if Oppenheimer Development is not in material breach of any provision of the Stalking Horse Bid and the Stalking Horse Bid has not been terminated by Oppenheimer Development and a sale of the specified assets is closed pursuant to the terms and conditions stated herein to a third party higher bidder, the Trustee shall pay Oppenheimer

Development at the closing of the third party sale, without further Notice or Court order, an expense reimbursement of $162,000 (3% of the Acquisition Agreement Purchase Price) together with a reasonable fee as determined by the court to reimburse Oppenheimer Development for expenses incurred in the transportation and storage of Personalty, estimated to be $50,000, which Oppenheimer Development shall have incurred and paid in conjunction with the transporting, inventorying and cataloguing the items of Personalty pursuant to the Acquisition Agreement as approved by the Trustee, and Oppenheimer Development will cause such written inventory to be provided to the Trustee (the "Termination Fee"), and Trustee shall refund to Oppenheimer Development its $200,000 deposit.

Oppenheimer Development has, in the course of preparing for the possible acquisition of the Bacone Assets, expended funds and prepared reports in connection therewith. Such documentation, work and reports, paid for by the funds of Oppenheimer Development, shall remain the property of Oppenheimer Development in the event Oppenheimer Development is not the successful bidder.

***/s/Alex Sullivan***

**Attorney for Trustee Luke Homen**