**Dated: November 19, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Bacone College,** | ) | **Case No. 24-80487** |
| | ) | **Chapter 7** |
| **Debtor.** | ) | |

**ORDER GRANTING AMENDED MOTION FOR ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE OUTSIDE NORMAL COURSE OF BUSINESS CONSISTING OF REAL ESTATE AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES OR INTERESTS PURSUANT TO 11 U.S.C. § 363(f)**

Before the Court is the Trustee's Amended Motion for Order Authorizing Sale of Substantially All of the Assets of the Estate Outside Normal Course of Business Consisting of Real Estate and Personal Property Free and Clear of Liens, Claims, Encumbrances or Interests Pursuant to 11 U.S.C. § 363(f) (the "Motion") consisting of ninety-seven percent (97%) Member's Interest in Bacone Holding, LLC ("Bacone Holding"), pursuant to 11 U.S.C. § 363 filed herein on October 30, 2026 [ECF No. 524]. This comprises all of Trustee's remaining interest in and to Bacone Holding. The Motion was served on all creditors and parties in interest on November 2, 2026, and

the time to object or respond expired on November 14, 2026. The Court therefore finds cause to GRANT the Motion. The Court FINDS as follows:

1. Parties in attendance at the hearing on the Motion included Luke Homen, the appointed and servicing Chapter 7 Trustee of Bacone College in this Case, the Bidder, Oppenheimer Development Properties, LLC ("ODP"), an Oklahoma limited liability company, and Reed Oppenheimer, an individual, through their counsel, McDonald Law, PLLC by Gary M. McDonald, MHEC, LLC, a secured creditor represented by its counsel, Crowe & Dunlevy by Mark Craige, the American Home Baptist Mission Society ("American Baptist") represented by their counsel, Ryan Scharnell of Lehman Ratliff, Carter and Clark P.C. Other persons attended the hearing but were not identified, including Robin Mayes.

2. Alicia Nevaquaya filed an objection, but did not attend the hearing.

3. This Court previously entered an Order Granting Trustee's Motion for Order Authorizing Operation of Debtor's Business for a Limited Purpose, entered on November 5, 2026 [ECF No. 551] ("Order Authorizing Operation"), pursuant to which the Court granted authorized the Trustee to enter into a tendered written Acquisition Agreement on behalf of Bacone College with ODP, and with Reed Oppenheimer, an individual, for the sale of the properties and assets hereinafter referred to as the "Bacone College Assets," and to take necessary actions to present such Acquisition Agreement to this Court for approval, in accordance with its terms. The proposed Acquisition Agreement was appended to the Motion as an exhibit. Trustee's presentation of this Motion is consistent with the provisions and authority of the Order Authorizing Operation and, based upon the evidence presented to the Court, such Motion is properly before this Court, and the Trustee has acted in compliance with the terms of the Order Authorizing Operation.

4. Robin Mayes filed a Notice of Pending Federal District Court Litigation (Action Pursuant to 5 U.S.C. § 706(1) Regarding 1882 Restricted Trust Covenants) [ECF No. 567] on November 17, 2026. The Court has received no orders arising therefrom, and is proceeding with this hearing as scheduled.

5. The Motion provides the mechanism for sale of the Bacone College Assets, subject to the opportunity of third parties, pursuant to the terms of the Motion to submit to the Trustee a competing offer to purchase the Bacone College Assets and established November 16, 2026, as the deadline to do so. Based upon the Trustee's testimony, no competing offer was submitted to the Trustee, and the Court finds that no such competing offer was submitted by any pleadings in this Case. Accordingly, the Court finds that no competing offer being properly and timely submitted, that the Trustee is authorized to proceed with the Motion to approve the sale to ODP pursuant to the terms of the Acquisition Agreement, and for the Court to consider the same, and that procedures established for consideration of a competing bid are not applicable.

6. The Motion, based upon the testimony and evidence presented at the hearing, should be approved by this Court as having complied with the provisions of 11 U.S.C. § 363(f) for sale, free and clear of all liens, encumbrances, claims or interest therein of any party with all such liens, claims, encumbrances or interest to attach to the Purchase Price sale proceeds of $5,400,000, including the following:

- Mortgage lien claim of American Home Baptist Mission Society filed in the records of Muskogee County, Oklahoma, Book 4824, Pg. 583 on October 12, 2022;
- Materialman's lien claim and judgment of MHEC, LLC ("MHEC") filed in the records of Muskogee County, Oklahoma, Book 4855, Pg. 320 on May 26, 2023;

- Recorded statement of judgment of THESIS AMERICA, INC. filed in the records of Muskogee County, Oklahoma, Book 4862, Pg. 726 on July 21, 2023;
- Recorded statement of judgment of Tinker Federal Credit Union filed in the records of Muskogee County, Oklahoma, Book 4871, Pg. 429 on September 25, 2026;
- Recorded supplemental statement of judgment of Tinker Federal Credit Union filed in the records of Muskogee County, Oklahoma, Book 4887, Pg. 587 on January 29, 2024;
- Recorded statement of judgment of College Tournaments Hawaii, LLC, filed in the records of Muskogee County, Oklahoma, Book 4885, Pg. 209 on January 5, 2024;
- Recorded statement of judgment of BSN Sports, LLC, filed in the records of Muskogee County, Oklahoma, Book 4890, Pg. 555 on February 20, 2024;
- Recorded unemployment compensation tax warrant of the State of Oklahoma Employment Security Commission filed in the records of Muskogee County, Oklahoma, Book 4754, Pg. 212 on July 30, 2021.

Such liens, claims, encumbrances and interests identified above will attach to the Purchase Price sale proceeds. The Trustee's contemplated sale shall not modify, destroy or otherwise disturb any such interests, as they will attach to the Purchase Price sale proceeds, to the extent validity and priority such claims hold.

7. The Trustee's testified that the Acquisition Agreement has been entered into between the Trustee and ODP and that earnest money in the amount of $200,000 was paid by ODP to Bacone College to the Trustee and that all conditions set forth in the Motion and the Acquisition Agreement have been fully performed by ODP.

8. The Acquisition Agreement provides for creation of an entity, Bacone Holding, LLC ("Bacone Holding"), to act as the entity created expressly for the purpose of receiving the

Bacone College Assets, and for consummation of the sale transaction for the Estate. Bacone Holding is an Oklahoma limited liability company created by the Trustee into which the Bacone College Assets as described in the Order Authorizing Operation will be conveyed. Bacone College will receive a 97% Member's Interest in Bacone Holding. In addition, pursuant to the Acquisition Agreement, Reed Oppenheimer, an individual affiliated with ODP, has contributed $162,000 to purchase a 3% interest in Bacone Holding. This payment to be submitted to Bacone Holding. The Trustee should be authorized to transfer the Bacone College Assets into Bacone Holding and Bacone Holding will transfer the Bacone College Assets, conveyed into Bacone Holding, upon payment to Luke Homen, Trustee of the Bankruptcy Estate of Bacone College of total consideration of $5,400,000 ("Purchase Price"), less credit for earnest money.

9. The transfer by Bacone Holding shall convey 97% Member's Interest to ODP in consideration of the payment of the Purchase Price. Reed Oppenheimer, individually, will continue to hold a 3% Member's Interest in Bacone Holding and thus, upon transfer of the 97% Member's Interest of Bacone Holding, shall become the owner of 100% Member's Interest.

10. The creation of Bacone Holding and use and conveyance of the Bacone College Assets is proper and appropriate under the Acquisition Agreement and will be an effective means to consummate the sale of the Bacone College Assets for the benefit of Debtor.

11. The Bacone Real Estate Assets have been described as follows. The basis for such legal descriptions is taken from the current records of the Muskogee County Assessor which identifies the Bacone Realty as follows:

> PARCEL 510013519
>
> T15N R19E S18 FARMLAND IN MUSKOGEE BEG 3148.82 N &; 41.25 E OF SW/C SEC 18 THENCE 582°3302e 970.36 s1°3714e 1605.41 SOUTHEASTERLY 200ft THENCE SOUTH TO NORTHERLY R.O.W. THENCE EASTERLY ALON GTHE R.O.W.



Case 24-80487 Doc 570 Filed 11/19/26 Entered 11/19/26 16:24:54 Desc Main Document Page 5 of 10

APPOX 500 FT TO SW/C OF MUSKOGEE PUBLIC SCHOOL PROPERTY, THENCE N3°01’4”E 1589.50 THENCE N88°53’57”E 607.67 TO THE EAST LINE OF SW, THENCE N1590 THENCE S88°17’30”W 854.58, N67°12’25”W 2.31 N6°28’11”E 90.23 N83°12’23”W 39.39 S6°38’55”W 89.91 N82°08’38”W 172.99 S32°04’58”W 149.18 S54°54’54”W 165.20 S31°10’51”W 176.56 N82°48’12”W 1156.80 S1°37’14”E 11.58 TO P.O.B.

and commonly known as “Bacone College”;

Real Estate more particularly described as “Bacone College Development Corporation:

PARCEL 510050482 – This Parcel consists of 39.45 acres described as:

T15N R19E S18 PART OF W½ W½ BEGINNING AT SW/C N01°3428W 1180.20 N88°2249E 69.99 TO E RIGHT OF WAY HWY 16 BEING NW/C OF OMEGA WAL-MART ADDN &; POINT OF BEGINNING N88°2249E560.03 N01°3714W 204.05 N88°2246E 408.11 N01°3714W 1605.41 TO SRLY BOUNDARY OF ROAD N82°3302W 970.36 TO E RIGHT OF WAY HWY 16 S00°2209e 155.53 S01°3714E 341.01 S04°1803E 209.23 S01°3340E 600 S09°4455W 101.98 S01°3340W 75 S17°1212D 129.81 S01°3340E 213.76 S17°3715W 91.30 S01°3340e ALONG HWY 16 RIGHT OF WAY 56.94 TO POINT OF BEGINNING

PARCEL 510013517 – This Parcel consists of 27.65 acres described as:

T15N R19E S18 FARMLAND IN MUSKOGEE COM 3967.71 N &; 41.25 E OF SW/C SEC 18 THENCE N88°1730E 958.23 TO POB THENCE N88°1730E 1567.23 S1°3051E 559.20 S88°1730W 854.58 N67°1224W 2.31 N6°2811E 90.23 N83°1223W3939 S6°3855W 89.91 N82°0838W 172.99 S32°0458W 149.18 S54°5454W 165.20 S31°1051W 176.56 N82°4812W 187.11 N1°3714W 357.41 TO POB

12. Trustee and ODP have advised the Court that a survey of the above-described that property is being prepared by White Survey of Tulsa, Oklahoma, to assure completeness and accuracy of the legal description. It has not yet been completed. Trustee and ODP have requested authority to substitute the legal description provided by the survey for the previous legal description based upon assessor records, provided that a certificate of the surveyor shall be filed

in this Case establishing that the substituted legal description which describes the Bacone Realty is based upon the actual on-ground survey of the Bacone Realty.

13. On November 9, 2026, the Trustee filed an Inventory of personal property to be conveyed to ODP ("Personalty") [ECF No. 559], which was supplemented by a filing of ECF No. 565, dated November 16, 2026. The assets of Personalty set forth therein are authorized to be conveyed to ODP, provided, however, that one item described as a 32" by 22" oil painting by Doc Tate Nevaquaya, entitled "Flute Lady," will be excluded from the sale and conveyed by the Trustee to Alicia Nevaquaya, a member of the artist's family. The Personalty will be conveyed by Bill of Sale and will include the right to use the name Bacone, Bacone College or derivatives thereof.

14. The Trustee testified that certain items of Personalty believed to be owned by Bacone College were not located among the Personalty of Bacone College and are believed to have been removed. These items relate to certain Kachina Dolls and paintings. Trustee has made demand for return of Personalty from a gallery in which they are believed to be held and in the Bill of Sale transferring the Estate the missing Personalty will be described and included.

15. No objection to the Motion has been timely interposed except for that certain objection filed by Alicia Nevaquaya [ECF No. 566] on November 16, 2026. Creditors MHEC and American Baptist filed pleadings in support of the Trustee's sale, and its counsel reiterated their support at the hearing. No objection was interposed by the Muskogee "Creek" Nation.

16. Ms. Nevaquaya did not appear at the hearing. The Trustee and ODP addressed the asserted Nevaquaya Objection, and presented evidence in the form of certified copies of conveyance documents approved by the United States Secretary of Interior authorizing the transfer of the Bacone Real Estate to American Baptist and from American Baptist to Bacone College and finds that such transfer, including the authority of *In re Garrett v. American Baptist Home Mission*

*Society*, dated July 11, 1911, 116 P.921 (Oklahoma 1911) related to the Bacone Real Estate which confirmed the validity and effect of the transfer of the property from the Creek interest to American Baptist now subject to this Motion. The Court also received testimony concerning efforts undertaken by ODP, with permission of the Trustee, under the National Historical Preservation Act to obtain listing of certain significant buildings onto the National Historic Registry. The Objection of Alicia Nevaquaya is overruled.

17. The Bacone College Assets conveyed hereunder include a small cemetery. Nothing contained in this Order establishes or releases any provisions governing such cemetery and Buyer shall comply with all provisions governing the maintenance and care of the sale and provide reasonable access to those wishing to visit a grave site, upon reasonable notice.

18. Oppenheimer shall be obligated to close the sale and pay all remaining sums due within five (5) days after the entry of the Court's Order waiving the stay, or as extended by the Parties, to effect transfer matters, Title Opinion and survey, provided that Title Policy shall be available showing clear title. In the event Buyer fails to close within that time frame, as extended, Buyer shall forfeit its earnest money, and the Trustee shall be free to market the Bacone Assets for sale free of any interest of Buyer.

19. Good cause exists for waiving the 14-day stay pursuant to Fed. R. Bankr. P. 6004(h).

20. The Court reserves the right to further supplement this finding as necessary or useful.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, based upon the Finding of Facts set forth herein, announced at the hearing or hereinafter issued to supplement the same, that

1. The provisions of 11 U.S.C. § 363(f) have been satisfied, such that the Motion should be and is hereby granted;

2. The Trustee is authorized to consummate the sale as set forth in the Acquisition Agreement and to perform same in exchange for of the Purchase Price of $5,400,000, less credit for earnest money deposit, at Closing, and to convey the Bacone College Assets, as provided in the Acquisition Agreement.

3. The sale shall be free and clear of all liens, claims, encumbrances and interests as against the Bacone College Assets, with any such lien, claim, encumbrance or interest attaching to the Purchase Price sale proceeds to the same extent, validity and priority of such liens, claims encumbrances or interests.

4. The Court will authorize the substitution of a legal description prepared by an actual survey, for the legal description herein provided, which describes the same land, upon a filing establishing certification by the surveyor that the surveyor's description described the same property identified herein.

5. The 14-day stay of the sale is hereby waived pursuant to Fed. R. Bankr. P. 6004(h).

6. The Court reserves the right to supplement its Conclusions of Law as the Court may deem appropriate.

IT IS SO ORDERED.

Movant shall notify all interested parties of this Order.

# # #

JOINTLY PREPARED AND SUBMITTED BY:

*/s/ Luke Homen*
Luke Homen, OBA No. 32243
10313 Greenbriar Parkway
Oklahoma City, OK 73159
Telephone: (405) 639-2099
Facsimile: (405) 252-1654
luke@lukehomenlaw.com
*Trustee of Bacone College*

*/s/ Gary M. McDonald*
Gary M. McDonald, OBA No. 5960
MCDONALD LAW, PLLC
15 West 6th Street, Suite 2606
Tulsa, OK 74119
Telephone: (918) 430-3700
Facsimile: (918) 430-3770
gmcdonald@mcdonaldpllc.com
*Attorneys for Oppenheimer Development Properties, LLC & Reed Oppenheimer*